XAVIER BECERRA
Attorney General of California
THOMAS PATTERSON
Senior Assistant Attorney General
MICHAEL NEWMAN
SATOSHI YANAI
Supervising Deputies Attorney General
CHRISTINE CHUANG
ANTHONY HAKL
LEE I. SHERMAN
Deputy Attorneys General
State Bar No. 272271
  300 S. Spring Street
  Los Angeles, CA  90013
  Telephone:  (213) 269-6404
  Fax:  (213) 897-7605
  E-mail:  Lee.Sherman@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE UNITED STATES OF AMERICA,** | Case No.  18-cv-490-JAM-KJN |
| Plaintiff, | **DEFENDANTS' PROPOSED BRIEFING SCHEDULE** |
| v. | |
| **THE STATE OF CALIFORNIA; EDMUND GERALD BROWN JR., Governor of California, in his Official Capacity, and XAVIER BECERRA, in his official capacity as Attorney General of the State of California,** | |
| Defendants. | |

1

1    Because the parties were unable to reach an agreement on scheduling, Defendants

2   respectfully submit this Statement in response to the Court's March 7, 2018 Minute Order, ECF

3   No. 7, requesting the parties stipulate to a briefing schedule.  Plaintiff's lawsuit seeks to define

4   the parameters of the federal government's immigration powers as they relate to the State's

5   constitutional power to enact and enforce laws concerning public safety.  This precise issue is

6   currently the subject of the State of California's litigation against the federal government in the

7   Northern District of California.  Accordingly, Defendants intend to file a motion to transfer this

8   matter to the Northern District next week, so that it can be heard with the related case there.  To

9   that end, Defendants propose a briefing schedule below for their motion to transfer, with a

10   hearing date of April 5 so that the Court can rule on the transfer issue quickly and in advance of

11   any hearing on the preliminary injunction motion.  Courts often decide "threshold issues" such as

12   venue before reaching the merits.  *See, e.g., Hastings v. Triumph Prop. Mgmt. Corp.*, No. 15-cv-

13   312, 2015 WL 9008758, at *1 (S.D. Cal. Dec. 15, 2015); *Cohen v. Versatile Studio, Inc.* No. 13-

14   cv-4121, 2013 WL 12130019, at *3 (C.D. Cal. Nov. 15, 2013) ("[T]he Court finds that Defendant

15   has presented a strong case for transferring this action, and thus it is in the interest of judicial

16   economy, as contemplated by § 1404(a), to decide the issue of venue first.").

17    With regard to the motion for preliminary injunction, which includes four declarations

18   comprising 78 pages of exhibits, Defendants anticipate needing to conduct targeted, expedited

19   discovery.  Thus, Defendants propose that while the motion to transfer is pending, the parties be

20   directed to meet and confer regarding the targeted discovery that Defendants will need to oppose

21   the motion for preliminary injunction, including the scope of discovery and whether any

22   discovery disputes exist.  If the motion to transfer is denied, the parties can then propose, and the

23   Court can approve, an appropriate briefing and hearing schedule for the motion for preliminary

24   injunction.

25    However, if the Court is inclined to set a briefing schedule, Defendants propose that they

26   receive 60 days to respond to the motion for preliminary injunction, Plaintiff receives 30 days to

27

28

Defendants' Proposed Briefing Schedule  (18-cv-490-JAM-KJN)

1    file its reply, and a hearing date be scheduled shortly thereafter.  While Plaintiff may argue that

2    time is of the essence, their delay in filing this action suggests otherwise.[1]

3    **PROPOSED SCHEDULE ON MOTION TO TRANSFER**

4        "For the convenience of parties and witnesses, in the interest of justice, a district court may

5    transfer any civil action to any district or division where it might have been brought[.]"  28 U.S.C.

6    § 1404(a).  Section 1404(a)'s purpose is "to prevent the waste of time, energy and money" and

7    "to protect litigants, witnesses and the public against unnecessary inconvenience and

8    expense[.]"  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotations

9    omitted).

10       One day before Plaintiff filed this action, the Honorable William H. Orrick issued an order

11   on the State of California's motion for preliminary injunction in a related case in the Northern

12   District of California regarding the federal government's interpretation of 8 U.S.C. § 1373

13   ("Section 1373").  *See, e.g.*, ECF No. 1, ¶ 65, ECF No. 2-1 at 25, 27-28.  While Judge Orrick

14   denied the State's motion, he did not characterize the State's likelihood of success on its claims,

15   and ruled in large part because the record was not complete as to the federal government's

16   interpretation of Section 1373.  *See California v. Sessions*, No. 17-cv-4701, slip op. at 2, 26, 28

17   (N.D. Cal. Mar. 5, 2018).  In the order, Judge Orrick recognized that, "[a]t some later date, this

18   case may help define the contours of the State's broad constitutional police powers under the

19   Tenth Amendment and the federal government's 'broad, undoubted power over the subject of

20   immigration and the status of aliens.'"  *Id.* at 1 (citing to *Arizona v. United States*, 567 U.S. 387,

21   394 (2012)).  In fact, the California Values Act's ("SB 54") compliance with Section 1373, which

22   is the subject of Plaintiff's third cause of action, is the same exact issue that has been already

23   briefed, and considered, in the Northern District of California case.  Defendants' motion to

24   transfer will be brought on the grounds that in light of the significant overlap in issues and parties

25

26

27   [1] The state statutes that Plaintiff seeks to enjoin were all enacted at least five months ago.  *See* Cal. Lab. Code §§ 90.2 and 1019.2 (both chaptered on Oct. 5, 2017); Cal. Gov't Code §§ 7284.6, 7285.1 and 7285.2 (all chaptered on Oct. 5, 2017); Cal. Gov't Code § 12532 (chaptered on June

28   27, 2017).

1  between the two cases, transfer to the Northern District of California is appropriate in the interest

2  of justice and to promote judicial economy.

3       Defendants propose the following shortened schedule on the motion for transfer so that the

4  Court can hear the motion in an expedited manner:

5     • March 13, 2018 – Defendants file motion to transfer

6     • March 20, 2018 – Plaintiff files response to motion to transfer

7     • March 27, 2018 – Defendants file reply brief in support of motion to transfer

8     • April 5, 2018 – Hearing on motion to transfer

9  Counsel for Defendants conferred with counsel for Plaintiff Erez Reuveni and Lauren Bingham

10  on March 9, 2018, and Defendants offered to discuss a briefing schedule that would result in an

11  April 5 hearing date.  Plaintiff rejected this proposal.

12  **DEFENDANTS ARE ASSESSING AND ANTICIPATING THE NEED FOR EXPEDITED DISCOVERY TO**

13  **OPPOSE THE MOTION FOR PRELIMINARY INJUNCTION**

14       Courts may order early discovery if a party shows "good cause."  *Trulite Glass &*

15  *Aluminum Sols., LLC v. Smith*, 2016 WL 8738432, at *1 (E.D. Cal. Aug. 10, 2016) (Mendez, J.)

16  (citing Fed. R. Civ. P. 26(d); *First Time Videos, LLC v. Doe*, 2012 WL 1355725, at *2 (E.D. Cal.

17  Apr. 18, 2012)).  As this Court has noted, "courts frequently find good cause for expedited

18  discovery in . . . cases where a preliminary injunction is pending."  *Id.* (citing *Apple Inc. v.*

19  *Samsung Elecs. Co., Ltd.*, 2011 WL 1938154, at *2 (N.D. Cal. May 18, 2011); *see also* Advisory

20  Committee Notes to the 1993 amendments to Rule 26(d) (discovery before the Rule 26(f)

21  conference "will be appropriate in some cases, such as those involving requests for a preliminary

22  injunction . . . .").  Courts also express this standard as a "reasonableness" inquiry.  *See, e.g.*, *Am.*

23  *LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009) (quoting *Merrill Lynch,*

24  *Pierce, Fenner & Smith v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000)).

25       Here, should Defendants move for targeted, expedited discovery, as anticipated, Defendants

26  will easily meet this more "liberal" good cause/reasonableness standard.  *See* 6 *Moore's Federal*

27  *Practice* § 26.121[2] (3d ed.)  Plaintiff relies on several declarations in support of their motion for

28  preliminary injunction, and these contain allegations on which Defendants will likely require

1    discovery to effectively respond to the motion.  For example, in an attempt to show irreparable

2    harm caused by the laws at issue, ICE Deputy Director Thomas Homan cites to events that

3    allegedly took place *before* the effective date of those laws.  *See, e.g.,* ECF No. 2-1 at 33 & Ex. A

4    ¶¶ 38 (discussing arrest that took place in September 2017); 44a-e, 45a-d (discussing alleged

5    refusals by entities that are not parties to this lawsuit to "honor" detainer requests from Plaintiff

6    dating back to 2015); 74 (discussing alleged failures of "cooperation" by entities that are not

7    parties to this lawsuit in 2017); 91 (alleging increases in number of assaults on ICE officers and

8    contractors by individuals who are not parties to this lawsuit from 2015-2017).  Defendants

9    require discovery to discern how these events, which allegedly took place before the complained-

10   of statutes were even in effect, could possibly be germane to the question of whether the Court

11   should issue a preliminary injunction.

12        Moreover, additional time may be needed to resolve any discovery disputes.  Thus, on the

13   March 9, 2018 telephone call with counsel for Plaintiff, counsel for Defendants suggested

14   meeting and conferring while the forthcoming motion to transfer is pending about the scope of

15   discovery, whether any discovery disputes may exist, and whether either of those issues should

16   inform the timing of the preliminary injunction proceedings.  Plaintiff was not willing to discuss

17   issues regarding discovery during that telephone conference.

18   **PROPOSED SCHEDULE FOR THE MOTION FOR PRELIMINARY INJUNCTION**

19        Defendants do not believe Plaintiff's proposed schedule adequately allows time for the

20   motion to transfer to be briefed and for discovery necessary to oppose the motion for preliminary

21   injunction, particularly because of the complexity of the issues involved in this case.  Although

22   Defendants believe, for the reasons discussed above, that setting a schedule for the motion for

23   preliminary injunction is premature, if the Court is inclined to set a schedule for the motion for

24   preliminary injunction at this time, Defendants propose the below as a reasonable schedule,

25   subject to change in the case of any discovery dispute:

26        • April 30, 2018 –deadline for any amicus filings in support of Plaintiff

27        • May 7, 2018 – deadline for Defendants' opposition to the motion for preliminary injunction

28        • May 30, 2018 – deadline for any amicus filings in support of Defendants

1    • June 6, 2018 – deadline for Plaintiff's reply in support of the motion for preliminary

2         injunction

3    • June 20 or 27, 2018, or another date convenient to the Court – oral argument

4         The laws Plaintiff seeks to challenge at this late date were enacted, at minimum, more than

5    five months ago.  Therefore, Plaintiff will hardly be prejudiced if the Court rejects the attempt to

6    rush to any hearing on the preliminary injunction motion.

7    CONCLUSION

8         Defendants request that a schedule for the motion for preliminary injunction be deferred

9    until after a decision is made on Defendants' forthcoming motion to transfer and the parties are

10   able to meet and confer about discovery.  In the alternative, Defendants requests that the Court

11   adopt the schedule proposed above.

12

13   Dated:  March 9, 2018                           Respectfully submitted,

14                                                   XAVIER BECERRA
                                                     Attorney General of California
15                                                   THOMAS PATTERSON
                                                     Senior Assistant Attorney General
16                                                   MICHAEL NEWMAN
                                                     SATOSHI YANAI
17                                                   Supervising Deputies Attorneys General
                                                     CHRISTINE CHUANG
18                                                   ANTHONY HAKL
                                                     Deputy Attorneys General
19

20                                                       /s/Lee I. Sherman
21                                                   LEE I. SHERMAN
                                                     Deputy Attorney General
22                                                   Attorneys for Defendants

23

24

25

26

27

28

Defendants' Proposed Briefing Schedule  (18-cv-490-JAM-KJN)