CHAD A. READLER
Acting Assistant Attorney General
MCGREGOR SCOTT
United States Attorney
AUGUST FLENTJE
Special Counsel
WILLIAM C. PEACHEY
Director
EREZ REUVENI
Assistant Director, Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel. (202) 307-4293
Erez.R.Reuveni@usdoj.gov
DAVID SHELLEDY
Civil Chief, Assistant United States Attorney
LAUREN C. BINGHAM
JOSEPH A. DARROW
JOSHUA S. PRESS
Trial Attorneys
*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br>　　v.<br><br>THE STATE OF CALIFORNIA; EDMUND GERALD BROWN JR., Governor of California, in his Official Capacity; and XAVIER BECERRA, Attorney General of California, in his Official Capacity,<br><br>　　　　Defendants. | No. 18-cv-246<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT ON SCHEDULING** |

　　Plaintiff submits this response to Defendants' proposed briefing schedule (ECF 14) in which, rather than simply address a schedule for the Preliminary Injunction motion filed by the

Plaintiff's Response to Defendants' Scheduling Statement    1

United States (ECF 2), Defendants have proposed various strategies to delay briefing on the motion and consideration of it by this Court. In the meantime, the United States will suffer continuing irreparable injury—including the release of unlawfully present aliens who have engaged in criminal conduct onto the streets of California, the risks to the public and Department of Homeland Security (DHS) officials in conducting at large apprehensions of these aliens, the threats of coercive penalties imposed on businesses lawfully cooperating with federal immigration enforcement, and the ongoing State interference with lawful federal immigration detention in the State. *See* ECF 2-1 at 31-39.

First, it is remarkable that the State of California would seek to delay this matter primarily so that it can avoid litigating in its State capital. There is no basis to seriously entertain this request that the case be transferred—and under no circumstances is the sort of significant delay California requests in addressing a motion for preliminary injunction warranted on this basis. The events leading to this litigation were the enactment of the three unusual and novel laws by state government bodies that reside in this district, and now the execution of those harmful laws by State Defendants—the Governor and the Attorney General—both of whom reside in this district. California's wish to defend these challenges in another federal judicial district in San Francisco, where the State capital is not located and where the official Defendants do not reside, makes no sense. Thus, the Court should enter the schedule requested by the United States and not delay resolution of the United States' Motion for Preliminary Injunction based on the possibility that California may at some point in the future file a meritless motion to transfer.

There is no cognizable reason to transfer this case as related to litigation brought in another district by the State of California raising different claims regarding California's qualification for Department of Justice grants upon which discretionary conditions were placed

seeking various types of cooperation in immigration enforcement. That case is about the Attorney General's authority to issue law enforcement grants and the limits on that authority. This case is about whether three California laws violate the Supremacy Clause. Any overlap between the cases is minimal, and limited to just certain arguments concerning one of the three laws challenged here. Indeed, this Court's Chief Judge has already determined that another case filed in this district—which involved a Supremacy Clause challenge to one of the three statutes challenged by the United States here—is not related to this litigation. ECF 12. *A fortiori* a case filed by California addressing the issuance of federal law enforcement grants is not related to this Supremacy Clause challenge brought by the United States.

Finally, California's assertion that discovery may be warranted prior to this Court's resolution of the pending motion for preliminary injunction is without merit based on the present record. The United States therefore respectfully submits that the Court should adopt its proposed schedule as outlined in its statement filed on March 9, 2018. *See* ECF 10.

----------

**1.** Defendants' propose that the Court enter a briefing schedule that extends briefing well into June, 2018, and sets a hearing date no earlier than June 20, 2018, over *one hundred days* from the date the United States filed its motion, and nearly six months after the January 1 effective date of SB 54 and AB 450. This is not an appropriate schedule for a Court to review a motion for preliminary injunctive relief where a party has come before it with a serious showing of irreparable injury. "The function and purpose of a preliminary injunction is to prevent irreparable injury pending an ultimate determination of the action," *Marine Cooks & Stewards, AFL v. Panama S. S. Co.*, 268 F.2d 935, 935 (9th Cir. 1959), and "to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451

Plaintiff's Response to Defendants' Scheduling Statement     3

U.S. 390, 395 (1981); *Fid. & Guar. Life Ins. Co. v. Chiang*, No. 2:14-CV-01837 JAM, 2014 WL 6090559, at *10 (E.D. Cal. Nov. 13, 2014) (Mendez, J.). Indeed, Congress has expressly instructed that courts "shall expedite the consideration of . . . any action for temporary or preliminary injunctive relief." 28 U.S.C. § 1657(a).

The United States continues to suffer ongoing, concrete, and irreparable harm every day that passes without resolution of the pending motion. *See* ECF 2-1 at 32-39. As we explained in our motion, criminal aliens are being released at large by California law enforcement officers, requiring federal officers to risk their safety—and the safety of the public—to conduct at large apprehensions. *Id.* Lawful businesses in California face a risk of steep civil penalties and ongoing threats by the Attorney General aimed at chilling cooperation with federal law enforcement. *Id.* And California is interfering with the operation of immigration detention facilities in the State, including continuing threats regarding State access to those facilities. *Id.*

Without timely resolution of the pending motion, those harms will continue to compound. *See, e.g.*, *Thermogenesis Corp. v. Origen Biomedical, Inc.*, No. 2:13-CV-02619-MCE, 2014 WL 4930678, at *3 (E.D. Cal. Sept. 29, 2014) (noting, that once harm is shown, there is a "need for speedy action to protect the plaintiffs' rights"). And contrary to Defendants' assertion that time is not of the essence because the laws Plaintiff challenges were enacted at various times in late 2017 (ECF 14 at 2), SB 54 and AB 450 went into effect only on January 1, 2018, and the enforcement threats of the State regarding those laws and AB 103 are ongoing and increasing. *See* ECF 1 ¶ 47. More importantly, as the Ninth Circuit has explained, it is "prudent rather than dilatory" to build a strong case for preliminary relief before filing suit. *Arc of California v. Douglas*, 757 F.3d 975, 991 (9th Cir. 2014); *see also Puente Arizona v. Arpaio*, 76 F. Supp. 3d 833, 860 (D. Ariz. 2015) (finding *six-year* delay in filing lawsuit seeking invalidate state action

under the Supremacy Clause did not mitigate ongoing, irreparable harm that arose during that time). And that harm cannot be abated by the delay of some *100 days* that Defendants propose. There is thus no sound reason for such a long delay in preliminary consideration of the harms identified by the United States and the legal flaws in the three unusual laws that recently went into effect in California.

**2.** There is also no basis to delay consideration of the preliminary injunction motion based on the possibility that California will move to transfer this case to be heard in San Francisco. If anything, that request by California to avoid litigating in this Court—located in the State's capital city—should be promptly rejected by this Court.

The possibility that California may seek to transfer venue *away* from its capital is particularly perplexing given that "venue is proper inasmuch as Sacramento is the seat of government for the State of California, Cal. Gov't Code § 450 and because the named defendants are being sued in their official capacities as constitutional officers of the State of California, Cal. Gov't Code § 1060." *H. J. Justin & Sons, Inc. v. Brown*, 519 F. Supp. 1383, 1385 (E.D. Cal. 1981), *aff'd in part, rev'd in part sub nom. H.J. Justin & Sons, Inc. v. Deukmejian*, 702 F.2d 758 (9th Cir. 1983). Those named Defendants—Governor Brown and Attorney General Becerra—can hardly argue that it is more convenient for them and their employees to travel some 90 miles to San Francisco rather than walk a few city blocks to this courthouse for proceedings. There is thus unlikely to be any plausible argument for transfer in these circumstances, and the possibility that Defendants may file such a motion should not delay resolution of Plaintiff's motion for preliminary injunction.

California asserts that they might have a viable transfer theory because they filed suit against the Attorney General in a case they claim is similar. *See Becerra v. Sessions*, No. 17-CV-

04701 (N.D. Cal. 2018). But the cases are not related in the legal sense. *Becerra* concerns the issuance of Department of Justice grants, and whether California may qualify for them under federal law for while pursuing various sanctuary state policies (including SB 54 and several other state laws that are not at issue here). *See Id.*, Amended Complaint, ¶ 1 (challenging possibility that Department of Justice will "withhold $28.3 million in law enforcement funding to California and its political subdivisions pursuant to the Edward Byrne Memorial Justice Assistance Grant ("JAG") program"). In particular, California alleges that grant conditions imposed by the Department of Justice in administering a grant program are invalid under various statutory and constitutional provisions—including the Administrative Procedure Act and the Spending Clause. The Supremacy Clause is not the basis for any claim or a defense in that case.

This case, on the other hand, does not concern Justice Department grants at all, but instead whether three California laws are invalid under the Supremacy Clause. Only one of the three California laws being challenged here overlaps with the laws at issue in the *Becerra* case—SB 54—and there the law is at issue in the context of whether that law precludes California from qualifying for a Justice Department grant based that has been conditioned on compliance with 8 U.S.C. § 1373 a condition for receiving the grant. Moreover, in *Becerra*, California asks the Court to hold that it qualifies for a Justice Department grant even though it enacted *seven* laws addressing law enforcement information sharing—among them SB 54.[1] Importantly, the United States has not challenged six of those laws here, but it is challenging two other California laws—AB 450 and AB 103—that have no relevance to the other litigation. The claims are largely distinct and not related in the legal sense.

---

[1] In *Becerra*, the Attorney General argues that California's challenges to all *seven* of these laws is not justiciable. *See* Motion to Dismiss, ECF 77, at 19-24, *Becerra v. Sessions*, No. 17-CV-04701 (N.D. Cal. 2018).

Given the lack of any overlapping claims between this case and *Becerra*, the possibility that Defendants might file a motion to transfer venue should not delay resolution of the motion for preliminary injunction. Absent any meaningful overlap in the underlying claims in *Becerra* and this case, it is difficult to see how 28 U.S.C. 1404(a)'s purpose of "prevent[ing] the waste of time, energy and money" and "protect[ing] litigants, witnesses and the public against unnecessary inconvenience and expense," *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964), will be served. Such a motion would be particularly inappropriate here, given that "the court affords plaintiff's choice of forum great weight," especially where "the operative facts have [] occurred within the forum and the forum has [an] interest in the parties or subject matter." *DeFazio v. Hollister Employee Share Ownership Tr.*, 406 F. Supp. 2d 1085, 1088 (E.D. Cal. 2005) (citing *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) *cert. denied*, 485 U.S. 993 (1988). That is clearly the case here, given that the United States challenges the constitutionality of three California laws conceived, debated, promulgated, and signed into law *in this district* and enforced *from this district* in buildings less than a mile from this courthouse.

**3.** That Defendants believe they *may* move for discovery related to the motion for preliminary injunction also presents no reason for delaying resolution of the pending motion for preliminary injunction. "Generally, Federal Rule of Civil Procedure 26(d) provides that discovery shall not commence until *after* the conference required by Rule 26(f)." *TGI Friday's Inc. v. Stripes Restaurants, Inc.*, No. 1:15-CV-00592-AWI, 2015 WL 2341991, at *2 (E.D. Cal. May 13, 2015) (emphasis added). "[E]xpedited discovery is not automatically granted merely because a party seeks a preliminary injunction." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (collecting cases). Rather, "a showing of good cause" must be made. *TGI Friday's*, 2015 WL 2341991, at *2 (citing *Am. LegalNet*, 673 F. Supp. 2d at 1066).

And generally such discovery is afforded to the *plaintiff*—not the defendant—where necessary to demonstrate irreparable harm. *See, e.g.*, *id.* (collecting cases); *Matson & Isom Tech. Consulting v. Dell Inc.*, No. CIV S-08-0683 MCEEFB, 2008 WL 3863447, at *2 (E.D. Cal. Aug. 19, 2008) (similar); *cf. TGI Friday's*, 2015 WL 2341991, at *2 (E.D. Cal. May 13, 2015) ("the lack of discovery in this action is more prejudicial to Plaintiff than Defendants, since Plaintiff carries the burden of proof on its motion").

It is for this reason that even if a showing of good cause is made the movant must demonstrate "an adequate showing that [the movant] will be irreparably harmed by delaying the broad-based discovery requested until after the initial conference between the parties pursuant to Rule 26." *Am. LegalNet*, 673 F. Supp. 2d at 1066 (collecting cases); *ForceX, Inc. v. Tech. Fusion*, LLC, No. 4:11-cv-88, 2011 WL 2560110, at *4-5 (E.D. Va. June 27, 2011) (courts assess "whether the requesting party has shown a likelihood of irreparable harm without access to expedited discovery"); *Lewis v. Alamance Cnty. Dep't of Soc. Servs.*, No. 1:15-cv-298, 2015 WL 2124211, at *1 (M.D.N.C. May 6, 2015). Indeed, "discovery is not necessary for Defendants to get fair notice of the evidence Plaintiff will be relying on in support of its motion. Plaintiff's evidence was submitted with the motion." *TGI Friday's*, 2015 WL 2341991, at *2. And even if such a showing is made, such discovery requests must be "narrowly tailored to obtain information relevant to a preliminary injunction determination." *Am. LegalNet*, 673 F. Supp. 2d at 1066 (collecting cases).

With these standards in mind, Defendants are unlikely to make any plausible showing they are entitled to any discovery at this stage of proceedings. Defendants assert a single basis for discovery in their proposed schedule: that because one of Plaintiff's declarants, Thomas Homan, discusses in part "events that allegedly took place before the effective date of [AB 450,

AB 103, and SB 54]," Defendants "require discovery to discern how these events, . . . could possibly be germane to the question of whether the Court should issue a preliminary injunction." ECF 14 at 5. But that is hardly an argument for discovery. Rather, it appears to be a legal argument as to the relevance of portions of Mr. Homan's declaration, which requires no discovery at all, and therefore provides no basis for Defendants' requested delay.[2] Should Defendants in fact demonstrate good cause for limited, relevant, and proportional discovery necessary for resolution of the pending motion, and that they will be irreparably harmed in this motion without access to this discovery, Plaintiff is more than willing to confer with Defendants at that time. But the Court should not assume a colorable claim for "expedited discovery on speculation alone." *Kava Holdings, LLC v. Rubin*, No. 216CV06955PSGGJSX, 2016 WL 6652706, at *3 (C.D. Cal. Nov. 10, 2016). There is thus no colorable reason to delay resolution of the pending motion for injunctive relief given the clear showing by the United States of ongoing, concrete, irreparable harm to its interests. *See TGI Friday's*, 2015 WL 2341991, at *2 ("The Court will not delay resolution of Plaintiffs motion when Defendants fail to articulate exactly what they would be looking for during discovery and how it is relevant to the motion" and where "Defendants' request for expedited discovery appears to be based on the speculative hope that their requests uncover something that may be relevant to the motion for preliminary injunction.").

For these reasons, the United States requests that this Court order the parties to complete briefing of the pending motion for preliminary injunction and enter the briefing schedule proposed in its filing. *See* ECF 10.

---

[2] Mr. Homan's declaration addresses many issues, including events that both precede and post-date the effective date of the challenged laws in this case, in order to provide an overarching survey of the impacts of these laws on the United States and an overview of how immigration enforcement works generally. *See* ECF 2-2.

//

//

DATED: March 12, 2018

CHAD A. READLER
Acting Assistant Attorney General

MCGREGOR SCOTT
United States Attorney

AUGUST FLENTJE
Special Counsel

WILLIAM C. PEACHEY
Director

/s/ *Erez Reuveni*
EREZ REUVENI
Assistant Director
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 307-4293
Fax: (202) 616-8202
E-mail: Erez.R.Reuveni@usdoj.gov

DAVID SHELLEDY
Civil Chief, Assistant United States Attorney

LAUREN C. BINGHAM
JOSEPH A. DARROW
JOSHUA S. PRESS
Trial Attorneys

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2018, I electronically transmitted the attached document to the Clerk's Office using the U.S. District Court for the Eastern District of California's Electronic Document Filing System (ECF) which will serve a copy of this document on all counsel of record.

/s/ *Erez Reuveni*
EREZ REUVENI
Assistant Director