UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:18-cv-0490-JAM-KJN |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Presently pending before the court is defendant State of California's ("California") request to conduct expedited discovery in connection with plaintiff United States of America's ("United States") pending motion for a preliminary injunction. On March 19, 2018, the parties filed a joint letter brief setting forth their positions and arguments with respect to the need for expedited discovery. (ECF No. 22.) On March 21, 2018, the court also conducted a hearing at which it entertained oral argument from the parties.[1] At the hearing, attorneys August Flentje, Lauren Bingham, and David Shelledy appeared on behalf of the United States, and attorneys Lee Sherman and Anthony Hakl appeared on behalf of California.

---

[1] At the hearing, both parties represented that it was appropriate for the court to address the issue of expedited discovery regardless of the pending motion to transfer the action to the Northern District of California.

1

Federal Rule of Civil Procedure 26(d) permits a court to authorize early discovery by order. Fed. R. Civ. P. 26(d)(1). In the Ninth Circuit, courts have traditionally applied a "good cause" standard to determine whether expedited discovery should be permitted. Trulite Glass & Aluminum Solutions, LLC v. Smith, 2016 WL 8738432, at *1 (E.D. Cal. Aug. 10, 2016) (citing First Time Videos, LLC v. Doe, 2012 WL 1355725, at *2 (E.D. Cal. Apr. 18, 2012)); see also Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002). "Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." First Time Videos, LLC, 2012 WL 1355725, at *2 (internal quotation marks omitted). "Additionally, courts frequently find good cause for expedited discovery in…cases where a preliminary injunction is pending." Trulite Glass & Aluminum Solutions, LLC, 2016 WL 8738432, at *1 (citing Apple Inc. v. Samsung Elecs. Co., 2011 WL 1938154, at *2 (N.D. Cal. May 18, 2011)).

After carefully considering the parties' joint letter brief and oral arguments, and for the reasons stated on the record at the hearing, the court finds that good cause exists to permit California to conduct limited and targeted expedited discovery in connection with the United States' pending motion for a preliminary injunction, as outlined in this order. Accordingly, IT IS HEREBY ORDERED that:

1. California's request for expedited discovery is GRANTED IN PART and DENIED IN PART.
2. California may depose Thomas D. Homan (Deputy Director and Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement) and Todd Hoffman (Executive Director, Admissibility and Passenger Programs, Office of Field Operations, U.S. Customs and Border Protection) on the terms outlined below.
3. The United States shall produce each deponent for a deposition at a Department of Justice Building in Washington, D.C. on mutually agreeable dates no later than April 13, 2018, unless otherwise agreed to by the parties. The parties shall promptly advise the undersigned's courtroom deputy clerk once the deposition dates/times have been

determined.

4. Each deposition shall be limited to four (4) hours of questioning by California, although the court expects the parties to make reasonable and appropriate accommodations, if necessary. Additionally, the United States may, but need not, also elect to question the deponents at their depositions, with logistical notice provided to California in advance of the depositions.

5. The depositions shall focus on and target <u>alleged specific facts of irreparable injury</u>, as opposed to generalized arguments and statements, outlined in the declarations of Mr. Homan and Mr. Hoffman, including, but not expressly limited to, those related to topics 3, 4, 7, 11, and 14 identified in footnote 6 of the joint letter brief, and topics 3, 5, and 6 outlined in footnote 8 of the joint letter brief. (<u>See</u> ECF No. 22.)

6. The deponents shall produce at their depositions any documents on which they relied to allege specific facts of irreparable injury outlined in their declarations. No later than March 23, 2018, at 12:00 p.m. Pacific Time, California shall provide to the United States a list of paragraphs in the deponents' declarations containing alleged specific facts of irreparable injury for which existing supportive documents should be produced at the depositions.

7. If the parties anticipate the need of a protective order to facilitate the production of documents and deposition testimony, they shall submit an appropriate proposed stipulated protective order for the court's consideration and approval as soon as possible.

8. Any request for expedited discovery beyond the parameters of this order is DENIED.

IT IS SO ORDERED.

Dated: March 22, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3