UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | No.  2:18-cv-490-JAM-KJN<br><br>**ORDER DENYING DEFENDANTS' MOTION TO TRANSFER** |

The United States filed this action on March 6, 2018, ECF No. 1, and Defendants' request to transfer the suit to the Northern District of California ("NDCA") quickly followed, ECF No. 18.[1]  Defendants seek to litigate this case in the NDCA where a lawsuit concerning one arguably similar issue and similar parties is already pending.  Defendants' First Request for Judicial Notice ("RFJN"), ECF No. 19, Exh. A.  Plaintiff opposes Defendants' motion.  ECF No. 25.  For the reasons set forth below, Defendants' motion is DENIED.

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).

1

I.   OPINION

A.   Legal Standard

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.  28 U.S.C. § 1404(a).  The United States does not dispute that this action might have been brought in the NDCA.  The Court agrees: because the laws in question apply throughout the state of California, this case might have been brought in any of its districts.  See 28. U.S.C. § 1391(b) ("A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]").

The law governing transfer motions instructs district courts to consider a number of factors related to both "convenience" and the "interests of justice" in determining whether to transfer the case. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).  These factors include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498–499 (9th Cir. 2000).  District courts have broad discretion to weigh these factors on an individualized, case-by-case basis.  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).  The pendency of an

action in another district is an important consideration, as is the feasibility of subsequent consolidation. <u>A. J. Indus., Inc. v. U.S. Dist. Ct. for C. D. of Cal.</u>, 503 F.2d 384, 389 (9th Cir. 1974); <u>Am. Canine Found. v. Sun</u>, No. CIV. S-06-654 LKK DAD, 2006 WL 2092614, at *3 (E.D. Cal. July 27, 2006).

    B.   <u>Convenience to the Parties and Witnesses</u>

Because the weight of Defendants' motion rests on the "interests of justice," the Court will address the factors related to convenience only briefly.[2]

The convenience factors do not heavily favor or disfavor transfer. The Eastern District of California ("EDCA") is the United States' choice of forum and this choice weighs against transfer. However, the challenged laws apply to and affect the entirety of the state, the evidence appears to be readily accessible from either forum, and, should the case be transferred, there will be little additional burden on the United States' witnesses and counsel in terms of travel and expense. The fact that ICE's San Francisco ERO Field Office is located in the Northern District, <u>see</u> Homan Decl., ECF No. 2-2, ¶ 21, counterbalances any weight this Court might afford to the EDCA's ties to the legislative process.

In sum, the Court finds the convenience factors are not

---

[2] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the court records attached to Defendants' Requests for Judicial Notice, ECF Nos. 19-1, 30-1. <u>See</u> <u>Harris v. Cty. of Orange</u>, 682 F.3d 1126, 1132 (9th Cir. 2012). The Court also takes notice of the United States District Courts' Judicial Caseload Profile data, the accuracy and authenticity of which Plaintiff does not dispute. <u>See</u> <u>Daniels-Hall v. Nat'l Educ. Ass'n</u>, 629 F.3d 992, 999 (9th Cir. 2010).

determinative and that the United States' choice of forum tilts the scale against transfer.

### C. Interests of Justice

If the interests of justice favor transfer, the United States' choice may still be uprooted. See Am. Canine Found., 2006 WL 2092614, at *3 ("The interests of justice can be decisive even if witness and party convenience weigh against transfer."). "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that [§] 1404(a) was designed to prevent." Cont'l Grain Co. v. The FBL-585, 364 U.S. 19, 26 (1960). "Moreover, such a situation is conducive to a race of diligence among litigants for a trial in the District Court each prefers." Id.

This lawsuit and the pending NDCA case, State ex rel. Becerra v. Sessions ("Becerra"), both involve the relationship between the California Values Act ("SB 54") and 8 U.S.C. § 1373 ("Section 1373"). The factual and procedural backgrounds of the two cases are familiar to the parties; the Court will briefly summarize the relevant portions of the two cases here:

In Becerra, California challenges a condition the United States Department of Justice (USDOJ) placed on JAG awards requiring recipient jurisdictions to comply with Section 1373. RFJN, Exh. B, ¶ 5.[3] The same condition has been placed on the Community Oriented Policing Services ("COPS") grant. Id.

---

[3] The State also challenges two additional conditions placed on JAG recipients, one requiring notice of the scheduled release of certain individuals and one requiring access to local detention facilities ("notice and access conditions"). Id. at ¶ 6.

4

1  California is concerned it will be denied access to these grants
2  because the USDOJ will find that the TRUST Act (Cal. Gov. Code
3  § 7282 *et seq.*), the TRUTH Act (Cal. Gov. Code § 7283 *et seq.*),
4  SB 54 (Cal. Gov. Code § 7284 *et seq.* and other amendments), and
5  California's Shield Confidentiality Statutes (Cal. Penal Code
6  §§ 422.93, 679.10, 679.11; Cal. Welf. & Inst. Code § 831; Cal. C.
7  Civ. P. § 155) violate Section 1373. Id. at ¶ 10.  California
8  alleges the Section 1373 condition on the JAG awards violates the
9  Spending Clause and the Administrative Procedure Act. Id. at
10 ¶¶ 127–144. California seeks a judicial declaration that SB 54
11 and the other statutes comply with Section 1373 as properly
12 interpreted and construed. Id. at ¶ 152.  Alternatively,
13 California seeks a declaration that Section 1373 cannot be
14 constitutionally enforced against those acts under the Tenth
15 Amendment of the U.S. Constitution. Id. at ¶ 153.

16      In this lawsuit, the United States challenges three recently
17 enacted state laws. Complaint, ECF No. 1. The first cause of
18 action challenges changes made to the California Government Code
19 and California Labor Code by Assembly Bill 450 ("AB 450"), the
20 Immigrant Worker Protection Act, which, *inter alia*, allegedly
21 restricts employer cooperation with immigration enforcement. Id.
22 at ¶¶ 27–35, 61. The second cause of action challenges a new
23 section of the California Government Code (Section 12532, added
24 by AB 103) that provides for state review of county, local, or
25 private locked detention facilities being used to house or detain
26 noncitizens for civil immigration proceedings in California. Id.
27 at ¶¶ 36–49, 63. In its third cause of action, the United States
28 claims that several subsections amended by SB 54 violate the

Supremacy Clause and Section 1373. Id. at ¶¶ 50-59, 65. It seeks a judgment declaring that each of these contested code sections violate the Supremacy Clause—and are therefore invalid— and a preliminary and permanent injunction that prohibits California from enforcing these new laws. Id. at 17-18 (Prayer for Relief).

Becerra and the case at bar have obvious differences. Becerra concerns USDOJ grant conditions that implicate the Spending Clause and the APA, which are not at issue in this litigation. That case may primarily turn on whether the USDOJ exceeded its authority or acted arbitrarily and capriciously in imposing the Section 1373 condition on funding. The defendants in that lawsuit are Attorney General Sessions, Acting Assistant Attorney General Alan R. Hanson, and the United States Department of Justice. Plaintiff here is the United States. Apart from SB 54, there are also distinct laws at issue in each case: Becerra also concerns the TRUST Act, TRUTH Act, and California Shield Confidentiality Statutes; this case concerns AB 450 (specifically Cal. Gov. Code Sections 7285.1 and 7285.2, and Cal. Labor Code Sections 90.2 and 1019.2) and AB 103 (Cal. Gov. Code 12532). Additionally, the Becerra suit challenges notice and access conditions placed on the JAG awards.

There is one important similarity between the lawsuits. Both lawsuits implicate the potential conflict between SB 54 and Section 1373. Because the United States has taken the position that SB 54 violates Section 1373, this Court will likely be called upon to interpret that Section. Defendants will undoubtedly raise Tenth Amendment defenses in this litigation.

See Mot. at 9 ("[T]his matter, at its core, involves the same fundamental legal issue as [Becerra] v. Sessions: 'the contours of the State's broad constitutional police powers under the Tenth Amendment and the federal government's broad, undoubted power over the subject of immigration and the status of aliens.'") (quoting the Preliminary Injunction Order, RFJN, Exh. E).  And despite the United States' and its attorneys' efforts to separate the issues in Becerra from the Tenth Amendment, see Opp. at 11 ("These questions are entirely distinct from . . . the defenses that California might raise under the Tenth Amendment, which are not implicated in Spending Clause cases."); Pl. Exh. A, ECF No. 25-1, at 12 ("With respect to the 1373 provision, as a matter of law the governing analysis here is the Spending Clause line of cases; not the Tenth Amendment line of cases."), Judge Orrick has clearly homed in on the Tenth Amendment as a central issue in that case, see State ex rel. Becerra v. Sessions, No. 17-cv-04701-WHO, 2018 WL 1156774 (N.D. Cal. 2018) (Preliminary Injunction Order).  Furthermore, even if the JAG conditions are resolved by challenges under the Spending Clause or the APA, the declaratory relief claim related to the Section 1373 condition on the COPS grant remains in play.  It appears likely that Judge Orrick, at some point, may need to reach the more direct challenges to an interpretation of Section 1373 that conflicts with California law.  The recently issued Preliminary Injunction Order in Becerra certainly bears this out.  See Becerra, 2018 WL 1156774, at *14–16.

    Although the cases have this one important issue in common, the Court nevertheless finds that Defendants have not adequately

7

demonstrated that the interests of justice warrant transfer.  The thrust of this lawsuit concerns the Supremacy Clause, which has not arisen in the Becerra case.  Apart from the potential conflict between SB 54 and Section 1373, the lawsuits present distinct legal questions, statutes, and factual circumstances to review and resolve.  Given these differences, the actual savings on time, energy, and resources for the district courts and the parties appears minimal.  The administrative and logistical challenges that accompany transfer would likely be more burdensome than any marginal gains in efficiency.  This Court has already devoted time and resources to this case, which would need to be replicated in the NDCA following transfer.  Finally, while feasibility of consolidation is not necessary to warrant transfer, the Court notes that such post-transfer consolidation could prove difficult given the distinct posture of each case.

Defendants' remaining concerns are also insufficient to warrant transfer.  Although the EDCA's weighted caseload is greater than that of the NDCA, both districts have figures that exceed the national average.[4]  And the median times from filing to disposition do not significantly differ between the two districts.  Moreover, the EDCA remains among the nation's most efficient courts in terminations of actions-923 cases per judgeship.  Indeed, few districts can match the efficiency of the EDCA in resolving lawsuits despite the obvious need for

---

[4] Nationally, the average number of weighted filings per judgeship is 489.  The number in the Northern District is 556 and in the Eastern District is 764.  See U.S. District Court – Judicial Caseload Profile, available at http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2017.pdf.

1  additional judgeships.
2     The Court is also not persuaded that the possibility of
3  inconsistent judgments warrants transfer.  In the instant case,
4  the United States seeks, in part, a judicial declaration that
5  Sections 7284.6(a)(1)(C) & (D) and 7283.6(a)(4)—three subsections
6  amended by SB 54—of the California Government Code violate the
7  Supremacy Clause and seeks a preliminary and permanent injunction
8  prohibiting Defendants from enforcing these provisions.
9  Complaint at 17-18.  In Becerra, California seeks a declaration
10 that SB 54 complies with Section 1373 and thus should not be a
11 basis for withholding and terminating federal funding.  RFJN,
12 Exh. B, at ¶ 152.  Alternatively, California seeks a declaration
13 that Section 1373 cannot be constitutionally enforced against SB
14 54 under the Tenth Amendment, and should not be a basis for
15 withholding and terminating federal funding.  Id. at ¶ 153.
16 There is a possibility—though it depends upon contingencies in
17 each case—that this Court could reach a determination that
18 conflicts with Judge Orrick's findings and conclusions in some
19 future motion.  But, given the relief sought, the Court does not
20 see how such circumstances would impose conflicting obligations
21 on the State.  It may result in a disputed legal question—and an
22 important one at that—but such a question may be appropriately
23 resolved by an appeal to the Ninth Circuit.  Conflicting findings
24 at the trial court level are sometimes a part of the judicial
25 process. This does not, however, justify concentrating multiple
26 cases of considerable magnitude and distinct legal issues before
27 one district judge with an already overloaded caseload.
28     All of these factors require this Court to conclude that

9

Defendants have not shown the interests of justice overcome the United States' forum choice.  Due to the noted differences between the claims, parties, and subject matter of each case, the Court further finds the "first-to-file" rule does not apply to this action.  As a matter of law, this case should, and will, remain in the Eastern District of California.

## II.   ORDER

For the reasons set forth above, the Court DENIES Defendants' Motion to Transfer.

IT IS SO ORDERED.

Dated:   March 29, 2018

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE