Vladimir F. Kozina, SBN 95422
MAYALL HURLEY, P.C.
2453 Grand Canal Blvd.
Stockton, CA 95207
Tel. (209) 477-3833
Email: vkozina@mayallaw.com

Jay Alan Sekulow*
Stuart J. Roth*
Jordan Sekulow*
AMERICAN CENTER FOR LAW AND JUSTICE
201 Maryland Avenue, NE
Washington, DC 20002
Tel. (202) 546-8890

Edward L. White III*
Erik M. Zimmerman*
Geoffrey R. Surtees*
AMERICAN CENTER FOR LAW AND JUSTICE
3001 Plymouth Rd., Ste. 203
Ann Arbor, MI 48105
Tel. (734) 680-8007

\* Not admitted in this jurisdiction

*Counsel for Amicus Curiae ACLJ*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 2:18-cv-490-JAM-KJN |
| Plaintiff, | ) |
| vs. | ) *Amicus Curiae* Brief of the American Center for Law and Justice in Support of Plaintiff's Motion for a Preliminary Injunction |
| STATE OF CALIFORNIA, *et al.*, | ) |
| Defendants. | ) Honorable John A. Mendez |

*Amicus Curiae* Brief of the ACLJ Supporting Pl.'s Mot. for Prelim. Injunction – 2:18-CV-490-JAM-KJN

## INTRODUCTION

The United States seeks to enjoin the enforcement of certain provisions of California law enacted through Assembly Bill 450, Assembly Bill 103, and Senate Bill 54. *Amicus* will focus on AB 450,[1] which obstructs the implementation of federal immigration law. The federal government's motion for a preliminary injunction should be granted in full.

## STATEMENT OF INTEREST

*Amicus*, the American Center for Law and Justice ("ACLJ"), is an organization dedicated to the defense of constitutional liberties secured by law. Counsel for the ACLJ have presented oral argument, represented parties, and submitted *amicus curiae* briefs before the Supreme Court of the United States and other courts around the country in cases involving issues of constitutional law and immigration law. *See, e.g.*, *Trump v. Hawaii*, No. 17-965 (U.S. 2018); *Trump v. Int'l Refugee Assistance Project*, 137 S. Ct. 2080 (2017); *United States v. Texas*, 136 S. Ct. 2271 (2016); *Pleasant Grove City v. Summum*, 555 U.S. 460 (2009); *FEC v. Wis. Right to Life*, 551 U.S. 449 (2007); *McConnell v. FEC*, 540 U.S. 93 (2003); *Lamb's Chapel v. Ctr. Moriches Union Free Sch. Dist.*, 508 U.S. 384 (1993); *Bd. of Educ. v. Mergens*, 496 U.S. 226 (1990); *Washington v. Trump*, 847 F.3d 1151 (9th Cir. 2017).

The ACLJ has long advocated for robust protection of national and border security and has fought to ensure government compliance with the Constitution. This brief is supported by more than 65,000 individuals who have joined the ACLJ's committee opposed to state actions that violate the Constitution. The ACLJ submits this *amicus curiae* brief in support of Plaintiff's motion for a preliminary injunction. No party opposed the granting of the motion for leave to file this brief.

---

[1] AB 450 added Sections 7285.1 and 7285.2 to the California Government Code and Sections 90.2 and 1019.2 to the California Labor Code.

## SUMMARY OF THE ARGUMENT

AB 450 violates the Supremacy Clause because it is an obstacle to the enforcement of federal immigration law. AB 450 imposes warrant and subpoena requirements upon federal immigration enforcement agents that are contrary to federal law, which permits voluntary consent. Where, as here, a state law restricts or eliminates discretionary choices that federal law gives to entities or individuals, the state law violates the Supremacy Clause. AB 450 also interferes with an immigration agent's ability to locate illegal aliens because it requires employers to give their employees notice of any upcoming inspections, which will cause any employee who is in this country illegally to flee before the inspection occurs. Additionally, AB 450 interferes with federal law enforcement efforts because it prevents employers from re-verifying their employee records to determine whether an employee is an alien who may not be legally employed in this country.

## ARGUMENT

The United States correctly notes that California has enacted its new laws "with the express goal of interfering with 'an expected increase in federal immigration enforcement actions,' California Committee on the Judiciary Report (Assembly), Apr. 22, 2017, at 1, and shielding the 'more than 2.6 million undocumented immigrant[s]' residing in California from any 'increase in workplace immigration enforcement.' California Committee on the Judiciary Report (Senate), July 10, 2017, at 1." Dkt. Entry 2-1, at ECF Page # 11.[2]

As the Supreme Court has explained, "[t]he Supremacy Clause provides a clear rule that federal law 'shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any state to the Contrary notwithstanding.'" *Arizona v. United States*, 567 U.S. 387, 399 (2012) (quoting U.S. Const., Art. VI, cl. 2). "Under this principle, Congress has the power to pre-empt state law." *Id.* State law is pre-empted where "'compliance with both federal and state regulations is a physical impossibility,' and . . . where the

---

[2] The Committee Reports are available at http://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=201720180AB450.

challenged state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Id.* (citations omitted). Where a state law is inconsistent with federal law, or curtails or interferes with the enforcement of federal law, federal law is obstructed and the Supremacy Clause violated. *Geier v. Am. Honda Motor Co.*, 529 U.S. 861, 873 (2000).

It is well established that the federal government "has broad, undoubted power over the subject of immigration and the status of aliens." *Arizona*, 567 U.S. at 394 (citing *Toll v. Moreno*, 458 U.S. 1, 10 (1982)). In *Hines v. Davidowitz*, 312 U.S. 52 (1941), the Supreme Court stated:

> That the supremacy of the national power in the general field of foreign affairs, including power over immigration, naturalization and deportation, is made clear by the Constitution, was pointed out by the authors of The Federalist in 1787, and has since been given continuous recognition by this Court. . . .
>
> [T]he regulation of aliens is so intimately blended and intertwined with responsibilities of the national government that where it acts, and the state also acts on the same subject, "the act of Congress, or the treaty, is supreme; and the law of the State, though enacted in the exercise of powers not controverted, must yield to it." . . . Our primary function is to determine whether, under the circumstances of this particular case, Pennsylvania's law *stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress*. And in that determination, it is of importance that this legislation is in a field which affects international relations, the one aspect of our government that from the first has been most generally conceded imperatively to demand broad national authority. Any concurrent state power that may exist *is restricted to the narrowest of limits*. . . .

*Id.* at 62, 66-68 (emphases added).

Moreover, the Supreme Court has held that a public university policy denying instate tuition status to G-4 aliens violated the Supremacy Clause because it frustrated the federal government's policy of permitting G-4 aliens to establish domicile and receive special tax privileges. *Toll*, 458 U.S. at 10, 14-17. The Court stated, "[o]ur cases have long recognized the preeminent role of the Federal Government with respect to the regulation of aliens within our borders." *Id.* at 10 (citations omitted). AB 450 similarly violates the Supremacy Clause by deliberately frustrating federal law enforcement efforts.

**1.** *Federal Immigration Law*

Under federal law, an employer may not employ an "unauthorized alien." 8 U.S.C. § 1324a(1)-(2). An "unauthorized alien" is an alien who is not lawfully admitted into this country for permanent residence or is not authorized to be employed under federal law. 8 U.S.C. § 1324a(h)(3). An employer is under a good faith obligation to ensure that he has not hired an unauthorized alien. 8 U.S.C. § 1324a(a)(3). The employer must attest, under penalty of perjury, that he has verified that the employee is not an unauthorized alien. 8 U.S.C. § 1324a(a)-(b). The employer must retain the verification form and supporting documentation and make them available for inspection by federal immigration agents. 8 U.S.C. § 1324a(b)(3)-(4). Failure to comply with these federal laws can result in civil and criminal penalties. 8 U.S.C. § 1324a(e)(4)-(5), (f).

To verify compliance with federal law, immigration agents may enter nonpublic areas of a business, if the owner or another person with authority consents, to question employees about their immigration status. 8 C.F.R. § 287.8(f)(2); *see also* 8 U.S.C. § 1357. Voluntary consent by the person whose property is being entered, or by a third party with common authority over the area, is a well-recognized exception to the warrant requirement under the Fourth Amendment to the United States Constitution. *E.g., Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990); *Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973). When an agent enters the area based on consent, the agent must note in his report that consent was given and, if possible, by whom. 8 C.F.R. § 287.8(f)(2). If the agent does not obtain consent, federal law allows a site inspection to take place based on a warrant. *Id.* Once properly admitted to the area, an agent may arrest an individual on the spot if he reasonably believes that the individual is an alien illegally in this country and is likely to escape before an arrest warrant can be secured. 8 C.F.R. § 287.2(c)(2); *see also* 8 U.S.C. § 1357. Federal law also allows immigration enforcement agents reasonable access to examine evidence of any alien or entity being investigated. 8 U.S.C. § 1324a(e)(2)(A).

**2.** *AB 450 Conflicts with Federal Immigration Law*

AB 450 imposes several prohibitions and requirements concerning federal immigration worksite enforcement actions that create obstacles to the enforcement of federal law. If an

4
*Amicus Curiae* Brief of the ACLJ Supporting Pl.'s Mot. for Prelim. Injunction – 2:18-CV-490-JAM-KJN

employer fails to comply with AB 450 (and, instead, complies with federal law), he will be subject to significant financial penalties. Cal. Gov't Code §§ 7285.1(b), 7285.2(b); Cal. Labor Code §§ 90.2(c), 1019.2(b). The imposition of these penalties is a real threat, as the California Attorney General has vowed to prosecute any employer who violates AB 450. NTK Staff, *California AG: Employers Who Cooperate with Federal Immigration Raids Will be Prosecuted*, NTK Network (Jan. 18, 2018, 4:37 PM), http://ntknetwork.com/california-ag-employers-who-cooperate-with-federal-immigration-raids-will-be-prosecuted/.

AB 450 interferes with federal law enforcement efforts in several distinct ways:

- AB 450 prohibits employers (or persons acting on their behalf) from voluntarily consenting to allow an immigration enforcement agent to enter nonpublic areas of a place of labor, unless consent is otherwise required by federal law. Cal. Gov't Code § 7285.1(a), (e). As such, employers are deprived of their federally-provided right to consent, and immigration agents are now required to obtain a judicial warrant (unnecessarily burdening the federal judiciary) to obtain access to those nonpublic areas.

- AB 450 prohibits employers (or persons acting on their behalf) from voluntarily consenting to allow an immigration enforcement agent to access, review, or obtain certain employee records. Cal. Gov't Code § 7285.2(a), (d). Thus, employers are deprived of their federally-provided right to consent, placing a needless burden on the immigration agent to obtain a subpoena or court order to gain access.

- AB 450 requires employers to provide current employees (or their authorized representatives) with notice of any upcoming inspection of employee records by federal immigration enforcement agents and the result of the inspection. Cal. Labor Code § 90.2(a)-(b). This provision ensures that employees who are in this country illegally will

be able to disappear and avoid detection, jeopardizing federal law enforcement efforts (and, in some cases, public safety).[3]/

- AB 450 prohibits employers (or persons acting on their behalf) from re-verifying the employment eligibility of a current employee. Cal. Labor Code § 1019.2(a). Under this provision, employers are prevented from complying with their federally-imposed obligation to ensure they are not knowingly employing unauthorized aliens.

In sum, AB 450 prevents employers from exercising their rights and obligations under federal law and imposes requirements and burdens on federal immigration enforcement agents that unnecessarily hinder their ability to implement federal law. Because AB 450 imposes obstacles to the enforcement of federal immigration law, it violates the Supremacy Clause.

In numerous cases, the Supreme Court has held that state laws frustrated the purposes of federal law, in violation of the Supremacy Clause, when they diminished or eliminated a discretionary choice provided by federal law. *See, e.g., Geier*, 529 U.S. at 881-82, 886 (where federal vehicle safety standards gave manufacturers a range of choices for passive restraint devices, a state tort action based upon the lack of an airbag was preempted); *Lawrence Cnty. v. Lead-Deadwood Sch. Dist.*, 469 U.S. 256, 270 (1985) (federal programs that afforded local governments discretion to decide how to distribute federal funds was impermissibly frustrated by South Dakota law that limited the manner in which local governments could spend the funds); *Int'l Ass'n of Machinists & Aero. Workers v. Wis. Employment Relations Comm'n*, 427 U.S. 132, 148-49 (1976) (Wisconsin law impermissibly foreclosed the use of labor negotiation tactics that were

---

[3]/ For example, last month the Mayor of Oakland, California, warned illegal aliens in the Bay Area about upcoming raids by federal immigration agents. Hundreds of illegal aliens avoided arrest as a result. Three of the aliens who were targeted in those raids, but who avoided apprehension, have since been arrested for the following offenses: robbery and gun crimes, drunk driving, and spousal abuse. Adam Shaw, *"Illegal immigrants, Who Dodged California ICE Raid After Dem Mayor's Tip-Off, Re-Arrested for New Crimes,"* Fox News (Mar. 20, 2018) http://www.foxnews.com/politics/2018/03/20/illegal-immigrants-who-dodged-california-ice-raid-after-dem-mayors-tip-off-re-arrested-for-new-crimes.html.

allowed under federal law). Likewise, AB 450 is invalid because it eliminates the discretion of employers, provided for by federal law, to consent to immigration agents reviewing employee records and entering nonpublic areas of their business.

Importantly, state laws, such as AB 450, that have the *effect* of hindering federal objectives violate the Supremacy Clause even if the state's *purposes or goals* are consistent with federal law. In *Crosby v. National Foreign Trade Council*, 530 U.S. 363 (2000), a Massachusetts law restricting the authority of state agencies to purchase goods from companies doing business with Burma was preempted by federal law because it was "an obstacle to the accomplishment of Congress's full objectives under the federal Act" and "undermine[d] the intended purpose and 'natural effect'" of the federal law. *Id.* at 366, 373-74. The Court rejected the argument that no conflict could exist because the federal and state statutes shared the same goals, explaining:

> The fact of a common end hardly neutralizes conflicting means . . . and the fact that some companies may be able to comply with both sets of sanctions does not mean that the state Act is not at odds with achievement of the federal decision about the right degree of pressure to employ. . . . "'Conflict is imminent'" when "'two separate remedies are brought to bear on the same activity.'"

*Id.* at 379-80 (citations omitted); *see also Hughes v. Talen Energy Mktg., LLC*, 136 S. Ct. 1288, 1298 (2016) ("States may not seek to achieve ends, however legitimate, through regulatory means that intrude on [federal] authority. . . ."); *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 103 (1992) ("'[I]t is not enough to say that the ultimate goal of both federal and state law' is the same. . . . 'A state law also is pre-empted if it interferes with the methods by which the federal statute was designed to reach that goal.'").

Indeed, in the very context at issue here—immigration—the Supreme Court recently struck down provisions of the Arizona law that "attempt[ed] to achieve one of the same goals as federal law," but used a conflicting method of enforcement to do so. *Arizona*, 567 U.S. at 406; *id.* at 402 (explaining that states may not prosecute individuals under state law "in circumstances where federal officials in charge of the comprehensive [immigration] scheme determine that prosecution would frustrate federal policies"). If Arizona could not *further* the goals of federal immigration law

through means objected to by federal immigration authorities, California certainly may not *intentionally obstruct* the achievement of federal immigration goals. Even if California's goal were something other than to interfere with federal law enforcement efforts, AB 450's substantial hindering *effect* upon such efforts is unmistakable and renders the law unconstitutional.[4]/

### 3. AB 450 Violates Federal Public Policy

Moreover, through its assured imposition of stiff financial penalties for violation of AB 450, California has prevented employers (and those acting on their behalf) from voluntarily cooperating with federal immigration enforcement agents even when they wish to do so. This is contrary to well-established federal public policy, which ensures that people may report criminal activities or otherwise voluntarily cooperate with law enforcement. *E.g., Sure-Tan, Inc. v. NLRB*, 467 U.S. 883, 895 (1984) ("The reporting of any violation of the criminal laws is conduct which ordinarily should be encouraged, not penalized. . . ."); *Roberts v. United States*, 445 U.S. 552, 557-58 (1980) ("Concealment of crime has been condemned throughout our history. . . . [G]ross indifference to the duty to report known criminal behavior remains a badge of irresponsible citizenship."); *In re Quarles*, 158 U.S. 532, 535 (1895) (explaining that it is "the right, as well as the duty, of every citizen . . . to communicate to the executive officers any information which he has of the commission of an offence against [the laws of his country]").[5]/

---

[4]/ This is not the first time that a California law concerning immigration, or other subjects, violated the Supremacy Clause. *See, e.g., DIRECTV, Inc. v. Imburgia*, 136 S. Ct. 463 (2015) (California rule for class arbitration was preempted); *Chamber of Commerce of the United States v. Brown*, 554 U.S. 60 (2008) (California law prohibiting employers from using state funds to promote or deter union organizing was preempted); *Takahashi v. Fish & Game Comm'n*, 334 U.S. 410 (1948) (California law prohibiting aliens who were not eligible for federal citizenship from obtaining commercial fishing licenses was preempted).

[5]/ AB 450 puts employers and those acting on their behalf in a tough spot by prohibiting their voluntary cooperation with federal immigration agents. A person who shields, attempts to shield, or aids and abets in the shielding of an illegal alien from being detected by federal agents faces the possibility of serving time in federal prison. *See* 8 U.S.C. § 1324(a)(iii), (a)(v)(II), (a)(B).

**CONCLUSION**

Although our constitutional system grants states significant authority, the Supremacy Clause clearly forecloses state efforts—like California's here—to nullify federal laws or impede their enforcement. This is especially true when the federal law at issue deals with a subject matter, such as immigration, over which the federal government has extensive constitutional authority. Just as the United States Constitution forecloses states from issuing their own currency or declaring war, it also forecloses states from attempting to usurp the federal government's authority over immigration by hindering federal immigration law enforcement efforts. California has intentionally obstructed federal law enforcement efforts by shielding unauthorized aliens from lawful federal workplace immigration enforcement actions. *Amicus* urges this Court to grant the federal government's motion for a preliminary injunction in full.

Respectfully submitted,

Dated: March 26, 2018

/s/ *Vladimir F. Kozina*
Vladimir F. Kozina, SBN 95422
MAYALL HURLEY, P.C.
2453 Grand Canal Blvd.
Stockton, CA 95207
Tel. (209) 477-3833
Email: vkozina@mayallaw.com

Jay Alan Sekulow*
Stuart J. Roth*
Jordan Sekulow*
AMERICAN CENTER FOR LAW AND JUSTICE
201 Maryland Avenue, NE
Washington, DC 20002

Edward L. White III*
Erik M. Zimmerman*
Geoffrey R. Surtees*
AMERICAN CENTER FOR LAW AND JUSTICE
3001 Plymouth Rd., Ste. 203
Ann Arbor, MI 48105

* Not admitted in this jurisdiction

*Counsel for Amicus Curiae ACLJ*