# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

THE UNITED STATES OF AMERICA,

Plaintiff,

v.

THE STATE OF CALIFORNIA;
EDMUND GERALD BROWN, JR.,
Governor of California, in his Official
Capacity; and XAVIER BECERRA,
Attorney General of California, in his
Official Capacity,

Defendants.

Case No. 18-cv-490

## DECLARATION OF THOMAS D. HOMAN

I, Thomas D. Homan, hereby declare that the following statements are true and correct to the best of my knowledge, information, and belief:

1. I am the Deputy Director and Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement (ICE), U.S. Department of Homeland Security (DHS). I have held this position since November 2017.

2. The statements contained in this declaration are based upon my personal knowledge or upon information provided to me in my official capacity.

3. On Friday, March 6, 2018, I signed a declaration in support of the Complaint filed in the above-captioned case and docketed as Electronic Case File (ECF) No. 2-2.

*Paragraph 19*

4. On the morning of Saturday, March 24, 2018, I was notified by my staff that two of the statistics in paragraph 19 of my declaration were erroneous.

1

5. I was advised that, on the afternoon of Friday, March 23, 2018, while in the process of reviewing a draft response to a media inquiry seeking statistical information on administrative arrests by ICE Enforcement and Removal Operations (ERO), my staff discovered that the proposed media response, which included statistical information compiled by the ICE ERO Statistical Tracking Unit, was inconsistent with statistics included in paragraph 19 of my declaration.

6. The pertinent sentence in paragraph 19 of that declaration reads as follows: "In FY 2017, ICE apprehended *34,606* aliens in California alone, or roughly *15%* of the aliens apprehended nationwide, 5,943 of which occurred at-large."[1] The sentence should read: "In FY 2017, ICE apprehended *20,201* aliens in California alone, or roughly *14%* of the aliens apprehended nationwide, 5,943 of which occurred at-large."

7. Upon further review, which was completed on the morning of March 26, 2018, it was determined that the erroneous 34,606 figure was inadvertently taken from a pre-existing document and represents the number of aliens booked-in at an ICE detention facility in California, including those arrested by a DHS component other than ICE, for fiscal year 2017 through June 19, 2017.

8. I have been advised that this error was identified on the morning of March 6, 2018, and the correction was made in the Complaint, but inadvertently not in the final version of my declaration.

9. I have confirmed that none of the federal government's pleadings in this case cite to the erroneous statistic. In fact, the Complaint filed in this case cites to the correct data. It states,

---

[1] I have used italics through this declaration to help clearly illustrate the specific errors and corrections made to my March 6 declaration.

"In Fiscal Year 2017, ICE's Enforcement and Removal Operations (ERO) apprehended 20,201 aliens in California alone, or roughly 14% of the aliens apprehended nationwide." *United States v. California*, No. 18-490 (E.D. Cal. filed Mar. 6, 2018), ECF No. 1, at 6, line 109.

10. Upon learning of this oversight, I directed that my staff perform a quality control review of all statistical and case-specific information included in my declaration.

*Paragraph 44.a*

11. During the quality control review of the case-specific information included in my declaration, my staff also found an error in paragraph 44.a. Paragraph 44.a of the declaration reads as follows: "On January 12, 2017, ICE lodged a detainer against an *alien who had been convicted* of felony child cruelty and felony possession/purchase for sale of narcotics/controlled substance, among other offenses. On July 12, 2017, Santa Clara County Jail (SCCJ) released the alien without notification to ICE." The paragraph should instead read: "On January 12, 2017, ICE lodged a detainer against an *alien who had been arrested and was later convicted* of felony child cruelty and felony possession/purchase for sale of narcotics/controlled substance, among other offenses. On July 12, 2017, Santa Clara County Jail (SCCJ) released the alien without notification to ICE."

12. At the time the detainer was lodged on January 12, 2017, the alien had been arrested for the offenses at issue, but had not yet been convicted. He was, however, convicted of the offenses on or about July 6, 2017, after the issuance of the detainer, but before he was released by SCCJ.

*Paragraph 44.d*

13. During the quality control review of the case-specific information included in my declaration, my staff also identified a typographical error in paragraph 44.d.

14. In relevant part, paragraph 44.d of the declaration reads as follows: "On February *26*, 2017, the alien was convicted of the charge of lewd or lascivious acts with a child under fourteen." The paragraph should read: "On February *21*, 2017, the alien was convicted of the charge of lewd or lascivious acts with a child under fourteen."

15. The February 21, 2017 date was confirmed by reference to the alien's criminal history information ("rap sheet").

*Paragraph 78*

16. In tandem with the quality control review of my March 6 declaration, on the late afternoon of March 26, 2018, my staff learned that certain statements in paragraph 78 of the declaration may be incomplete. Accordingly, my team obtained additional information regarding the alien referenced in paragraph 78, and that evening, determined that the information in paragraph 78 should be updated and revised.

17. The Immigration and Nationality Act (INA) authorizes the Secretary of Homeland Security, in her discretion, to parole into the United States aliens who are otherwise inadmissible to the United States, including in order to prosecute the alien, or for the alien to assist (e.g., as an informant or witness), with ongoing investigations, prosecutions, or other activities necessary to protect national security. *See* INA § 212(d)(5); 8 C.F.R. § 212.5. The Secretary has delegated this authority to the ICE Director, the U.S. Citizenship and Immigration Services Director, and the U.S. Customs and Border Protection Commissioner.

4

18. ICE adjudicates parole requests for aliens who will participate in criminal proceedings or investigations at the federal, state, local, or tribal level, and aliens whose parole would further a national intelligence mission or whose parole is sought by the Intelligence Community. Such adjudication is performed by ICE Homeland Security Investigations (HSI), pursuant to authority delegated by the ICE Director.

19. The initial parole request for the alien referenced in paragraph 78 was submitted on December 1, 2017. In mid-December 2017, HSI determined that the parole should not be granted because it understood that, due to California Senate Bill 54 (SB 54), ICE would not be notified if the alien were released from criminal custody. If that were the case, an alien charged with crimes involving the sexual abuse of children could be released into the United States.

20. ICE formally denied the parole request on January 5, 2018. At the time information regarding the case was collected for my declaration, the case was still recorded in ICE systems as a parole denial.

21. On or about February 13, 2018, however, a new parole request was submitted for the alien, this time with a letter, dated February 9, 2018, from the local officials making the parole request. The letter, despite apparent conflict with SB 54, provided assurances that the local officials would notify ICE immediately if the alien were to post bail and be scheduled to be released from custody, if the alien were acquitted, or if probable cause were not found.

22. On February 20, 2018, ICE authorized parole due to the assurances from the California county requesting parole. The alien was paroled into the United States on February 27, 2018.

23. Due to an administrative oversight, my declaration was not updated upon this development in the case.

24. Although the alien at issue was ultimately paroled into the United States, SB 54 led to the expenditure of additional ICE time and resources to conduct multiple reviews of the parole request and caused a delay in the alien being paroled into the United States for prosecution.

25. In my March 6 declaration, the pertinent paragraph reads as follows: "In fact, HSI *recently* denied a California law enforcement agency's request for a parole to bring into the United States a Guatemalan native charged with multiple counts of child abuse because the requesting law enforcement agency could not confirm that it would notify ICE if the alien were released from state or local custody. In light of the recent enactment of SB 54, ICE must weigh the benefit of a potentially successful prosecution with the very likely risk that the relevant California law enforcement agencies cannot, due to SB 54, notify ICE of an impending release or transfer the alien to ICE custody for removal upon completion criminal proceedings. The law's prohibition on advance notification of release or transfer of custody would result in the alien being released, without legal status in the United States or effective monitoring, among the public in California, and with the possibility of becoming a repeat criminal offender."

26. The revised paragraph with the updated information reads: "In fact, HSI *previously* denied a California law enforcement agency's request for a parole to bring into the United States a Guatemalan native charged with multiple counts of child abuse because the requesting law enforcement agency could not confirm that it would notify ICE if the alien were released from state or local custody. In light of the recent enactment of SB 54, ICE must weigh the benefit of a potentially successful prosecution with the very likely risk that the relevant

California law enforcement agencies cannot, due to SB 54, notify ICE of an impending release or transfer the alien to ICE custody for removal upon completion of criminal proceedings. The law's prohibition on advance notification of release or transfer of custody would result in the alien being released, without legal status in the United States or effective monitoring, among the public in California, and with the possibility of becoming a repeat criminal offender. *Upon receipt of the January 5, 2018, parole denial, the offices of the county sheriff and prosecutor seeking the parole submitted a letter providing assurances, despite their apparent conflict with SB 54, that, should the alien be released from criminal custody, including due to a lack of probable cause finding, acquittal, or release on bail, the county would immediately notify ICE. On or about February 13, 2018, the letter was submitted to ICE with a new parole request. The new parole request was approved on or about February 20, 2018. On February 27, 2018, the alien was paroled into the United States to face the pending criminal charges.*"

27. Accordingly, I executed a revised declaration to reflect the accurate information in paragraphs 19, 44.a, 44.d, and 78. The only differences between the declaration I signed on March 6, 2018, and the declaration I signed on April 2, 2018, are: (1) the changes made in paragraph 19, paragraph 44.a, paragraph 44.d, and paragraph 78; (2) the insertion of a statement in new paragraph 93 indicating that the information in the declaration was current and accurate as of March 6, 2018; and (3) revising the heading of the document to read "Amended Declaration of Thomas D. Homan."

28. The quality control review of my March 6 declaration has been completed, and no other instances of inconsistent, inaccurate, or incomplete information were identified.

7

I declare, under penalty of perjury under 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed in Washington, D.C. on this 2nd day of April, 2018.

_____
Thomas D. Homan
Deputy Director and Senior Official Performing the Duties of the Director
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security