KENT S. SCHEIDEGGER (SBN 105178)
KYMBERLEE C. STAPLETON (SBN 213463)
CRIMINAL JUSTICE LEGAL FOUNDATION
2131 L Street
Sacramento, CA 95816
(916) 446-0345 (Voice)
(916) 446-1194 (Fax)
Kent.Scheidegger@cjlf.org
Kym.Stapleton@cjlf.org

Attorneys for Amici Curiae CJLF & Michael Rushford

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 2:18-CV-00490-JAM-KJN |
| Plaintiff, | **BRIEF AMICI CURIAE OF THE CRIMINAL JUSTICE LEGAL FOUNDATION AND MICHAEL RUSHFORD SUPPORTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |
| v. | |
| **STATE OF CALIFORNIA, *et al.*,** | |
| Defendants. | Date:   June 20, 2018<br>Time:  10:00 a.m.<br>Judge: The Honorable John A. Mendez |

The Criminal Justice Legal Foundation (CJLF) and Michael Rushford submit this brief amici curiae in support of the Plaintiff's motion for a preliminary injunction.  The parties have consented to the filing of this brief.  Under Federal Rule of Appellate Procedure (FRAP) 29(a)(2) and this court's order of March 27, 2018, adopting FRAP 29(a) for amicus briefs in this case, no motion for leave to file is required.

Per FRAP 29(a)(4)(A) and (E), amici certify that CJLF has no parent corporation or stockholders, that this brief was written entirely by counsel for amici and not counsel for any party, and that no person or entity other than CJLF contributed money to fund preparing or submitting of this brief.

**INTEREST OF AMICI CURIAE**

1

2     Amicus CJLF is a California non-profit corporation dedicated to protecting the

3 interests of victims of crime.  It is an employer subject to provisions of 8 U.S.C. § 1324a

4 and California Assembly Bill 450 of 2017 (AB 450).  Like any corporate employer, it must

5 operate through its officers and other employees.

6     Amicus Michael Rushford is the President of CJLF and a citizen of the United

7 States.  His responsibilities include the employment matters of CJLF, and he is "a person

8 acting on behalf of the employer" within the meaning of sections 1, 2, and 5 of AB 450.

9 CJLF and Mr. Rushford endeavor to assist law enforcement, both state and federal, when

10 their assistance is useful and appropriate.  They also endeavor to ensure that CJLF's

11 operations are in compliance with both federal and state law.

12     AB 450 impairs the ability of amici to assist federal law enforcement and to ensure

13 their own compliance with federal law, as explained further in the body of the brief.  Such

14 interference is contrary to the Fourteenth Amendment of the Constitution of the United

15 States.

16                **SUMMARY OF ARGUMENT**

17     The Privileges or Immunities Clause of the Fourteenth Amendment has been

18 construed very narrowly by the Supreme Court, but it has not been stripped of all meaning.

19 Among the privileges that the Supreme Court has found included is the duty and right of

20 every citizen to assist federal law enforcement and to give information regarding viola-

21 tions.

22     By the same principle, citizens have a right and duty to ensure their own compli-

23 ance with federal law.  Because the contours of the law are often uncertain and underlying

24 facts are often unclear, ensuring compliance sometimes means going further than the

25 measures that may, in retrospect, be found to meet the bare minimum for compliance.  A

26 state law that punishes citizens for doing anything more than the bare minimum required

27 by federal law therefore, in practice, impairs the ability of the citizens to ensure their own

28 compliance.

**ARGUMENT**

**I. AB 450 is a "law which . . . abridge[s] the privilege or immunities of citizens of the United States" in violation of the Fourteenth Amendment.**

The first clause of the second sentence of section 1 of the Fourteenth Amendment provides, "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States . . . ."  That language was quickly given a narrow construction in the *Slaughter-House Cases*, 83 U.S. 36 (1873), an interpretation that was disputed at the time, *see id*. at 96 (Field, J., dissenting), and remains doubtful to this day.  *See McDonald v. City of Chicago*, 561 U.S. 742, 756 (2010).  Even so, the narrow interpretation remains binding precedent until the Supreme Court overrules it, which it has not yet done.  *See id*. at 758.

Narrow as the *Slaughter-House* interpretation is, though, it did not strip that clause of all meaning.  The privileges and immunities protected by this provision are those that "owe their existence to the Federal government, its national character, its Constitution, or its laws." *Slaughter-House Cases*, 83 U.S. at 79.  One of the few privileges that the high court has found to meet that description is implicated in this case.

In 1894, Henry Worley of Georgia reported a moonshiner to a deputy United States marshal.  *In re Quarles*, 158 U.S. 532, 532 (1895).  Shortly afterward, two co-conspirators of the moonshiner, Quarles and Butler, beat and attempted to murder Worley.  *See id*. at 533.  They were charged with violation of section 5508 of the Revised Statutes, which "provides for the punishment of conspiracies 'to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same.' "  *Id*. at 535.[1]  After conviction, they moved for arrest of judgment on the ground that Worley had no federally protected right to report the revenue violation to the marshal.  *See id*. at 534.

The Supreme Court held that there was indeed a federally protected right involved:

---

1.    The current statute is 18 U.S.C. § 241.

1   "It is the duty and the right, not only of every peace officer of the United

2   States, but of every citizen, to assist in the prosecuting, and in securing the punish-

3   ment of, any breach of the peace of the United States. . . .  It is likewise his right

4   and his duty to communicate to the executive officers any information which he has

5   of the commission of an offence against those laws . . . ."  *Id*. at 535.

6   "The right of a citizen informing of a violation of law, like the right of a

7   prisoner in custody . . . to be protected against lawless violence, . . . arises out of the

8   creation and establishment by the Constitution itself of a national government,

9   paramount and supreme within its sphere of action.  *United States v. Logan*, 144

10  U.S. 294.  Both are . . . 'privileges and immunities arising out of the nature and

11  essential character of the national government, and granted or secured by the

12  Constitution of the United States.'  *In re Kemmler*, 136 U.S. 436, 438."  *Id*. at 536.

13  "The right of the private citizen who assists in putting in motion the course of

14  justice" exists for both the citizen and the government.  *Id*. at 536.  "[I]t is the duty of [the

15  federal] government to see that he may exercise this right freely . . . .  This duty does not

16  arise solely from the interest of the party concerned, but from the necessity of the govern-

17  ment itself . . . ."  *Id*.  In the present case, the United States correctly invokes federal

18  supremacy for its side of this coin.  *See* Plaintiff's Motion for Preliminary Injunction 13

19  ("MPI").  The Privileges or Immunities Clause of the Fourteenth Amendment is the

20  citizen's side of the same coin.  A state law against voluntary cooperation with federal law

21  enforcement violates constitutional protections of both the federal government and the

22  private citizen.

23  With this background, it is evident that AB 450 violates the rights of citizens.

24  "Existing federal law already requires immigration agents to obtain a warrant to search a

25  worksite and a subpoena to access employee records, unless the employer grants consent.

26  This bill effectively takes away the employer's option to grant consent."  Cal. Assem. Com.

27  on Judiciary, Rep. on Assem. Bill No. 450 (2017-2018 Reg. Sess.) April 22, 2017, p. 7.

28

1   In *Quarles*, Henry Worley was not subpoenaed to come forward with his informa-

2   tion.  He came forward voluntarily.  *Quarles* holds that such voluntary cooperation is a

3   privilege of citizens of the United States.  Therefore, the Fourteenth Amendment expressly

4   forbids any state to "make or enforce" any law which abridges that privilege.  AB 450 is

5   unconstitutional.

6   **II.  AB 450 impairs employers' ability to confirm their own compliance**

7   **with federal law.**

8   If citizens have a right to inform federal authorities of violations of federal law by

9   others, as discussed in Part I, *supra*, it stands to reason that they have a right to take the

10  steps needed to confirm their own compliance with the law.  Amici have not found any

11  precedent on this point, probably because federal-state law conflicts are typically analyzed

12  under the Supremacy Clause.  Even so, the Fourteenth Amendment is an independent

13  provision granting protection directly to the citizen.

14  At several points, AB 450 by its terms forbids everything that federal law does not

15  require, leaving no cushion at all to allow for any uncertainties in the law or difficulties in

16  proof.  Government Code section 7285.1(a) prohibits consent to entry of immigration

17  agents right up to the limit that federal law requires allowing entry.  Section 7285.2(a) does

18  the same for inspection of records.

19  Federal law forbids knowingly hiring an unauthorized alien.  *See* 8 U.S.C.

20  § 1324a(a)(1)(A).  A person who does not *knowingly* hire unauthorized aliens would be

21  very ill-advised to rely on the "knowingly" element and fail to take steps to avoid hiring

22  unauthorized aliens at all.  Not knowing and proving one did not know are two very

23  different things, and innocent people can be ruined by the difficulty of defending them-

24  selves when an element is subjective.  The section applies to entities as well as individuals,

25  and proving an absence of knowledge entity-wide could well be impossible.

26  Paragraph (a)(1)(B) of the same section forbids hiring without complying with the

27  verification requirements.  While in theory a renewed verification would not be necessary

28

1  if one could be certain that the initial verification was done and done correctly, in the real

2  world incomplete documentation and uncertainty about past compliance are not unusual.

3      Labor Code section 1019.2(a) forbids all reverification of "the employment

4  eligibility of a current employee at a time or in a manner not required by" 8 U.S.C.

5  § 1324a(b).  That federal law includes vague standards such as whether a document

6  "reasonably appears on its face to be genuine," § 1324a(b)(1)(A), and whether the em-

7  ployer made "a good faith attempt to comply."  § 1324a(b)(6)(A).  If the initial verification

8  was done by an employee who is no longer with the company, reasonableness and good

9  faith may be impossible to determine.

10     An employer who is justifiably uncertain whether initial verifications were done

11  correctly can only be sure of compliance with federal law by redoing them.  Yet if the do-

12  over is not *required* by federal law then it is a *violation* of state law.  One approach an

13  employer might reasonably use is to cooperatively allow immigration agents to check its

14  records and then work with them to return to compliance.  Yet that, too, is forbidden by AB

15  450.  *See* Cal. Gov't Code § 7285.2.

16     In other areas of law, rules have developed in recognition of the need to accommo-

17  date people's inability to be certain which side of a fuzzy line they are on.  Thus it is said

18  that freedom of speech needs "breathing space," *see NAACP v. Button*, 371 U.S. 415, 432-

19  433 (1963), so that vague laws are struck down even if the complaining party's own speech

20  is not found to be within the First Amendment's protection.  Qualified immunity protects

21  peace officers who reasonably believe their actions to be legal even if it is ultimately held

22  that they were not.  *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009).  AB 450 makes no

23  such allowance.  Actions of employers are forbidden by state law right up to the vaguely

24  defined limit of what is required by federal law.

25     The privileges and immunities of citizens of the United States include those that

26  arise from the existence of the federal government, *see supra* at 3, and those surely include

27  compliance with federal law.  A state law which does not allow voluntary actions on the

28  part of a citizen to ensure his own or his organization's compliance with federal law is

1   inconsistent with those privileges and immunities.  As with the prohibition on reporting

2   violations, the Fourteenth Amendment forbids any State to "make or enforce" such a law.

3                                        **CONCLUSION**

4            Sections 1, 2, and 5 of AB 450, Cal. Gov't Code §§ 7285.1 and 7285.2, and Cal.

5   Labor Code § 1019.2, should be declared unconstitutional, and defendants should be

6   enjoined from enforcing them.  Given the Plaintiff's high probability of success on the

7   merits, Defendants should be preliminarily enjoined from enforcing these provisions.

8

9   Respectfully submitted this 6th day of April, 2018:

10

11                                        By:  /s/ Kent S. Scheidegger
                                               Attorney for Amici Curiae
12                                             Criminal Justice Legal Foundation &
                                               Michael Rushford
13

**CERTIFICATE OF SERVICE**

1

2      I hereby certify that on April 6, 2018, I electronically transmitted the foregoing

3  document to the Clerk's Office using the U.S. District Court for the Eastern District of

4  California's Electronic Document Filing System (ECF), which will serve a copy of this

5  document upon all counsel of record.

6

7                                                    By:  /s/ Kent S. Scheidegger
                                                          Attorney for Amici Curiae
8                                                         Criminal Justice Legal Foundation &
                                                          Michael Rushford
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28