Lawrence J. Joseph (SBN 154908)
Law Office of Lawrence J. Joseph
1250 Connecticut Ave, NW, Suite 200
Washington, DC 20036
Tel: 202-355-9452
Fax: 202-318-2254
Email: ljoseph@larryjoseph.com

Dale L. Wilcox*
Sarah R. Rehberg*
Immigration Reform Law Institute
25 Massachusetts Avenue, NW, Suite 335
Washington, DC 20001
Tel: 202-232-5590
Fax: 202-464-3590
Email: dwilcox@irli.org
Email: srehberg@irli.org

\* Not admitted in this jurisdiction

Counsel for Prospective *Amici Curiae*: MUNICIPALITIES AND ELECTED OFFICIALS

**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　*Plaintiff*,<br>　　　　v.<br>STATE OF CALIFORNIA, *et al.*,<br>　　*Defendants*. | CASE No. 2:18-cv-00490-JAM-KJN<br><br>**MUNICIPALITIES & ELECTED OFFICIALS' MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF**<br><br>NO HEARING NOTICED<br><br>Complaint filed: March 6, 2018<br>Honorable John A. Mendez |

    The thirteen California municipalities and elected officials listed herein respectfully move this Court for leave to file the accompanying *amici curiae* brief in support of the federal plaintiff's motion for a preliminary injunction. The undersigned counsel have conferred with the parties' counsel, and the parties consent to filing on the *amici* brief. A proposed Order is attached.

## INTRODUCTION

Unlike the federal appellate rules, the Federal Rules of Civil Procedure do not provide for *amici* briefs. This Court's rules contemplate *amici* briefs, L.R. 5-133(h), as does this Court's Minute Orders dated March 12 and March 26, 2018, but the Court's rules do not expressly provide procedures unique to *amici* briefs. Accordingly, movants seek this Court's leave pursuant to L.R. 230(g). In this motion, the prospective *amici* seek to demonstrate their interest in these proceedings and the manners in which their *amici* brief will aid the Court.

## INTEREST AND IDENTITY OF *AMICUS CURIAE*

The following California municipalities and elected officials (collectively, "Municipalities and Officials") respectfully seek this Court's leave to file the accompanying *amici* brief:

- The City of Yorba Linda; the City of Hesperia; the City of Escondido; the City of Aliso Viejo; the City of Mission Viejo; the City of Fountain Valley; and the City of Barstow.

- The Hon. Mike Spence, Mayor of the City of West Covina; the Hon. David Harrington, Mayor of the City of Aliso Viejo; the Hon. Jim Desmond, Mayor of the City of San Marcos; and the Hon. Rebecca Jones, Vice-Mayor of the City of San Marcos, in their respective individual capacities.

- The Hon. Ryan A. Vienna, City of San Dimas Council Member, in his individual capacity.

- The Hon. Dana T. Rohrabacher, Member of Congress, in his individual capacity.

In their respective capacities, *amici* are or represent political subdivisions of not only plaintiff United States but also defendant California. With two competing sovereigns at loggerheads on these issues, the current situation is untenable. Under the California Constitution, officials must "solemnly swear … [to] support and defend the Constitution of the United States and the

Constitution of the State of California," CAL. CONST. art. XX, §3; *see also* CAL. GOV'T CODE §§1360, 36507, which is impossible when the two sovereigns impose conflicting commands.[1]

To ensure the liberties guaranteed to them and to their constituents by both the U.S. Constitution and the California Constitution, *amici* feel compelled to support the federal sovereign over the state sovereign in this dispute. The challenged state laws attempt not only to usurp the federal government's exclusive and plenary power over immigration, but also to restrict *amici* and their constituents from supporting the federal government in the exercise of that power. In addition to violating the federalist structure of the U.S. Constitution with respect to immigration policy — an exclusively *federal* concern, *DeCanas v. Bica*, 424 U.S. 351, 354 (1976) — the challenged laws also purport to abridge the First amendment rights of free speech and petition, U.S. CONST. amend. I, cl. 3, 6. The "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury," *Elrod v. Burns,* 427 U.S. 347, 373 (1976), which this Court should remedy expeditiously.

Further, *amici* seek to protect their right to exercise their police power as they see fit: "Upon the principle of self-defense, of paramount necessity, a community has the right to protect itself." *Jacobson v. Massachusetts*, 197 U.S. 11, 27 (1905); *Cty. of Plumas v. Wheeler*, 149 Cal. 758, 762 (1906). *Amici* understand that other *amicus* briefs – including victims groups and law-enforcement groups – will emphasize the factual side of the risks posed by illegal aliens to public safety; as such, *amici* do not repeat those arguments here. Indeed, when factual arguments rely on aggregated data, they may obscure localized inconsistencies in the data: what is true in Marin County may not

---

[1]   In pertinent part, GOV'T CODE §1360 provides that "before any officer enters on the duties of his or her office, he or she shall take and subscribe the oath or affirmation set forth in Section 3 of Article XX of the Constitution of California," and GOV'T CODE §36507 provides that "each city officer shall take and file with the city clerk the constitutional oath of office."

be true in the border areas of San Diego or Imperial Counties. Instead, *amici* argue for their right to decide for their own communities on how best to protect the public safety in their communities, based on the facts in their communities.[2] The best allocation of municipal law-enforcement resources is not set in either Washington, DC, or Sacramento, but in each of the *amici* communities.

Significantly, *amici* have grave concerns about the lawfulness of the challenged state laws, not only civilly as a matter of preemption, but also criminally as the unlawful concealment, harboring, or shielding from detection of illegal aliens under 8 U.S.C. §1324(a)(1)(A)(iii), (v). *Amici* thus urgently need judicial clarity on the permissible reach of the challenged laws.

Finally, the recent Information Bulletin[3] entitled "Responsibilities of Law Enforcement Agencies Under [sic] the California Values Act, California TRUST Act, and the California TRUTH Act" issued by the California Department of Justice's Division of Law Enforcement does nothing to ameliorate the concerns that *amici* raise here. First, an agency's "written statement of policy that an agency intends to apply generally, that is unrelated to a specific case, and that predicts how the agency will decide future cases is essentially *legislative* in nature even if it merely *interprets* applicable law." *Yamaha Corp. of Am. v. State Bd. of Equalization*, 19 Cal. 4th 1, 18 (Cal. 1998) (internal quotations omitted, emphasis in original). Second, agencies cannot lawfully issue such "house rules" without complying with the procedural requirements of the California Administrative Procedure Act, *see* CAL. GOV'T CODE § 11342.600 (defining regulation broadly as

---

[2] *Amici* in no way imply that the aggregate data are unimportant to resolving the issues before this Court. At the state level, California is a one-party state with an open-border agenda, and California's state government thus seeks to downplay or ignore the significant threat to public safety that illegal immigration poses in some — but perhaps not all — of the state.

[3] Available at https://oag.ca.gov/sites/all/files/agweb/pdfs/law_enforcement/dle-18-01.pdf (last visited April 6, 2018).

MUNICIPALITIES & ELECTED OFFICIALS' MOTION
FOR LEAVE TO FILE *AMICI CURIAE* BRIEF                                              4

"every rule, regulation, order, or standard of general application or the amendment, supplement, or revision of any rule, regulation, order, or standard adopted by any state agency to implement, interpret, or make specific the law enforced or administered by it, or to govern its procedure"), which California's Department of Justice did not do here. Third, the foregoing elemental protections apply every bit as much to enforcement polices as they do to more formal rule-like pronouncements. *Tidewater Marine Western, Inc. v. Bradshaw*, 14 Cal.4th 557, 570-75 (Cal. 1996). Finally, such *ultra vires* administrative constructions are not entitled to any deference in either California or federal courts. *See Peabody v. Time Warner Cable, Inc.*, 689 F.3d 1134, 1137 (9th Cir. 2012). Under the foregoing blackletter, basic provisions of our representative democracy, the recent Information Bulletin is void *ab initio* and, as such, irrelevant here, except to signal that the California Department of Justice admits that the California Legislature overstepped its bounds.

For all of the foregoing reasons, movants have direct and vital interests in the issues presented before this Court, and respectfully request leave to file their accompanying brief in support of the federal government.

## AUTHORITY TO FILE *AMICUS* BRIEF

Motions under FED. R. APP. P. 29(b) must explain the movant's interest and "the reason why an *amicus* brief is desirable and why the matters asserted are relevant to the disposition of the case." FED. R. APP. P. 29(b). The Advisory Committee Note to the 1998 amendments to Rule 29 explain that "[t]he amended rule [Rule 29(b)] … requires that the motion state the relevance of the matters asserted to the disposition of the case." The Advisory Committee Note then quotes Sup. Ct. R. 37.1 to emphasize the value of *amicus* briefs that bring a court's attention to relevant matter not raised by the parties:

> An *amicus curiae* brief which brings relevant matter to the attention of the Court that has not already been brought to its attention by the parties is of considerable help to the Court.

*Id.* (*quoting* Sup. Ct. R. 37.1). "Because the relevance of the matters asserted by an *amicus* is ordinarily the most compelling reason for granting leave to file, the Committee believes that it is helpful to explicitly require such a showing."

As now-Justice Samuel Alito wrote while serving on the U.S. Court of Appeals for the Third Circuit, "I think that our court would be well advised to grant motions for leave to file *amicus* briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted. I believe that this is consistent with the predominant practice in the courts of appeals." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3rd Cir. 2002) (citing Michael E. Tigar and Jane B. Tigar, *Federal Appeals -- Jurisdiction and Practice* 181 (3d ed. 1999) and Robert L. Stern, *Appellate Practice in the United States* 306, 307-08 (2d ed. 1989)). Now-Justice Alito quoted the Tigar treatise favorably for the statement that "[e]ven when the other side refuses to consent to an *amicus* filing, most courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned." 293 F.3d at 133. As explained in the next section, the accompanying brief will aid this Court.

### **FILING THE *AMICI* BRIEF WILL AID THE COURT**

In addition to supporting the conflict-preemption arguments pressed by the United States, the Municipalities and Officials make several additional related arguments that would aid this Court in deciding the issues presented here:

- **First Amendment Protections**. The Municipalities and Officials argue that public and private employers and officials have a First Amendment right to work with federal

immigration officials, thus providing another basis to find the challenged California laws preempted by federal law. *See Amici* Br. at 6, 12.

- **Parens Patriae Standing**. The Municipalities and Officials address *parens patriae* standing to assert the interests of the People of California, a standing doctrine that lies exclusively with the federal sovereign in litigation involving both state and federal sovereigns. *See Amici* Br. at 8-9.

- **Criminal Concealing, Harboring, and Shielding from Detection**. The Municipalities and Officials analyze the challenged California laws as the criminal concealing, harboring, and shielding from detection of illegal aliens under 8 U.S.C. §1324(a)(1)(A)(iii), (v). *See Amici* Br. at 9-11.

- **Commandeering Analysis**. The Municipalities and Officials analyze the federal laws that plaintiff United States seek to enforce under Tenth Amendment "commandeering" analysis. *See Amici* Br. at 12-14.

- **Necessary and Proper Clause**. The Municipalities and Officials analyze 8 U.S.C. §1373(a) — which prohibits restricting inter-governmental communication on immigration issues — is valid under the Constitution's Necessary and Proper Clause, U.S. CONST, art. I, §8, cl. 18, even assuming arguendo that it is not valid under Congress's plenary power over immigration. *See Amici* Br. at 14-15.

For the foregoing reasons, the Municipalities and Officials respectfully submit that their *amici* brief would aid this Court's analysis of the important issues presented here.

## CONCLUSION

WHEREFORE, movants Municipalities and Officials respectfully request leave to file the accompanying *amici curiae* brief.

MUNICIPALITIES & ELECTED OFFICIALS' MOTION
FOR LEAVE TO FILE *AMICI CURIAE* BRIEF                                                                 7

Dated: April 6, 2018

Respectfully submitted,

/s/ Lawrence J. Joseph

Dale L. Wilcox
Sarah R. Rehberg
Immigration Reform Law Institute
25 Massachusetts Avenue, NW, Suite 335
Washington, DC 20001
Tel: 202-232-5590
Fax: 202-464-3590
Email: dwilcox@irli.org
Email: srehberg@irli.org

Lawrence J. Joseph (SBN 154908)

Law Office of Lawrence J. Joseph
1250 Connecticut Ave, NW, Suite 200
Washington, DC 20036
Tel: 202-355-9452
Fax: 202-318-2254
Email: ljoseph@larryjoseph.com

*Counsel for Prospective Amici Curiae*

# CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April, 2018, I electronically filed the foregoing motion for leave to file together with the accompanying *amici curiae* brief, with the Clerk of the Court for the United States District Court for the Eastern District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Notice of this filing will be sent by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing. Parties may access this filing through the Court's CM/ECF System.

      /s/ Lawrence J. Joseph
Lawrence J. Joseph (SBN 154908)

Law Office of Lawrence J. Joseph
1250 Connecticut Ave, NW, Suite 200
Washington, DC 20036
Tel: 202-355-9452
Fax: 202-318-2254
Email: ljoseph@larryjoseph.com