UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | No. 2:18-cv-490-JAM-KJN<br><br>**ORDER DENYING DANA T. BLACKMORE'S MOTION FOR LEAVE TO INTERVENE** |

Pro se filer Dana T. Blackmore ("Blackmore") filed a motion to intervene in the litigation pending between the United States and the State of California. ECF No. 63. Blackmore seeks to join the United States as a plaintiff in intervention. For the reasons set forth below, Blackmore's motion is DENIED.[1]

///

///

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 5, 2018. Because Blackmore has failed to show her intervention in this lawsuit is warranted or appropriate, as a matter of law, the Court elected to render a decision prior to any opposition filing.

1

I. Intervention As Of Right

A. Legal Standard

Blackmore first seeks to intervene in this lawsuit as of right. "On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Courts in the Ninth Circuit apply a four part test to determine whether such motion should be granted:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

Wilderness Soc. v. U.S. Forest Serv., 630 F.3d 1173, 1177 (9th Cir. 2011) (quoting Sierra Club v. U.S. E.P.A., 995 F.2d 1478, 1481 (9th Cir. 1993)).

To demonstrate a significantly protectable interest, the movant "must establish that (1) the interest asserted is protectable under some law, and (2) there is a relationship between the legally protected interest and the claims at issue." Nw. Forest Res. Council v. Glickman, 82 F.3d 825, 837 (9th Cir. 1996) (citations and quotation marks omitted), as amended on denial of reh'g (May 30, 1996).

In determining the adequacy of representation, courts in the Ninth Circuit consider three factors: "whether the interest of a

present party is such that it will undoubtedly make all the intervenor's arguments; whether the present party is capable and willing to make such arguments; and whether the intervenor would offer any necessary elements to the proceedings that other parties would neglect." People of State of Cal. v. Tahoe Reg'l Planning Agency, 792 F.2d 775, 778 (9th Cir. 1986). A presumption of adequacy arises when the applicant and an existing party have the same ultimate objective or where a government acts on behalf of a constituency it represents. See League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1305 (9th Cir. 1997) ("[U]nder well-settled precedent in this circuit, where an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises."); Arakaki v. Cayetano, 324 F.3d 1078, 1086 (9th Cir. 2003) ("There is also an assumption of adequacy when the government is acting on behalf of a constituency that it represents.") (citations omitted), as amended (May 13, 2003). In either case, the applicant must make a compelling showing that its interests are not adequately represented. Arakaki, 324 F.3d at 1086.

    B.    Application

Blackmore has failed to show she is entitled to intervene in this matter as of right. First, she has not identified a legally protected interest of her own. She cites 8 U.S.C. § 1373 as one of her "interests," but the text of 8 U.S.C. § 1373 does not place any expectations or obligations on private citizens. Blackmore also claims a "significant protectable interest in receiving all protections that all local (and) state law enforcement governmental entities/agencies are obligated to

3

provide to citizens/residents of the State of California." Mot. at 7. But, other than compliance with 8 U.S.C. § 1373, she does not identify any "protections" that state and local law enforcement are "obligated to provide" in which she might claim an interest. A private citizen must plead more than an abstract interest in the state and local law enforcements' general "obligation to protect" to assert a "legally protected interest." See, e.g., DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 196 (1989)("[T]he Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."). Blackmore has not adequately argued or shown that she possesses a legally protected interest related to this litigation.

The Court finds that Blackmore's interests in this litigation do not differ from those of the United States. She allegedly wants to see state and local law enforcement cooperate with federal immigration authorities. The United States seeks the same outcome and will adequately represent those interests. Blackmore claims to have a distinct interest because she is a resident of California and is particularly concerned with the "public safety peril" she perceives. Mot. at 10-11. But this sort of general public interest is presumed to be adequately represented by the United States absent a compelling showing to the contrary. See Arakaki, 324 F.3d at 1086 ("There is also an assumption of adequacy when the government is acting on behalf of a constituency that it represents."); United Nuclear Corp. v. Cannon, 696 F.2d 141, 144 (1st Cir. 1982) ("The state is charged

with representing the public interest, and one consequence is that a prospective intervenor that basically asserts the public interest faces a presumption that the state's representation of the public interest will be adequate."). And, Blackmore's personal reasons for wanting to join the lawsuit do not support a finding of inadequate representation, much less constitute a compelling showing of such. See Oregon Envtl. Council v. Oregon Dep't of Envtl. Quality, 775 F. Supp. 353, 359 (D. Or. 1991) ("The interest of a putative intervenor is not inadequately represented by a party to a lawsuit simply because the party to the lawsuit has a motive to litigate that is different from the motive to litigate of the intervenor.").

Further supporting this Court's conclusion, Blackmore's Proposed Complaint in Intervention asserts causes of action and prayers for relief identical to those already asserted by the United States in this action. Compare Proposed Complaint in Intervention, ECF No. 63-1, with Complaint, ECF No. 1. These identical objectives raise yet another presumption of adequacy. See League of United Latin Am. Citizens, 131 F.3d at 1305 ("where an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises"). Again, Blackmore has not made any showing to overcome this presumption.

Finally, even assuming Blackmore has a legally protectable interest in this lawsuit—which she has not demonstrated—the United States will represent that interest. Blackmore's request to intervene as of right is therefore denied.

///

## II. Permissive Intervention

### A. <u>Legal Standard</u>

Alternatively, Blackmore asks the Court to allow her to intervene under Federal Rule of Civil Procedure 24(b). The rule provides: "[o]n timely motion, the court may permit anyone to intervene who is given a conditional right to intervene by a federal statute; or has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b). "[A] court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." <u>Nw. Forest Res. Council</u>, 82 F.3d at 839.

Even if an applicant satisfies these threshold requirements, the district court has discretion to deny permissive intervention. <u>Donnelly v. Glickman</u>, 159 F.3d 405, 412 (9th Cir. 1998). "In exercising its discretion to grant or deny permissive intervention, a court must consider whether the intervention will 'unduly delay or prejudice the adjudication of the rights of the original parties.'" <u>Venegas v. Skaggs</u>, 867 F.2d 527, 530 (9th Cir. 1989) (quoting Fed. R. Civ. P. 24(b)(3), <u>aff'd sub nom.</u> <u>Venegas v. Mitchell</u>, 495 U.S. 82 (1990). "In addition to the interests of the original parties, a court . . . should evaluate whether the movant's 'interests are adequately represented by existing parties.'" <u>Id.</u> "Judicial economy is a relevant consideration in deciding [such] a motion[.]" <u>Id.</u>

///

B. _Application_

Irrespective of whether Blackmore meets the threshold conditions for permissive intervention, the Court finds intervention inappropriate. As explained above, Blackmore's interests are adequately represented by the United States. The claims and prayers for relief in her Proposed Complaint are identical to those of the United States. Additionally, though the County of Orange is not presently a party to this action, the Court notes that Blackmore's Motion and Proposed Complaint are largely comprised of text copied from the County's Motion and Proposed Complaint filed four days prior to Blackmore's filings. <u>Compare</u> Motion to Intervene, ECF No. 63, and Proposed Complaint in Intervention, ECF No. 63-1, <u>with</u> Motion to Intervene, ECF No. 59, and Proposed Complaint in Intervention, ECF No. 59-2. Judicial economy is certainly not advanced by a putative intervenor who fills the Court's docket with duplicative pleadings and briefs. It also casts serious doubt on Blackmore's claim that her interests are not already represented by others involved in this litigation.

Blackmore's request for permissive intervention is denied.

### III. Order

For the reasons set forth above, Dana T. Blackmore's Motion to Intervene is DENIED.

IT IS SO ORDERED.

Dated: April 27, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

7