UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-490-JAM-KJN<br><br>**ORDER DENYING MOTION FOR LEAVE TO INTERVENE BY COUNTY OF ORANGE AND SANDRA HUTCHENS** |

　　　The County of Orange ("Orange County") and Sandra Hutchins ("Hutchins"), Sheriff-Coroner for the County of Orange, (collectively "Proposed Intervenors") filed a Motion to Intervene in this matter pending between the United States and the State of California. ECF No. 59. Orange County and Hutchins seeks to intervene as plaintiffs. California opposes intervention. ECF No. 148. The United States supports permissive intervention, but expressed no opinion as to intervention as of right. ECF No. 154. For the reasons set forth below, Proposed Intervenors'
///

1

motion is DENIED.[1]

I. BACKGROUND

The United States filed suit against the State of California, Governor Edmund G. Brown Jr., and Attorney General Xavier Becerra (collectively "California") on March 6, 2018, seeking a declaration invalidating, and a preliminary and permanent injunction enjoining, certain parts of Senate Bill 54 ("SB 54"), Assembly Bill 450 ("AB 450"), and Assembly Bill 103 ("AB 103"). Compl., ECF No. 1. It concurrently filed a motion for preliminary injunction. ECF No. 2. California filed its opposition to that motion and a motion to dismiss on May 4, 2018. ECF Nos. 74 & 77. Since the United States filed suit, the parties have litigated discovery matters, undertaken expedited discovery, and participated in multiple discovery conferences. ECF Nos. 20, 21, 22, 26, 28, 84, 95, 100, 118, & 157. California filed a motion to transfer venue to the Northern District of California, which the Court denied on March 29, 2018. ECF Nos. 18 & 39. By consent of the parties or the Court's permission, twenty-three amicus and amici curiae briefs have been filed. ECF Nos. 43, 44, 48, 55-57, 104, 112, & 126-140.

Proposed Intervenors filed their motion for leave to intervene on April 20, 2018. ECF No. 59. They seek to intervene in order to obtain a declaration invalidating, and orders preliminarily and permanently enjoining, certain provisions of SB

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 5, 2018.

2

54 and AB 103.  Mot. at 1.  Their grounds for intervention concern Orange County's interests as a political subdivision of California charged with upholding both state and federal law in execution of its law enforcement and public safety functions.  Id.

## II. INTERVENTION AS OF RIGHT

### A. Legal Standard

Proposed Intervenors contend that they are entitled to intervene in this lawsuit as of right.  "On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a).  Courts in the Ninth Circuit apply a four part test to determine whether such a motion should be granted:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

Wilderness Soc. v. U.S. Forest Serv., 630 F.3d 1173, 1177 (9th Cir. 2011) (quoting Sierra Club v. U.S. E.P.A., 995 F.2d 1478, 1481 (9th Cir. 1993)).  "Failure to satisfy any one of the requirements is fatal to the application, and [the Court] need not reach the remaining elements if one of the elements is not

3

satisfied." Perry v. Proposition 8 Official Proponents, 587 F.3d 947, 950 (9th Cir. 2009).

In determining the adequacy of representation, district courts consider "whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; whether the present party is capable and willing to make such arguments; and whether the intervenor would offer any necessary elements to the proceedings that other parties would neglect." People of State of Cal. v. Tahoe Reg'l Planning Agency, 792 F.2d 775, 778 (9th Cir. 1986). "The 'most important factor' to determine whether a proposed intervenor is adequately represented by a present party to the action is 'how the [intervenor's] interest compares with the interests of existing parties.'" Perry, 587 F.3d at 950–51 (quoting Arakaki v. Cayetano, 324 F.3d 1078, 1086 (9th Cir. 2003)). A presumption of adequacy arises when the applicant and an existing party have the same ultimate objective. Perry, 587 F.3d at 951; see also League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1305 (9th Cir. 1997) ("Under well-settled precedent in this circuit, where an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises."). Additionally, courts presume adequacy of representation when the existing party is a government body acting on behalf of its constituency. Arakaki, 324 F.3d at 1086 ("There is also an assumption of adequacy when the government is acting on behalf of a constituency that it represents."). With each presumption, the applicant must make a compelling showing—and in the case of government representation, a very compelling

4

showing—that its interests are not adequately represented in order to establish its right to intervene. Id.

   B.   Application

California argues that a heightened standard applies to Proposed Intervenors' motion because Proposed Intervenors share the "same ultimate objective" as the United States. Def. Opp. at 6. It further argues that the Court may presume adequate representation "in situations[,] such as here, where the federal government purports to advance a congressional directive." Id.

Proposed Intervenors argue that the United States does not adequately represent its interests because its "interests in the case are in regard to its status as a local government entity and county law enforcement officer, and Proposed Intervenors are specifically joining the case to address the constitutional and public safety rights of their citizens." Mot. at 12. Additionally, they argue that they offer a materially different perspective on the case because they have to deal with the actual application of the state laws on the local level. Id. These distinctions are enough, they contend, to meet the "minimal showing" required to establish inadequate representation. Id. at 13.

Although applicants for intervention generally need only make a "minimal showing" of inadequate representation, see Tahoe Reg'l Planning Agency, 792 F.2d at 778, the burden is higher in this case. Proposed Intervenors and the United States share the same "ultimate objective": a judicial declaration that the challenged laws are invalid and orders enjoining their enforcement. This fact is made evident by Proposed Intervenors'

Complaint, which states the exact same claims and the same prayers for relief as the United States' Complaint (with the omission of claims related to AB 450).  Compare Proposed Complaint, ECF No. 59-2, at 16–17, with Complaint, ECF No. 1, 16–18.  The Proposed Complaint contains no additional claims and, like the United States' Complaint, similarly asserts that the challenged laws are invalid under the Supremacy Clause.  Because their "ultimate objective" is identical, Proposed Intervenors must make a compelling showing of inadequate representation in order to establish their right to intervene.

Proposed Intervenors have not met their burden.  They have not identified any meritorious arguments that the United States will fail to assert or will be precluded from making.  See California ex rel. Lockyer v. United States, 450 F.3d 436, 444 (9th Cir. 2006) ("In order to make a 'very compelling showing' of the government's inadequacy, the proposed intervenor must demonstrate a likelihood that the government will abandon or concede a potentially meritorious reading of the statute.").  Additionally, Proposed Intervenors have not identified any necessary elements to the proceedings they could offer that the United States would neglect.  While the Court understands the impact the challenged laws have on Orange County's operations, the County's experience offers little aid in resolving the purely legal question at the center of this dispute: whether the challenged laws violate the Supremacy Clause.  See Astiana v. Hain Celestial Grp., 783 F.3d 753, 757 (9th Cir. 2015) (describing preemption as a "purely legal question").  Distinctly, nearly all of the cases Proposed Intervenors cite in

support of "inadequate representation" did not involve Supremacy Clause claims.[2]  See Mot. 12-13, Rep. at 2-4.  There is no basis for the Court to conclude the United States will not capably litigate its perceived sovereign interests and thus adequately represent Proposed Intervenors' interests in turn.  See Freedom from Religion Found., Inc., 644 F.3d at 841 ("This presumption of adequacy is nowhere more applicable than in a case where the Department of Justice deploys its formidable resources to defend the constitutionality of a congressional enactment.") (citations omitted).

Given the absence of evidence to the contrary, the Court finds the United States will adequately represent Proposed Intervenors' interests in this litigation.  Because the "failure to satisfy any one of the requirements is fatal to the application," the Court need not, and does not, address the remaining elements.  See Perry, 587 F.3d at 950.  Proposed Intervenors' motion to intervene as of right is denied.

### III.  PERMISSIVE INTERVENTION

#### A.  Legal Standard

Alternatively, Proposed Intervenors ask the Court to grant

---

[2] The only cited case with a Supremacy Clause claim is of little instructive value because the decision contains nearly no analysis of the applicant's right to intervene and predates recent authority applying the presumptions of adequacy.  See Wash. State Bldg. & Const. Trades Council, AFL-CIO v. Spellman, 684 F.2d 627, 630 (9th Cir. 1982) ("Rule 24 traditionally has received a liberal construction in favor of applicants for intervention.  DWW, as the public interest group that sponsored the initiative, was entitled to intervention as a matter of right under Rule 24(a).").

7

them permissive intervention under Federal Rule of Civil Procedure 24(b). "On timely motion, the court may permit anyone to intervene who is given a conditional right to intervene by a federal statute; or has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). "[A] court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." Nw. Forest Res. Council v. Glickman, 82 F.3d 825,839 (9th Cir. 1996).

"Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998). In doing so, the Court may again "evaluate whether the movant's 'interests are adequately represented by existing parties.'" Venegas v. Skaggs, 867 F.2d 527, 530 (9th Cir. 1989) aff'd sub nom. Venegas v. Mitchell, 495 U.S. 82 (1990).

B. Application

The Court is compelled to deny Proposed Intervenors' motion for permissive intervention for the same reasons Proposed Intervenors may not intervene as of right. They simply have not shown the United States will not adequately represent their interests in this litigation.

The Court also finds the addition of Proposed Intervenors to this lawsuit will contribute little to the resolution of the claims. This lawsuit fundamentally concerns the relationship

between two sovereign entities: the United States and the State of California. As noted above, the claims turn on legal questions. See Astiana, 783 F.3d at 757 (describing preemption as a "purely legal question"). Any assistance Proposed Intervenors could offer the Court on the legal issues could be addressed through an amici curiae brief. See Blake v. Pallan, 554 F.2d 947, 955 (9th Cir. 1977) (while litigation might benefit from proposed intervenor's knowledge of law and facts, "such benefits might be obtained by an amicus brief rather than bought with the price of intervention"). As noted by the State of California, allowing Proposed Intervenors to intervene at this time might encourage other non-interested parties to seek intervention as well as add a level of complexity to the proceedings that would be unnecessary to properly resolve the issues in this case. The Court agrees.

## IV. ORDER

For the reasons set forth above, Proposed Intervenors' Motion to Intervene is DENIED. Proposed Intervenors may file an amici curiae brief by Tuesday, June 12, 2018.

IT IS SO ORDERED.

Dated: June 4, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE