UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:18-cv-490-JAM-KJN |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR LEAVE TO INTERVENE BY CALIFORNIA PARTNERSHIP TO END DOMESTIC VIOLENCE AND THE COALITION FOR HUMANE IMMIGRANT RIGHTS** |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

    The California Partnership to End Domestic Violence and the Coalition for Humane Immigrant Rights (collectively "Intervenor-Defendants") filed a Motion to Intervene as Defendants in this pending case between the United States and the State of California. ECF No. 73. Intervenor-Defendants seek to intervene in order to defend the California Values Act ("Senate Bill 54" or "SB 54") on behalf of their members and clients. Both the United States and California oppose intervention. ECF Nos. 149 & 151. For the reasons set forth below, Intervenor-Defendants' motion is DENIED.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 5, 2018.

I. BACKGROUND

The United States filed suit against the State of California, Governor Edmund G. Brown Jr., and Attorney General Xavier Becerra (collectively "California") on March 6, 2018, seeking a declaration invalidating, and a preliminary and permanent injunction enjoining, certain parts of SB 54, Assembly Bill 450, and Assembly Bill 103. Compl., ECF No. 1. It concurrently filed a motion for preliminary injunction. ECF No. 2. California filed its opposition to that motion and a motion to dismiss on May 4, 2018. ECF Nos. 74 & 77. Since the United States filed suit, the parties have litigated discovery matters, undertaken expedited discovery, and participated in multiple discovery conferences. ECF Nos. 20, 21, 22, 26, 28, 84, 95, 100, 118, & 157. California filed a motion to transfer venue to the Northern District of California, which the Court denied on March 29, 2018. ECF Nos. 18 & 39. By consent of the parties or the Court's permission, twenty-two amicus and amici curiae briefs have been filed. ECF Nos. 43, 44, 48, 55-57, 104, 112, & 126-140.

Intervenor-Defendants are nonprofit organizations that contend their members and clients will be impacted if provisions of SB 54 are enjoined. The California Partnership to End Domestic Violence ("the Partnership") is a statewide organization comprised of organizations—including direct services providers—and individuals that work to address domestic violence and provide support for victims. Moore Decl., ECF No. 73-4, ¶¶ 2-3. The Partnership's direct service provider members serve immigrant populations and the Partnership provides training and programming

related to issues affecting immigrant survivors, witnesses, and their families. Id. ¶¶ 6-7. The Coalition for Humane Immigrant Rights ("the Coalition") is a statewide membership organization whose mission is to advance human and civil rights of immigrants and refugees, promote multi-ethnic and multi-racial human relations, and empower immigrants and their allies. Salas Decl., ECF No. 73-5, ¶¶ 2-3. The Coalition organizes regional member meetings, educates the community through trainings, workshops, and literature, provides direct legal services, engages in direct political advocacy, and runs a hotline that provides information and referrals. Id. ¶¶ 4-5. Both organizations supported SB 54's passage and believe the laws enacted are important to their members' interests. Mot. at 3-4. They seek to intervene to ensure the challenged provisions of SB 54 are not struck down or enjoined.

## II. INTERVENTION AS OF RIGHT

### A. Legal Standard

Intervenor-Defendants contend that they are entitled to intervene in this lawsuit as of right. "On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Courts in the Ninth Circuit apply a four part test to determine

///

whether such a motion should be granted:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

Wilderness Soc. v. U.S. Forest Serv., 630 F.3d 1173, 1177 (9th Cir. 2011) (quoting Sierra Club v. U.S. E.P.A., 995 F.2d 1478, 1481 (9th Cir. 1993)). "Failure to satisfy any one of the requirements is fatal to the application, and [the Court] need not reach the remaining elements if one of the elements is not satisfied." Perry v. Proposition 8 Official Proponents, 587 F.3d 947, 950 (9th Cir. 2009).

Both the United States and California (collectively "the Parties") oppose intervention, primarily arguing that California will adequately represent Intervenor-Defendants' interests.

In determining the adequacy of representation, district courts consider "whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; whether the present party is capable and willing to make such arguments; and whether the intervenor would offer any necessary elements to the proceedings that other parties would neglect." People of State of Cal. v. Tahoe Reg'l Planning Agency, 792 F.2d 775, 778 (9th Cir. 1986). "The 'most important factor' to determine whether a proposed intervenor is adequately represented by a present party to the action is 'how the [intervenor's] interest compares with the interests of existing parties.'" Perry, 587 F.3d at 950–51 (quoting Arakaki v. Cayetano, 324 F.3d

4

1078, 1086 (9th Cir. 2003)). A presumption of adequacy arises when the applicant and an existing party have the same ultimate objective. Perry, 587 F.3d at 951; see also League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1305 (9th Cir. 1997) ("Under well-settled precedent in this circuit, where an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises."). Additionally, courts presume adequacy of representation when the existing party is a government body acting on behalf of its constituency. Arakaki, 324 F.3d at 1086 ("There is also an assumption of adequacy when the government is acting on behalf of a constituency that it represents."). With each presumption, the applicant must make a compelling showing— and in the case of government representation, a very compelling showing—that its interests are not adequately represented. Id.

B. Application

At the outset, the Parties assert that California adequately represents Intervenor-Defendants' interests in this litigation. They argue that the heightened standard applies to Intervenor-Defendants' motion because Intervenor-Defendants share the "same ultimate objective" as California. Pl. Opp. at 5-7; Def. Opp. at 4-5. They further argue that California's status as a "government body acting on behalf of its constituency" reinforces this presumption. Pl. Opp. at 8-11; Def. Opp. at 5-6.

Intervenor-Defendants argue that adequate representation cannot be presumed unless their interests and California's interests "align precisely." Mot. at 11 (citing Brumfield v. Dodd, 749 F.3d 339, 345 (5th Cir. 2014) ("Although both the state

and the parents vigorously oppose dismantling the voucher
program, their interests may not align precisely.")).  That is
not the case here, they argue, because (1) California has broader
interests to protect than Intervenor-Defendants, (2) California
has an interest in maintaining relationships with entities—the
Federal Government and certain localities—that oppose SB 54, and
(3) California seeks to defend each law subject to this lawsuit
and not just SB 54.  Id. at 11–12.

Precise alignment of interests is not the legal standard in
the Ninth Circuit.  Rather, the Court is bound to presume
adequate representation if Intervenor-Defendants and California
share the same "ultimate objective."  See Perry, 587 F.3d at 951.

Intervenor-Defendants have not shown that they have an
objective distinct from that of California.  Both seek to defend
the constitutionality of SB 54 and ensure that the law is upheld.
See Perry, 587 F.3d at 951 ("[I]t is apparent to us that the
ultimate objective of the Campaign [(proposed intervenor)] and
the Proponents is identical—defending the constitutionality of
Prop. 8 and the principle that the traditional definition of
marriage is the union of a man and a woman."); Prete v. Bradbury,
438 F.3d 949, 957 (9th Cir. 2006) ("Here, the ultimate objective
for both defendant and intervenor-defendants is upholding the
validity of Measure 26.  Thus, a presumption arises that
defendant is adequately representing intervenor-defendants'
interests.").  The Court finds Intervenor-Defendants' ultimate
objective is identical to California's and therefore a
presumption of adequacy applies. Additionally, a "second
presumption" applies because California is a government entity

representing a constituency that includes Intervenor-Defendants. See Prete, 438 F.3d at 957 ("While it is unclear whether this 'assumption' rises to the level of a second presumption, or rather is a circumstance that strengthens the first presumption, it is clear that '[i]n the absence of a "very compelling showing to the contrary," it will be presumed that' the Oregon government adequately represents the interests of the intervenor-defendants.") (citations omitted).

California's responsibility to protect the "broader public interest" does not, by itself, thwart the applicable presumptions. See Mot. at 11. A government entity is necessarily charged with representing interests beyond those attributable to individual members or groups of its constituency. If this breadth alone were sufficient to show inadequate representation, the presumption applied to government entities would be hollow. Indeed, the Ninth Circuit has presumed, and found, adequate representation in similar circumstances. See, e.g., Prete, 438 F.3d at 957 (presuming, and finding, adequate representation where the Oregon government and Intervenor-Defendants shared the same ultimate objective in upholding the validity of a ballot measure); Freedom from Religion Found., Inc. v. Geithner, 644 F.3d 836, 841 (9th Cir. 2011) (presuming, and finding, adequate representation where the federal defendants shared Intervenor-Defendants ultimate objective of upholding the constitutionality of the challenged statues).

For similar reasons, the Court does not find inadequate representation based on California's interest in maintaining its relationship with the federal government and its own localities.

All government entities have a variety of relationships to maintain and this attribute alone does not establish inadequacy. See League of United Latin American Citizens, 131 F.3d 1297 (finding adequate representation where California's governor had shown unwavering support for the challenged law). Nor is representation inadequate just because California will defend each law subject to this litigation and not only SB 54. Intervenor-Defendants have not demonstrated how defending the entire action might constrain or impede California's defense of SB 54. It is uncontroverted that California will vigorously defend SB 54 in pursuit of their shared goals. Cf. Yniguez v. State of Ariz., 939 F.2d 727, 737 (9th Cir. 1991) (finding inadequate representation where the defendant-Governor had decided not to appeal the district court's adverse decision and had adopted a narrower construction of a ballot initiative than the supporters of the initiative who sought to intervene); Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 525 (9th Cir. 1983) (finding possibility of inadequate representation where the defendant Secretary of the Interior was previously the head of the organization representing the plaintiffs in the action). Without more, the traits cited in Intervenor-Defendants' motion are inconsequential.

In their Reply brief, Intervenor-Defendants argue they should be allowed to intervene because they raise arguments in their Proposed Opposition to the Preliminary Injunction that California failed to make. Rep. at 3; compare Proposed Opp. to PI, ECF No. 73-2, with Def. Opp. to PI, ECF No. 74. Although courts consider, *inter alia*, "whether the interest of a present

party is such that it will undoubtedly make all of a proposed intervenor's arguments," "the most important factor in determining the adequacy of representation is how the interest compares with the interests of existing parties." Arakaki, 324 F.3d at 1086. Once the presumptions apply, a very compelling showing is required. Id. Here, while Intervenor-Defendants might have authored California's Opposition differently, the thrust of their arguments are substantially the same as is the ultimate relief that they seek. See Def. Opp. to PI at 10-22; Proposed Opp. to PI at 4-23. Intervenor-Defendants have not adequately demonstrated that their distinct arguments—or case citations—are tied to interests unique to their members and divergent from those of California. They also have not shown, and cannot show, that California is unwilling or incapable of making any arguments that would advance their shared interest.

Finally, Intervenor-Defendants argue that their interpretation of SB 54 differs from California's in two ways. First, they "do not share the State's view that the SB 54 allows localities to share release dates and addresses with DHS simply by making them public." Rep. at 3. Second, they do not "agree that localities can share addresses with DHS through the CLETS database." Id. Thus, they contend, intervention is necessary "to allow [them] to defend [SB 54] without relying on legal interpretations that, if accepted, would reduce the protection [SB 54] provides to their members and clients. Rep. at 3.

This argument, too, falls short of compelling. Although Intervenor-Defendants cite pages of California's brief that contain the contested interpretations of California Government

Code § 7284.6, Rep. at 3, they have not shown that their allegedly distinct interpretations of the statute have merit. See California ex rel. Lockyer v. United States, 450 F.3d 436, 444 (9th Cir. 2006) ("In order to make a 'very compelling showing' of the government's inadequacy, the proposed intervenor must demonstrate a likelihood that the government will abandon or concede a potentially meritorious reading of the statute."). Nor does such support appear in their Proposed Opposition. See Proposed Opp. to PI, ECF No. 73-2. Furthermore, the Court finds that these alleged distinctions are not material to the outcome that both California and Intervenor-Defendants seek. Cf. Lockyer, 450 F.3d at 445 (finding inadequate representation where differences in construction of a statute "go to the heart of the defense").

Given the absence of a compelling argument to the contrary, the Court finds California will adequately represent Intervenor-Defendants' interests in this litigation. Because the "failure to satisfy any one of the requirements is fatal to the application," the Court need not, and does not, address the remaining elements. Perry, 587 F.3d at 950. Intervenor-Defendants' motion to intervene as of right is denied.

### III. PERMISSIVE INTERVENTION

#### A. Legal Standard

Alternatively, Intervenor-Defendants request permissive intervention under Federal Rule of Civil Procedure 24(b). "On timely motion, the court may permit anyone to intervene who is given a conditional right to intervene by a federal statute; or

has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). "[A] court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." Nw. Forest Res. Council v. Glickman, 82 F.3d 825,839 (9th Cir. 1996).

"Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998). In doing so, the Court may again "evaluate whether the movant's 'interests are adequately represented by existing parties.'" Venegas v. Skaggs, 867 F.2d 527, 530 (9th Cir. 1989) aff'd sub nom. Venegas v. Mitchell, 495 U.S. 82 (1990).

B. Application

The Court is compelled to deny Intervenor-Defendants' motion for permissive intervention for the same reasons they may not intervene as of right, i.e., there is no reason to doubt that California will not fully, vigorously and adequately represent their interests in this litigation.

Furthermore, the Court finds the addition of Intervenor-Defendants to this lawsuit will contribute little to resolution of the claims. This lawsuit fundamentally concerns the relationship between two sovereign entities: the United States and the State of California. The claims turn on legal questions. See Astiana v. Hain Celestial Grp., 783 F.3d 753, 757 (9th Cir.

2015) (describing preemption as a "purely legal question"). This litigation presents complex constitutional issues that are more likely to be complicated by the introduction of litigants such as Intervenor-Defendants who seek to advance interests that are not necessary to the determination of whether SB 54 is facially lawful. Under these circumstances, the Court agrees with the United States and the State of California that the proper role for Intervenor-Defendants is as amici. See Blake v. Pallan, 554 F.2d 947, 955 (9th Cir. 1977) (while litigation might benefit from proposed intervenor's knowledge of law and facts, "such benefits might be obtained by an amicus brief rather than bought with the price of intervention").

### IV. ORDER

For the reasons set forth above, Intervenor-Defendants' Motion to Intervene is DENIED. Intervenor-Defendants may file amici curiae brief by Tuesday, June 12, 2018.

IT IS SO ORDERED.

Dated: June 4, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE