UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>         Defendants. | No. 2:18-cv-490-JAM-KJN<br><br>**ORDER RE REQUESTS FOR JUDICIAL NOTICE** |

In support of and opposition to Plaintiff's pending Motion for Preliminary Injunction, ECF No. 2, and Defendants' Motion to Dismiss, ECF No. 77, the parties each submitted a Request for Judicial Notice, ECF Nos. 78 & 173. Neither party has opposed judicial notice of any of the exhibits. This Order sets forth the Court's decision on each exhibit for which judicial notice has been requested.

## I.   LEGAL STANDARD

Under the Federal Rules of Evidence, the Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial

1

court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201. The rule governs judicial notice of adjudicative, rather than legislative, facts.

Even when a court takes judicial notice of a party's exhibits—such as legislative history and government documents—the findings and statements within those documents frequently contain facts that may be disputed and conclusions that involve interpretation, opinion, and judgment. See In re Easysaver Rewards Litigation, 737 F. Supp. 2d 1159, 1171 (S.D. Cal. 2010). The Court may not take judicial notice of disputed facts stated in public records. Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001). The Court's reliance on any exhibits it deems to be proper subjects of judicial notice, therefore, will be constrained by this rule.

II. PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

A. News Articles and Press Release

Plaintiff requests judicial notice of various news articles, Pl. RFJN, Exhs. 1, 5, & 7, and a Press Release from Assemblymember Chiu, id., Exh. 4. The contents of the articles and press release are not facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. While the Court might take notice of such publications to "indicate what was in the public realm at the time," it cannot take notice of their contents as being true. See Gerritsen v. Warner Bros. Entm't Inc., 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015). Because the question of what information

was available in the public realm is irrelevant to this dispute, the Court declines to take judicial notice of these publications.

B. <u>Legislative History</u>

Plaintiff requests judicial notice of two legislative hearings on the proposed bills, Pl. RFJN, Exhs. 2 & 3, and two reports issued by the California Committee on the Judiciary, <u>id.</u> Exhs. 13 & 14. "Legislative history is properly a subject of judicial notice." <u>Anderson v. Holder</u>, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012); <u>see</u> <u>Ramos v. Capital One, N.A.</u>, No. 17-CV-00435-BLF, 2017 WL 3232488, at *3 (N.D. Cal. July 27, 2017) (taking judicial notice of senate committee hearing notes). The Court takes judicial notice of these exhibits.

C. <u>Government Statistics and Reports</u>

Plaintiff requests judicial notice of statistics published by the Bureau of Justice Statistics and the California Department of Corrections and Rehabilitation, contained in Exhibits 8 and 9. Pl. RFJN. Statistics published by the government, which no party disputes, are properly subject to judicial notice. <u>See</u> <u>United States v. Orozco-Acosta</u>, 607 F.3d 1156, 1164 n.5 (9th Cir. 2010); <u>Castro v. ABM Indus. Inc.</u>, No. 14-CV-05359-YGR, 2015 WL 1520666, at *1 n.1 (N.D. Cal. Apr. 2, 2015). Further, as explained below, these publicly available reports published by government entities are proper subjects of judicial notice. The Court thus takes judicial notice of Exhibits 8 and 9.

D. <u>Publicly Available Government Documents</u>

Finally, Plaintiff seeks judicial notice of the California Department of Justice's published and publicly available memoranda and press releases, Pl. RFJN, Exhs. 6, 10, 11, 12, 15,

3

& 17, and an ICE policy document, id., Exh. 16.  The Court may take judicial notice of records and reports of government entities, including when that information is posted on a government webpage.  Anderson, 673 F.3d at 1094 n.1; Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010) (taking judicial notice of information made publicly available by a government entity on its website).  Accordingly, the Court takes judicial notice of these exhibits.

### III. DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

#### A. News Articles

Defendants ask the Court to take judicial notice of news articles from various publications throughout California.  Def. RFJN, Exh. L.  As explained above, although the Court might take notice of such publications to "indicate what was in the public realm at the time," it cannot take notice of their contents as being true.  See Gerritsen v. Warner Bros. Entertainment Inc., 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015).  The facts in these articles are not proper subjects for judicial notice and the Court declines to take judicial notice of Defendants' Exhibit L.

#### B. Legislative History

Defendants request judicial notice of several legislative reports made available by the California Legislature.  Def. RFJN, Exhs. F, G, I, & J.  Because "[l]egislative history is properly a subject of judicial notice," Anderson, 673 F.3d at 1094 n.1, the Court takes judicial notice of these exhibits.

#### C. Publicly Available Government Documents

Like Plaintiff, Defendants seek judicial notice of a number

of publicly available government documents released by the United States Department of Homeland Security and the California Department of Justice. Def. RFJN, Exhs. A, B, C, D, E, H, & K. The Court takes judicial notice of these documents. See Anderson, 673 F.3d at 1094 n.1 ("We may take judicial notice of records and reports of administrative bodies."); Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010) (taking judicial notice of information made publicly available by a government entity).

## IV. ORDER

For the reasons set forth above, the Court takes judicial notice of Plaintiff's Exhibits 2, 3, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17 attached to its Request for Judicial Notice. The Court also takes judicial notice of Defendants' Exhibits A, B, C, D, E, F, G, H, I, J, and K. The Court declines to take judicial notice of Plaintiff's Exhibits 1, 4, 5, and 7, and Defendants' Exhibit L.

IT IS SO ORDERED.

Dated: June 15, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE