UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:18-cv-490-JAM-KJN |
| Plaintiff, | |
| v. | **ORDER RE: STATE OF CALIFORNIA'S MOTION TO DISMISS** |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

In response to the United States of America's ("Plaintiff" or "United States") allegations that California overstepped its authority and violated the Supremacy Clause, the State of California ("Defendant" or "California")[1] moves to dismiss the Complaint in its entirety.  ECF No. 77.  The United States opposes dismissal.  ECF No. 166.

///

---

[1] Because Edmund Gerald Brown Jr., Governor of California, and Xavier Becerra, Attorney General of California, are sued in their official capacities only, the Court will address all three named defendants as "California" or "Defendant."

1

1    The parties appeared before the Court on June 20, 2018, and
2    argued the merits of the United States' claims as they related to
3    the United States' pending Motion for Preliminary Injunction and
4    California's pending Motion to Dismiss.  The Court filed its
5    Order Re: The United States of America's Motion for Preliminary
6    Injunction on July 5, 2018, in which the Court set forth, in
7    detail, its evaluation of the United States' claims and the
8    challenged state laws.  ECF No. 193.  The Court concluded the
9    United States is not likely to succeed on the merits of its
10   Supremacy Clause claims against SB 54, AB 103, and the notice
11   requirement provision of AB 450.  It also found the United States
12   has shown a likelihood of success on its claim against the
13   remaining provisions of AB 450, as those provisions apply to
14   private employers.

15   For the reasons set forth in the Court's Preliminary
16   Injunction Order, and as explained further below, Defendant's
17   motion to dismiss is granted in part and denied in part.

18

19                          I.   OPINION

20   A.   Legal Standard

21   Defendant moves to dismiss the Complaint under Federal Rule
22   of Civil Procedure 12(b)(6).  In reviewing such motion, the Court
23   "inquire[s] whether the complaint's factual allegations, together
24   with all reasonable inferences, state a plausible claim for
25   relief."  Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,
26   637 F.3d 1047, 1054 (9th Cir. 2011).  "Dismissal can be based on
27   the lack of a cognizable legal theory or the absence of
28   sufficient facts alleged under a cognizable legal theory."

                              2

1  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir.

2  1988).

3       B.   <u>Assembly Bill 103</u>

4       AB 103 directs the California Attorney General's attention

5  to civil immigration detention facilities within the State and

6  establishes a review and reporting requirement with respect to

7  those facilities.  Plaintiff's theory of liability rests on the

8  notion that federal law preempts that new requirement and that

9  the new requirement conflicts with 8 C.F.R. § 236.6.  Opp'n at 9.

10 Additionally, Plaintiff argues that AB 103 violates the

11 intergovernmental immunity doctrine.  <u>Id.</u> at 10.

12      The Court finds AB 103 does not violate the Supremacy

13 Clause.  As explained in the Preliminary Injunction Order, the

14 Court does not find any indication in the cited federal statutes

15 that Congress intended for States to have no oversight over

16 detention facilities operating within their borders.  Order at

17 12–19.  AB 103's review and reporting requirement does not give

18 California a role in determining whether an immigrant should be

19 detained or removed from the country, nor does it place any

20 substantive requirements or burdens on these detention facilities

21 apart from providing access.  <u>Id.</u> at 14–16.  The Court finds no

22 conflict between AB 103 and 8 C.F.R. § 236.6; on its face, AB 103

23 only requires disclosure of records to the Attorney General and

24 does not contemplate the release of detainee information to the

25 public.  <u>Id.</u> at 17–18.  Finally, the Court finds that the minimal

26 burden the reviews place on the facilities does not violate the

27 intergovernmental immunity doctrine.  <u>Id.</u> at 19.

28      For these reasons and those stated in this Court's

1   Preliminary Injunction Order, at 12–19, Plaintiff's Supremacy

2   Clause claim against AB 103 is dismissed.

3        C.   Assembly Bill 450 – Consent, Access, and
             Reverification Provisions
4

5        AB 450 added several provisions to California law.  It added

6   sections to the California Government Code that prohibit

7   employers from providing voluntary consent to an immigration

8   enforcement agent to enter nonpublic areas of a place of labor or

9   to access, review, or obtain the employer's employee records.

10  Cal. Gov't Code §§ 7285.1, 7285.2.  It also added a provision to

11  the Labor Code that prohibits employers from reverifying the

12  employment eligibility of current employees when not required by

13  federal law.  Cal. Lab. Code § 1019.2.

14       The Court preliminarily enjoined these three laws.  Order at

15  60.  Suffice it to say, the Court finds that Plaintiff has stated

16  a plausible claim for relief with respect to these provisions.

17  The Court denies Defendant's motion to dismiss Plaintiff's claim

18  as to California Government Code Sections 7285.1 and 7285.2 and

19  California Labor Code Section 1019.2.

20       D.   Assembly Bill 450 – Notice Requirement

21       AB 450 also added a provision to the California Labor Code

22  that requires employers to provide notice to their employees "of

23  any inspections of I-9 Employment Eligibility Verification forms

24  or other employment records conducted by an immigration agency

25  within 72 hours of receiving notice of the inspection."  Cal.

26  Lab. Code § 90.2(a)(1).  The law also requires employers to

27  provide affected employees with the results of the inspection.

28  Id. § 90.2(b).  Plaintiff argues this law is impermissible

4

1    because "it would be unthinkable for a state to require that

2    suspects be warned of upcoming criminal investigations by the

3    Federal Bureau of Investigation, or that suspects be kept up to

4    date on the results of investigative work done by the Bureau."

5    Opp'n at 8.

6        The Court does not agree with Plaintiff's characterization

7    of this provision.  Order at 27–28.  The law does no more than

8    extend the notice afforded employers—the primary targets of IRCA

9    enforcement actions—to employees.  Id.  Further, because employer

10   liability is based on an employer's failure to communicate

11   information to its employees, and not on the employer's choice to

12   "deal with" immigration enforcement, the provision does not

13   violate the intergovernmental immunity doctrine.  Id.

14       For these reasons and those stated in this Court's

15   Preliminary Injunction Order, at 27–28, Plaintiff's Supremacy

16   Clause claim against California Labor Code Section 90.2 is

17   dismissed.

18       E.   Senate Bill 54

19       Senate Bill 54 ("SB 54") added several provisions to the

20   government code that Plaintiff challenges.  SB 54 restricts

21   California law enforcement agencies from sharing an individual's

22   release dates and personal information (i.e. home and work

23   addresses) for immigration enforcement purposes.  Cal. Gov't Code

24   § 7284.6(a)(1)(C) & (D).  It further restricts those agencies

25   from transferring individuals to immigration authorities.  Cal.

26   Gov't Code § 7284.6(a)(4).

27       The Court finds that the challenged provisions of SB 54 do

28   not violate the Supremacy Clause.  See Order at 32–57.  Because

1   "information regarding immigration or citizenship status" does

2   not include an immigrant's release date or home and work

3   addresses, SB 54 does not directly conflict with 8 U.S.C. § 1373.

4   Id. at 32-41.  For the reasons set forth in Part III.A.3.b. of

5   the Preliminary Injunction Order, the Court also finds that the

6   INA does not preempt SB 54.  Id. at 42-55.  Finally, the Court

7   finds SB 54 does not violate the doctrine of intergovernmental

8   immunity because it falls outside of the doctrine's scope or,

9   alternatively, because California's reasons for enacting the law

10  justify the differential treatment, if any.  Id. at 55-57.

11      For these reasons and those stated in this Court's

12  Preliminary Injunction Order, at 32-57, Plaintiff's Supremacy

13  Clause claim against SB 54 is dismissed.

14      F.   Leave to Amend

15      Neither party addressed whether the Court should grant

16  Plaintiff leave to amend the Complaint.  However, "a district

17  court should grant leave to amend even if no request to amend the

18  pleading was made, unless it determines that the pleading could

19  not possibly be cured by the allegation of other facts."  Cook,

20  Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d

21  242, 247 (9th Cir. 1990).

22      Given the nature of Plaintiff's claims, the Court finds

23  amendment would be futile.  Plaintiff challenges the

24  constitutional validity of the state laws and resolution of its

25  claims turns on questions of law.  The parties have extensively

26  litigated these issues over the past several months.  The Court

27  finds new allegations will not cure the deficiencies in

28  Plaintiff's Complaint and leave to amend is therefore denied.

## II.   ORDER

For the reasons set forth above, and incorporated by reference herein, the Court GRANTS Defendant's motion to dismiss Plaintiff's Supremacy Clause claims against AB 103, SB 54, and California Labor Code Section 90.2 (added by AB 450) without leave to amend.  The Court DENIES Defendant's motion to dismiss Plaintiff's Supremacy Clause claim with respect to California Government Code Sections 7285.1 and 7285.2 and California Labor Code Section 1019.2 (added by AB 450).

The parties shall file an amended Joint Status Report no later than July 31, 2018. The parties should specifically address how they anticipate the case will proceed in this Court and suggest dates for discovery cut-off, expert witness disclosure, filing of dispositive motions, pretrial conference and trial.

IT IS SO ORDERED.

Dated:  July 9, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE