1  Xavier Becerra
   Attorney General of California
2  Thomas S. Patterson
   Senior Assistant Attorney General
3  Anthony Hakl
   Michael Newman
4  Satoshi Yanai
   Supervising Deputy Attorneys General
5  Christine Chuang
   Cherokee DM Melton
6  Lee I. Sherman
   Deputy Attorneys General
7  State Bar No. 272271
    300 S. Spring Street
8   Los Angeles, CA  90013
    Telephone:  (213) 269-6404
9   Fax:  (213) 897-7605
    E-mail:  Lee.Sherman@doj.ca.gov
10 *Attorneys for Defendants*

11              IN THE UNITED STATES DISTRICT COURT

12           FOR THE EASTERN DISTRICT OF CALIFORNIA

13                    SACRAMENTO DIVISION

14

15

16 **THE UNITED STATES OF AMERICA,**         Case No. 2:18-cv-00490-JAM-KJN

17                              Plaintiff,    **DEFENDANTS' ANSWER TO**
                                              **PLAINTIFF UNITED STATES'**
18         **v.**                             **COMPLAINT**

19 **THE STATE OF CALIFORNIA; EDMUND**
   **GERALD BROWN JR., Governor of**          Judge:        Honorable John A. Mendez
20 **California, in his official capacity; and**   Trial Date:   None set
   **XAVIER BECERRA, Attorney General of**    Action Filed:  March 6, 2018
21 **California, in his official capacity,**

22                             **Defendants.**

23

24

25

26

27

28

1   Defendants State of California, Edmund G. Brown Jr., Governor of California, in his

2   official capacity, and Xavier Becerra, Attorney General of California, in his official capacity

3   ("California" or "Defendants"), answer and otherwise respond to the Complaint filed by Plaintiff

4   United States of America ("Plaintiff" or "United States") on March 6, 2018 as follows.

5   California's responses are made without waiving, and expressly reserving, all rights that

6   California has to file dispositive motions addressed to the Plaintiff's remaining claims asserted in

7   the Complaint.  California also does not respond to, and is not obligated to respond to, allegations

8   pertaining to claims that have been dismissed without leave to amend pursuant to the Court's July

9   9, 2018 Order, ECF No. 197, namely the portion of Plaintiff's first cause of action against

10  California Labor Code section 90.2 and Plaintiff's second and third causes of action in their

11  entirety, as those claims are no longer part of this lawsuit.  Except as expressly admitted herein,

12  all allegations in the Complaint are denied.

13  **RESPONSES TO ALLEGATIONS**

14  The allegations contained in the first unnumbered paragraph of the Complaint are

15  introductory and conclusory in nature, and therefore no response is required.  To the extent a

16  response is required, California admits that Plaintiff purports to assert certain claims in its

17  Complaint and seeks certain remedies in connection with those claims, and denies that Plaintiff is

18  entitled to any relief.  To the extent any of the allegations in this paragraph pertain to Plaintiff's

19  claim against California Labor Code section 90.2 or Plaintiff's second and third causes of action,

20  California responds that those claims are no longer part of this lawsuit (*see* ECF No. 197), and

21  accordingly, no response is required as to allegations directed at those causes of action.

22  **PRELIMINARY STATEMENT**

23  1.   The allegations contained in the first sentence of Paragraph 1 describe the relief

24  Plaintiff seeks and are conclusory in nature, and therefore no response is required.  To the extent a

25  response is required, California admits that Plaintiff purports to assert certain claims in its

26  Complaint and seeks certain remedies in connection with those claims, denies the remaining

27  allegations contained in the first sentence of Paragraph 1, and denies that Plaintiff is entitled to

28  any relief.  The allegations contained in the second sentence of Paragraph 1 state legal

1

conclusions, and therefore no response is required.  To the extent a response is required, California denies the allegations contained in the second sentence of Paragraph 1.  Further responding, to the extent any of the allegations in Paragraph 1 pertain to Plaintiff's claim against California Labor Code section 90.2 or Plaintiff's second and third causes of actions, California responds that those claims are no longer part of this lawsuit (*see* ECF No. 197), and accordingly, no response is required as to allegations directed at those causes of action.

2.      The allegations contained in Paragraph 2 state legal conclusions, and therefore no response is required.  To the extent a response is required, California answers that the United States Constitution and the "numerous acts of Congress" described in the second sentence of Paragraph 2 speak for themselves, denies anything beyond the face of the United States Constitution or acts of Congress described in Paragraph 2, and further denies that California's laws obstruct, conflict with, or discriminate against, federal immigration enforcement efforts. Further responding, to the extent any of the allegations in Paragraph 2 pertain to Plaintiff's claim against California Labor Code section 90.2 or Plaintiff's second and third causes of actions, California responds that those claims are no longer part of this lawsuit (*see* ECF No. 197), and accordingly, no response is required as to allegations directed at those causes of action.

3.      The allegations contained in Paragraph 3 state legal conclusions, and therefore no response is required.  To the extent a response is required, California admits that Plaintiff purports to assert certain claims in its Complaint, and denies the remaining allegations in Paragraph 3. Further responding, to the extent any of the allegations in Paragraph 3 pertain to Plaintiff's claim against California Labor Code section 90.2 or Plaintiff's second and third causes of actions, California responds that those claims are no longer part of this lawsuit (*see* ECF No. 197), and accordingly, no response is required as to allegations directed at those causes of action.

4.      In response to the allegations contained in Paragraph 4, California states that the statute, Assembly Bill (AB) 450, speaks for itself.  Further answering, California admits that AB 450 regulates private employers' discretion to voluntarily consent to requests from immigration enforcement agents to enter the nonpublic areas of places of labor and to access an employer's employee records, and denies the remaining allegations in Paragraph 4.  To the extent any of the

2

1    allegations in Paragraph 4 pertain to Plaintiff's claim against California Labor Code section 90.2,

2    California responds that this claim is no longer part of this lawsuit (*see* ECF No. 197), and

3    accordingly, no response is required as to allegations directed at this cause of action.

4         5.    Paragraph 5 concerns a claim that is no longer a cause of action in this lawsuit.  (*See*

5    ECF No. 197.)  Accordingly, no response is required to the allegations contained in this

6    paragraph.

7         6.    Paragraph 6 concerns a claim that is no longer a cause of action in this lawsuit.  (*See*

8    ECF No. 197.)  Accordingly, no response is required to the allegations contained in this

9    paragraph.

10        7.    The allegations contained in Paragraph 7 state legal conclusions, and therefore no

11   response is required.  To the extent a response is required, California answers that the state laws

12   at issue, the Supremacy Clause, and the United States Constitution described in Paragraph 7

13   speak for themselves.  California denies anything beyond the face of the state laws at issue, the

14   Supremacy Clause, and the United States Constitution, and further denies that California's laws

15   obstruct the United States' ability to enforce laws that Congress has enacted or to perform its

16   duties under the Constitution.  Further responding, to the extent any of the allegations in

17   Paragraph 7 pertain to Plaintiff's claim against California Labor Code section 90.2 or Plaintiff's

18   second and third causes of actions, California responds that those claims are no longer part of this

19   lawsuit (*see* ECF No. 197), and accordingly, no response is required as to allegations directed at

20   those causes of action.

21                            **JURISDICTION AND VENUE**

22        8.    California states that the allegations contained in Paragraph 8 state conclusions of law

23   to which no response is required.  To the extent a response is required, California admits only that

24   the Court has jurisdiction over the portions of the first cause of action that have not been

25   dismissed from the Complaint, and to the extent any of the allegations in Paragraph 8 pertain

26   to Plaintiff's claim against California Labor Code section 90.2 or Plaintiff's second and third

27   causes of actions, California responds that those claims are no longer part of this lawsuit (*see* ECF

28

Defendants' Answer to Plaintiff United States' Complaint                    (18-cv-00490-JAM-KJN)

1    No. 197), and accordingly, no response is required as to allegations directed at those causes of

2    action.

3         9.    California states that the allegations contained in Paragraph 9 state conclusions of law

4    to which no response is required.  To the extent a response is required, California admits only that

5    it has offices within the Eastern District of California, and denies the remaining allegations in

6    Paragraph 9.  Further responding, to the extent any of the allegations in Paragraph 9 pertain

7    to Plaintiff's claim against California Labor Code section 90.2 or Plaintiff's second and third

8    causes of actions, California responds that those claims are no longer part of this lawsuit (*see* ECF

9    No. 197), and accordingly, no response is required as to allegations directed at those causes of

10   action.

11        10.    California states that the allegations contained in Paragraph 10 state conclusions of

12   law to which no response is required.  To the extent a response is required, California denies the

13   allegations in Paragraph 10.  Further responding, to the extent any of the allegations in Paragraph

14   10 pertain to Plaintiff's claim against California Labor Code section 90.2 or Plaintiff's second and

15   third causes of actions, California responds that those claims are no longer part of this lawsuit

16   (*see* ECF No. 197), and accordingly, no response is required as to allegations directed at those

17   causes of action.

18                                     **PARTIES**

19        11.    California states that the allegations contained in Paragraph 11 state conclusions of

20   law to which no response is required.  To the extent a response is required, California admits

21   only, on information and belief, that the United States enforces the immigration laws through its

22   Executive agencies including the Department of Homeland Security and its component agencies,

23   and otherwise denies the allegations in Paragraph 11.  Further responding, to the extent any of the

24   allegations in Paragraph 11 pertain to Plaintiff's claim against California Labor Code section 90.2

25   or Plaintiff's second and third causes of actions, California responds that those claims are no

26   longer part of this lawsuit (*see* ECF No. 197), and accordingly, no response is required as to

27   allegations directed at those causes of action.

28        12.    California admits the allegations contained in Paragraph 12.

                                            4

13.     California admits the allegations contained in Paragraph 13, except to the extent any of the allegations in Paragraph 13 pertain to Plaintiff's claim against California Labor Code section 90.2 or Plaintiff's second and third causes of actions, California responds that those claims are no longer part of this lawsuit (*see* ECF No. 197), and accordingly, no response is required as to allegations directed at those causes of action.

14.     California admits the allegations contained in Paragraph 14, except to the extent any of the allegations in Paragraph 14 pertain to Plaintiff's claim against California Labor Code section 90.2 or Plaintiff's second and third causes of actions, California responds that those claims are no longer part of this lawsuit (*see* ECF No. 197), and accordingly, no response is required as to allegations directed at those causes of action.

## FEDERAL IMMIGRATION LAW

15.     The allegations contained in Paragraph 15 state legal conclusions, and therefore no response is required.  To the extent a response is required, California answers that the articles of the United States Constitution described in Paragraph 15 speak for themselves and denies anything beyond the face of the United States Constitution.  Further responding, to the extent any of the allegations in Paragraph 15 pertain to Plaintiff's claim against California Labor Code section 90.2 or Plaintiff's second and third causes of actions, California responds that those claims are no longer part of this lawsuit (*see* ECF No. 197), and accordingly, no response is required as to allegations directed at those causes of action.

16.     The allegations contained in Paragraph 16 state legal conclusions, and therefore no response is required.  To the extent a response is required, California answers that the United States Constitution described in the first sentence of Paragraph 16 and the cases quoted in the second sentence of Paragraph 16 speak for themselves and denies anything beyond the face of the United States Constitution and text of the cases described in Paragraph 16.  Further responding, to the extent any of the allegations in Paragraph 16 pertain to Plaintiff's claim against California Labor Code section 90.2 or Plaintiff's second and third causes of actions, California responds that those claims are no longer part of this lawsuit (*see* ECF No. 197), and accordingly, no response is required as to allegations directed at those causes of action.

5

17.     The allegations contained in Paragraph 17 state legal conclusions, and therefore no response is required.  To the extent a response is required, California states that the cases cited in Paragraph 17 speak for themselves, and denies anything beyond the text of the cases described in Paragraph 17.  Further responding, to the extent any of the allegations in Paragraph 17 pertain to Plaintiff's claim against California Labor Code section 90.2 or Plaintiff's second and third causes of actions, California responds that those claims are no longer part of this lawsuit (*see* ECF No. 197), and accordingly, no response is required as to allegations directed at those causes of action.

18.     The allegations contained in Paragraph 18 state legal conclusions, and therefore no response is required.  To the extent a response is required, California admits that Congress has enacted various provisions of the Immigration and Nationality Act (INA) and the Immigration Reform and Control Act of 1986 (IRCA), states that the INA and IRCA speak for themselves, and denies anything beyond the face of the INA and IRCA.  Further responding, to the extent any of the allegations in Paragraph 18 pertain to Plaintiff's claim against California Labor Code section 90.2 or Plaintiff's second and third causes of actions, California responds that those claims are no longer part of this lawsuit (*see* ECF No. 197), and accordingly, no response is required as to allegations directed at those causes of action.

19.     The allegations contained in Paragraph 19 state legal conclusions, and therefore no response is required.  To the extent a response is required, California states that the laws described in Paragraph 19 speak for themselves and denies anything beyond the face of the laws described in Paragraph 19.  Further responding, to the extent any of the allegations in Paragraph 19 pertain to Plaintiff's claim against California Labor Code section 90.2 or Plaintiff's second and third causes of actions, California responds that those claims are no longer part of this lawsuit (*see* ECF No. 197), and accordingly, no response is required as to allegations directed at those causes of action.

20.     The allegations contained in Paragraph 20 state legal conclusions, and therefore no response is required.  To the extent a response is required, California states that the laws described in Paragraph 20 speak for themselves and denies anything beyond the face of the laws

6

described in Paragraph 20. Further responding, to the extent any of the allegations in Paragraph

20 pertain to Plaintiff's claim against California Labor Code section 90.2 or Plaintiff's second and

third causes of actions, California responds that those claims are no longer part of this lawsuit

(*see* ECF No. 197), and accordingly, no response is required as to allegations directed at those

causes of action.

21.   The allegations contained in Paragraph 21 state legal conclusions, and therefore no

response is required. To the extent a response is required, California states that the case quoted in

the first sentence of Paragraph 21 and the laws described in the remainder of Paragraph 21 speak

for themselves and denies anything beyond the text of the case and the face of the laws described

in Paragraph 21. Further responding, to the extent any of the allegations in Paragraph 21 pertain

to Plaintiff's claim against California Labor Code section 90.2 or Plaintiff's second and third

causes of actions, California responds that those claims are no longer part of this lawsuit (*see* ECF

No. 197), and accordingly, no response is required as to allegations directed at those causes of

action.

22.   The allegations contained in Paragraph 22 state legal conclusions, and therefore no

response is required. To the extent a response is required, California states that the laws

described in Paragraph 22 speak for themselves and denies anything beyond the face of the laws

described in Paragraph 22. Further responding, to the extent any of the allegations in Paragraph

22 pertain to Plaintiff's claim against California Labor Code section 90.2 or Plaintiff's second and

third causes of actions, California responds that those claims are no longer part of this lawsuit

(*see* ECF No. 197), and accordingly, no response is required as to allegations directed at those

causes of action.

23.   The allegations contained in Paragraph 23 state legal conclusions, and therefore no

response is required. To the extent a response is required, California states that the regulation

described in Paragraph 23 speaks for itself and denies anything beyond the face of the regulation

described in Paragraph 23. Further responding, to the extent any of the allegations in Paragraph

23 pertain to Plaintiff's claim against California Labor Code section 90.2 or Plaintiff's second and

third causes of actions, California responds that those claims are no longer part of this lawsuit

7

1   (*see* ECF No. 197), and accordingly, no response is required as to allegations directed at those

2   causes of action.

3       24.    The allegations contained in Paragraph 24 state legal conclusions, and therefore no

4   response is required.  To the extent a response is required, California states that the case quoted in

5   the first sentence of Paragraph 24 and the laws described in the remainder of Paragraph 24 speak

6   for themselves and denies anything beyond the text of the case and the face of the laws described

7   in Paragraph 24.  Further responding, to the extent any of the allegations in Paragraph 24 pertain

8   to Plaintiff's claim against California Labor Code section 90.2 or Plaintiff's second and third

9   causes of actions, California responds that those claims are no longer part of this lawsuit (*see* ECF

10  No. 197), and accordingly, no response is required as to allegations directed at those causes of

11  action.

12      25.    The allegations contained in Paragraph 25 state legal conclusions, and therefore no

13  response is required.  To the extent a response is required, California states that the laws

14  described in Paragraph 25 speak for themselves and denies anything beyond the face of the laws

15  described in Paragraph 25.  Further responding, to the extent any of the allegations in Paragraph

16  25 pertain to Plaintiff's claim against California Labor Code section 90.2 or Plaintiff's second and

17  third causes of actions, California responds that those claims are no longer part of this lawsuit

18  (*see* ECF No. 197), and accordingly, no response is required as to allegations directed at those

19  causes of action.

20      26.    In response to Paragraph 26, California admits, on information and belief, only that

21  Customs Border Protection enforces the immigration laws at ports of entry and near the border in

22  California, and otherwise lacks knowledge and information sufficient to admit or deny the truth of

23  the remaining allegations in Paragraph 26, and so denies them.  Further responding, to the extent

24  any of the allegations in Paragraph 26 pertain to Plaintiff's claim against California Labor Code

25  section 90.2 or Plaintiff's second and third causes of actions, California responds that those

26  claims are no longer part of this lawsuit (*see* ECF No. 197), and accordingly, no response is

27  required as to allegations directed at those causes of action.

28

Defendants' Answer to Plaintiff United States' Complaint                    (18-cv-00490-JAM-KJN)

**CALIFORNIA PROVISIONS**

**Restrictions on Cooperation with Workplace Immigration Enforcement (AB 450)**

27.     In response to the allegations contained in the first sentence of Paragraph 27, California admits that on October 5, 2017, Governor Brown signed into law AB 450, which became effective on January 1, 2018.  In response to the allegations contained in the second sentence of Paragraph 27, California answers that they state legal conclusions, and therefore no response is required, and AB 450 speaks for itself.  To the extent a response is required, California admits that AB 450 regulates some private employers' interactions with immigration enforcement agents.  Except as specifically admitted herein, California denies all allegations contained in Paragraph 27.  Further responding, to the extent any of the allegations in Paragraph 27 pertain to Plaintiff's claim against California Labor Code section 90.2, California responds that this claim is no longer part of this lawsuit (*see* ECF No. 197), and accordingly, no response is required as to allegations directed at this cause of action.

28.     In response to the allegations in Paragraph 28, California answers that they state legal conclusions, and therefore no response is required.  To the extent a response is required, California admits that AB 450 added Section 7285.1(a) of the California Government Code, which speaks for itself.  Further responding, California admits that Section 7285.1(a) permits private employers to allow immigration enforcement agents access to nonpublic areas of places of labor when agents provide a judicial warrant or when employers are required to allow access under federal law.  Except as specifically admitted herein, California denies all allegations contained in Paragraph 28.

29.     The allegations contained in Paragraph 29 state legal conclusions, and therefore no response is required.  To the extent a response is required, California states that Section 7285.2(a)(1) of the California Government Code speaks for itself and denies anything beyond the face of Section 7285.2(a)(1).

30.     In response to the allegations contained in the first sentence of Paragraph 30, California answers that they state legal conclusions, and therefore no response is required.  To the extent a response is required, California states that Section 7285.2(a)(2) of the California

9

1   Government Code speaks for itself.  Further responding, California admits that Section

2   7285.2(a)(2) allows private employers to provide immigration enforcement agents access to and

3   the ability to review and obtain an employer's employee records as part of an I-9 Employment

4   Eligibility Verification or as otherwise identified in a Notice of Inspection.  Except as specifically

5   admitted herein, California denies all allegations contained in the first sentence of Paragraph

6   30.  In response to the remaining allegations of Paragraph 30, California states that they pertain to

7   Plaintiff's claim against California Labor Code section 90.2, which is no longer part of this

8   lawsuit (*see* ECF No. 197), and accordingly, no response is required as to allegations directed at

9   this cause of action.

10          31.    The allegations contained in Paragraph 31 state legal conclusions, and therefore no

11   response is required.  To the extent a response is required, California states that California

12   Government Code Sections 7285.1(b) and 7285.2(b) speak for themselves and denies anything

13   beyond the face of Sections 7285.1(b) and 7285.2(b).  Further responding, to the extent any of the

14   allegations in Paragraph 31 pertain to Plaintiff's claim against California Labor Code section

15   90.2, California responds that this claim is no longer part of this lawsuit (*see* ECF No. 197), and

16   accordingly, no response is required as to allegations directed at this cause of action.

17          32.    In response to the allegations in Paragraph 32, California answers that they state legal

18   conclusions, and therefore no response is required.  To the extent a response is required,

19   California admits that AB 450 added Section 1019.2(a) of the California Labor Code, which

20   speaks for itself.  Further responding, California admits that Section 1019.2(a) permits private

21   employers to re-verify the employment eligibility of a current employee where required to do so

22   under Section 1324a(b) of Title 8 of the United States Code.  Except as specifically admitted

23   herein, California denies all allegations contained in Paragraph 32.

24          33.    In response to the allegations in Paragraph 33, California answers that they state legal

25   conclusions, and therefore no response is required.  To the extent a response is required,

26   California denies the allegations contained in Paragraph 33.  Further responding, to the extent any

27   of the allegations in Paragraph 33 pertain to Plaintiff's claim against California Labor Code

28

1    section 90.2, California responds that this claim is no longer part of this lawsuit (*see* ECF No.

2    197), and accordingly, no response is required as to allegations directed at this cause of action.

3        34.    California states that it lacks knowledge and information sufficient to admit or deny

4    the allegations in Paragraph 34, and so denies them.  To the extent any of the allegations in

5    Paragraph 34 pertain to Plaintiff's claim against California Labor Code section 90.2, California

6    responds that this claim is no longer part of this lawsuit (*see* ECF No. 197), and accordingly, no

7    response is required as to allegations directed at this cause of action.

8        35.    The allegations contained in Paragraph 35 state legal conclusions, and therefore no

9    response is required.  To the extent a response is required, California denies the allegations

10   contained in Paragraph 35, and denies that California's laws protect unauthorized workers or

11   shield employers who have violated federal immigration laws.  Further responding, to the extent

12   any of the allegations in Paragraph 35 pertain to Plaintiff's claim against California Labor Code

13   section 90.2, California responds that this claim is no longer part of this lawsuit (*see* ECF No.

14   197), and accordingly, no response is required as to allegations directed at this cause of action.

15                **Inspection and Review of Immigration Detention Facilities (AB 103)**

16       36.    Paragraph 36 concerns a claim that is no longer a cause of action in this lawsuit.  (*See*

17   ECF No. 197.)  Accordingly, no response is required to the allegations contained in this

18   paragraph.

19       37.    Paragraph 37 concerns a claim that is no longer a cause of action in this lawsuit.  (*See*

20   ECF No. 197.)  Accordingly, no response is required to the allegations contained in this

21   paragraph.

22       38.    Paragraph 38 concerns a claim that is no longer a cause of action in this lawsuit.  (*See*

23   ECF No. 197.)  Accordingly, no response is required to the allegations contained in this

24   paragraph.

25       39.    Paragraph 39 concerns a claim that is no longer a cause of action in this lawsuit.  (*See*

26   ECF No. 197.)  Accordingly, no response is required to the allegations contained in this

27   paragraph.

28

Defendants' Answer to Plaintiff United States' Complaint                    (18-cv-00490-JAM-KJN)

40.     Paragraph 40 concerns a claim that is no longer a cause of action in this lawsuit. (*See* ECF No. 197.)  Accordingly, no response is required to the allegations contained in this paragraph.

41.     Paragraph 41 concerns a claim that is no longer a cause of action in this lawsuit. (*See* ECF No. 197.)  Accordingly, no response is required to the allegations contained in this paragraph.

42.     Paragraph 42 concerns a claim that is no longer a cause of action in this lawsuit. (*See* ECF No. 197.)  Accordingly, no response is required to the allegations contained in this paragraph.

43.     Paragraph 43 concerns a claim that is no longer a cause of action in this lawsuit. (*See* ECF No. 197.)  Accordingly, no response is required to the allegations contained in this paragraph.

44.     Paragraph 44 concerns a claim that is no longer a cause of action in this lawsuit. (*See* ECF No. 197.)  Accordingly, no response is required to the allegations contained in this paragraph.

45.     Paragraph 45 concerns a claim that is no longer a cause of action in this lawsuit. (*See* ECF No. 197.)  Accordingly, no response is required to the allegations contained in this paragraph.

46.     Paragraph 46 concerns a claim that is no longer a cause of action in this lawsuit. (*See* ECF No. 197.)  Accordingly, no response is required to the allegations contained in this paragraph.

47.     Paragraph 47 concerns a claim that is no longer a cause of action in this lawsuit. (*See* ECF No. 197.)  Accordingly, no response is required to the allegations contained in this paragraph.

48.     Paragraph 48 concerns a claim that is no longer a cause of action in this lawsuit. (*See* ECF No. 197.)  Accordingly, no response is required to the allegations contained in this paragraph.

49.     Paragraph 49 concerns a claim that is no longer a cause of action in this lawsuit.  (*See* ECF No. 197.)  Accordingly, no response is required to the allegations contained in this paragraph.

**Restrictions on State and Local Cooperation with Federal Officials (SB 54)**

50.     Paragraph 50 concerns a claim that is no longer a cause of action in this lawsuit.  (*See* ECF No. 197.)  Accordingly, no response is required to the allegations contained in this paragraph.

51.     Paragraph 51 concerns a claim that is no longer a cause of action in this lawsuit.  (*See* ECF No. 197.)  Accordingly, no response is required to the allegations contained in this paragraph.

52.     Paragraph 52 concerns a claim that is no longer a cause of action in this lawsuit.  (*See* ECF No. 197.)  Accordingly, no response is required to the allegations contained in this paragraph.

53.     Paragraph 53 concerns a claim that is no longer a cause of action in this lawsuit.  (*See* ECF No. 197.)  Accordingly, no response is required to the allegations contained in this paragraph.

54.     Paragraph 54 concerns a claim that is no longer a cause of action in this lawsuit.  (*See* ECF No. 197.)  Accordingly, no response is required to the allegations contained in this paragraph.

55.     Paragraph 55 concerns a claim that is no longer a cause of action in this lawsuit.  (*See* ECF No. 197.)  Accordingly, no response is required to the allegations contained in this paragraph.

56.     Paragraph 56 concerns a claim that is no longer a cause of action in this lawsuit.  (*See* ECF No. 197.)  Accordingly, no response is required to the allegations contained in this paragraph.

57.     Paragraph 57 concerns a claim that is no longer a cause of action in this lawsuit.  (*See* ECF No. 197.)  Accordingly, no response is required to the allegations contained in this paragraph.

58.     Paragraph 58 concerns a claim that is no longer a cause of action in this lawsuit.  (*See* ECF No. 197.)  Accordingly, no response is required to the allegations contained in this paragraph.

59.     Paragraph 59 concerns a claim that is no longer a cause of action in this lawsuit.  (*See* ECF No. 197.)  Accordingly, no response is required to the allegations contained in this paragraph.

## CLAIM FOR RELIEF

### COUNT ONE – Restrictions on Cooperation with Workplace Immigration Enforcement

60.     California incorporates by reference, as if fully set forth herein, its answers and responses in Paragraphs 1-35, inclusive.

61.     California answers that the allegations contained in Paragraph 61 state legal conclusions to which no response is required.  To the extent a response is required, California denies the allegations contained in Paragraph 61.  Further responding, to the extent any of the allegations in Paragraph 61 pertain to Plaintiff's claim against California Labor Code section 90.2, California responds that this claim is no longer part of this lawsuit (*see* ECF No. 197), and accordingly, no response is required as to allegations directed at this cause of action.

### COUNT TWO – Inspection and Review of Detention Facilities

62.     California incorporates by reference, as if fully set forth herein, its answers and responses in Paragraphs 1-26 and 36-49, inclusive.

63.     Paragraph 63 concerns a claim that is no longer a cause of action in this lawsuit.  (*See* ECF No. 197.)  Accordingly, no response is required to the allegations contained in this paragraph.

### COUNT THREE – Restrictions on State and Local Cooperation

64.     California incorporates by reference, as if fully set forth herein, its answers and responses in Paragraphs 1-26 and 50-59, inclusive.

65.     Paragraph 65 concerns a claim that is no longer a cause of action in this lawsuit.  (*See* ECF No. 197.)  Accordingly, no response is required to the allegations contained in this paragraph.

1

**PRAYER FOR RELIEF**

2         California denies that Plaintiff is entitled to any relief, including but not limited to, the

3  relief sought in subparts 1-8 of the "Prayer for Relief."  Further responding, to the extent any of

4  the prayers for relief pertain to Plaintiff's claim against California Labor Code section 90.2

5  or Plaintiff's second and third causes of actions, California responds that those claims are no

6  longer part of this lawsuit (*see* ECF No. 197), and accordingly, no response is required as to

7  allegations directed at those causes of action.

8

**AFFIRMATIVE DEFENSES**

9         California asserts the following affirmative defenses with respect to the claims that have not

10  been dismissed, without admitting that it bears the burden of proof or the burden of persuasion on

11  any of them:

12

**FIRST DEFENSE**

13         California relies on and reasserts all defenses contained in its prior pleadings in this action,

14  including the motion to dismiss it previously filed.

15

**SECOND DEFENSE**

16         Plaintiff's First Claim for Relief fails to state a claim upon which relief can be granted.

17

**THIRD DEFENSE**

18         California reserves its right to assert any additional or different defenses and affirmative

19  defenses in response to the Complaint based on information and knowledge obtained during

20  future discovery or investigation.

21

22

23

24

25

26

27

28

Defendants' Answer to Plaintiff United States' Complaint                    (18-cv-00490-JAM-KJN)

Dated:  July 23, 2018

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
ANTHONY HAKL
MICHAEL NEWMAN
SATOSHI YANAI
Supervising Deputy Attorneys General
CHRISTINE CHUANG
CHEROKEE DM MELTON

*/s/ Lee I. Sherman*
LEE I. SHERMAN
Deputy Attorneys General
Attorneys for the State of California

16