XAVIER BECERRA
Attorney General of California
THOMAS S. PATTERSON
MICHAEL NEWMAN
Senior Assistant Attorneys General
SATOSHI YANAI
ANTHONY HAKL
Supervising Deputy Attorneys General
CHRISTINE CHUANG
CHEROKEE DM MELTON
MAUREEN ONYEAGBAKO
LEE I. SHERMAN
Deputy Attorneys General
State Bar No. 272271
 300 S. Spring Street
 Los Angeles, CA  90013
 Telephone:  (213) 269-6404
 Fax:  (213) 897-7605
 E-mail:  Lee.Sherman@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **THE UNITED STATES OF AMERICA,** | Case No. 2:18-cv-00490-JAM-KJN |
| Plaintiff, | |
| v. | **JOINT STATUS REPORT** |
| **THE STATE OF CALIFORNIA; EDMUND GERALD BROWN JR.,** Governor of California, in his official capacity; and **XAVIER BECERRA,** Attorney General of California, in his official capacity, | Judge: Honorable John A. Mendez<br>Action Filed:   March 6, 2018 |
| Defendants. | |

As requested by the Court (ECF No. 200), the parties respectfully submit this joint status report to address how the remainder of the case should proceed, although the parties disagree as to whether the court should stay proceedings pending resolution of Plaintiff's appeal of this Court's order granting in part and denying in part Plaintiff's motion for preliminary injunction and whether the Court should determine whether such a stay is appropriate before the parties propose dates for discovery cut-off, expert witness disclosure, filing of dispositive motions, pretrial conference, and trial.

## I.   PLAINTIFF'S POSITION

The United States proposes that the parties promptly submit briefing regarding a stay of proceedings in this case, with the United States' motion to be filed next week. Appellate proceedings are moving promptly, with briefing scheduled to be completed by November 2018. The United States believes that a stay is appropriate in this case, as it will conserve judicial resources, provide for consistency in rulings between the Ninth Circuit and this Court, and serve the public interest by avoiding the duplication of resources. As it stands, only two discrete portions of AB 450 are currently before this Court. The other portion is before the Ninth Circuit, and the remaining claims were dismissed. Any discovery would thus be limited to a portion of AB 450, has a substantial potential to be piecemeal depending on how the Ninth Circuit resolves the appeal by the United States, and would be subject to revision in consideration of the Ninth Circuit's decision. There is good reason to believe that discovery concerning the two AB 450 provisions currently enjoined—Cal. Gov't Code §§ 7285.1 & 7285.2 and Cal. Lab. Code § 1019.2(a) & (b)—would interrelate with discovery concerning AB 450's other provision, Cal. Lab. Code § 90.2, as AB 450 is a unified whole. Furthermore, this Court would benefit from the Ninth Circuit's guidance on the purely legal issues that are before it, and the Ninth Circuit decision will greatly shape the breadth and scope of litigation going forward, including the scope of discovery, if any. Indeed, Defendants request burdensome discovery that may be rendered unnecessary or require substantial modification in light of the Ninth Circuit's decision. As such, this Court should not set a schedule in this case until it has ruled on a motion to stay proceedings.

Defendants will not be harmed by a stay because all the laws at issue in this case remain in force pending the resolution of Plaintiff's appeal except for the two provisions of AB 450 for which this Court granted a preliminary injunction. The Defendants did not appeal that portion of the Court's decision, demonstrating their accession to that injunction until the completion of trial. The lengthy discovery windows that Defendants propose also demonstrate that Defendants will not be prejudiced by a stay.

Accordingly, the United States respectfully proposes that this Court permit briefing on a motion for a stay and not set case management deadlines in this case until after the Court has ruled on that motion. Once the Court has ruled on that motion, parties should confer to set a schedule for all case deadlines going forward. The United States proposes a briefing schedule on a motion to stay as follows:

- Plaintiff's motion to stay proceedings: 9/11/18
- Defendants' opposition, if any: 9/18/18
- Plaintiff's reply, if any: 9/25/18

## II. DEFENDANTS' POSITION

Pursuant to the Court's Order Re: State of California's Motion to Dismiss dated July 9, 2018 (ECF No. 197), the remaining claims in this lawsuit relate to California Government Code Sections 7285.1 and 7285.2, and California Labor Code Section 1019.2, added by Assembly Bill (AB) 450. The parties met and conferred and do not agree on how the case should proceed.

The State of California does not agree a stay of proceedings is appropriate. As a result of this action brought by the United States, California is suffering harm while part of AB 450 is preliminarily enjoined. California believes that a more developed record will demonstrate that those provisions are neither preempted nor invalid under the doctrine of intergovernmental immunity. In addition, the issues on appeal do not involve the provisions of AB 450 that remain at issue in this case and there is virtually no overlap anticipated with respect to discovery relating to the AB 450 provisions that are preliminarily enjoined and the provision of AB 450 that is the subject of the United States' appeal. Thus, California is prepared to litigate the merits of the case and would like to set a schedule for initial disclosures, discovery cut-off, expert witness

disclosures, filing of dispositive motions, pretrial conference, and trial without further delay.  To the extent the United States intends to move for a stay of proceedings pending final resolution of its appeal, California is willing to accommodate a briefing schedule for such a motion and provide time for the Court to consider the United States' request.[1]  California does not believe, however, that the United States' motion should impact the setting of case management deadlines at this juncture and requests that the Court also set the following schedule for the litigation, which provides ample time for briefing and disposition of the United States' motion, such that if the United States' motion for a stay is denied, the parties can continue to move forward to a determination on the merits of this case without delay:

- **November 2, 2018:** Deadline for initial disclosures
- **March 29, 2019:** Deadline for expert witness disclosures
- **April 26, 2019:** Deadline for supplemental and rebuttal expert disclosures
- **June 7, 2019:** Discovery completion date
- **June 28, 2019:** Plaintiff files dispositive motion
- **July 26, 2019**: Defendants file cross-motion and opposition to motion
- **August 6, 2019**: Plaintiff files opposition to cross-motion and reply in support of motion
- **August 13, 2019**: Defendants file reply in support of cross-motion
- **August 20, 2019 or another date convenient to the Court:** Hearing on both motions
- **October 7, 2019:** Pretrial Conference
- **November 18, 2019 or another date convenient to the Court:** Court trial

//

//

//

---

[1] To the extent that the United States advances arguments relating to the merits of its stay motion in this report, California will present further responsive arguments in its briefing of the motion.

3

| | |
|---|---|
| Dated: September 4, 2018 | Respectfully Submitted, |
| JOSEPH H. HUNT<br>Assistant Attorney General<br>MCGREGOR SCOTT<br>United States Attorney<br>AUGUST FLENTJE<br>Special Counsel<br>EREZ REUVENI<br>Assistant Director<br>DAVID SHELLEDY<br>Civil Chief, Assistant United States Attorney<br>LAUREN C. BINGHAM<br>JOSEPH A. DARROW<br>FRANCESCA GENOVA<br>JOSHUA S. PRESS<br><br>*/s/Francesca Genova*<br>Francesca Genova<br>Trial Attorney<br>Attorneys for the United States<br>of America | XAVIER BECERRA<br>Attorney General of California<br>THOMAS S. PATTERSON<br>MICHAEL NEWMAN<br>Senior Assistant Attorneys General<br>SATOSHI YANAI<br>ANTHONY HAKL<br>Supervising Deputy Attorneys General<br>CHEROKEE DM MELTON<br>MAUREEN ONYEAGBAKO<br>LEE SHERMAN<br><br><br><br>*/s/Christine Chuang*<br>Christine Chuang<br>Deputy Attorney General<br>Attorneys for the State of California |