JOSEPH H. HUNT
Assistant Attorney General
CHAD A. READLER
Principal Deputy Assistant Attorney General
MCGREGOR SCOTT
United States Attorney
AUGUST FLENTJE
Special Counsel
WILLIAM C. PEACHEY
Director
EREZ REUVENI
Assistant Director
FRANCESCA GENOVA
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel. (202) 305-1062
Francesca.M.Genova@usdoj.gov
DAVID SHELLEDY
Civil Chief, Assistant United States Attorney
LAUREN C. BINGHAM
JOSEPH A. DARROW
KATHRYNE GRAY
JOSHUA S. PRESS
Trial Attorneys
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF CALIFORNIA; EDMUND GERALD BROWN JR., Governor of California, in his Official Capacity; and XAVIER BECERRA, Attorney General of California, in his Official Capacity,<br><br>Defendants. | Case No. 2:18-cv-490-JAM-KJN<br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR STAY PENDING APPEAL** |

Plaintiff the United States files this memorandum in support of its motion to stay district court proceedings in this case pending resolution of Plaintiff's appeal. On August 9, 2018, the United States filed a notice of appeal, appealing this Court's denial of the United States' motion for preliminary injunction as to provisions of three California laws, AB 450, Cal. Lab. Code § 90.2; AB 103, Cal. Gov't Code § 12532; and SB 54, Cal. Gov't Code §§ 7284.6(a)(1)(C), 7284.6(a)(1)(D), & 7284.6(a)(4). The Government's opening brief is due today, September 18, 2018, and under the current schedule briefing will be complete by November 2018. As explained below, the Ninth Circuit's decision is likely to provide substantial guidance to this Court and the parties in resolving this case. Proceeding in the absence of that guidance would be inefficient, waste the resources of the Court and the parties, and potentially result in inconsistent rulings at the district court level that would need to be corrected in light of the Ninth Circuit's decision. Defendants will not be harmed by a brief stay while the Ninth Circuit considers an expedited appeal in this case, as, other than two provisions of AB 450, Cal. Gov't Code §§ 7285.1 & 7285.2 and Cal. Lab. Code § 1019.2(a) & (b), the challenged laws remain in effect, and Defendants have chosen not to appeal the Court's preliminary injunction of the two provisions of AB 450 that it enjoined. This Court dismissed the majority of the United States' claims. As it currently stands, only two provisions of AB 450 remain in litigation at this Court. It thus makes sense for the Court to stay proceedings until after appeal in case the Ninth Circuit's decision expands the scope of active litigation.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The Ninth Circuit has described various factors that should be considered when evaluating a motion to stay:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962). All three factors warrant a stay of district court

1   proceedings in this case pending resolution of the appeal.

2         *First*, a stay in this case would promote judicial efficiency and protect public resources, as the
3   Ninth Circuit's decision could greatly alter how this case proceeds in this Court. Currently, only two
4   provisions of one bill remain live in a suit that challenged three bills. This Court ruled that most of
5   the California statutes at issue in this case are constitutional as a matter of law. The Ninth Circuit's
6   decision will evaluate those legal determinations de novo. In so doing, it could definitively resolve
7   some of the legal issues in this case, either by expanding the issues before this Court or confirming
8   this Court's narrowing of them. Regardless of how the Ninth Circuit rules, its decision would provide
9   this Court with the full universe of legal issues that remain in the case and the binding legal guidance
10  that should apply going forward. Any deadlines set before that point, particularly regarding discovery
11  or dispositive motions, would be premature. A stay would thus "ensure[] that the proper scope" of
12  issues "will be known in advance of the deadlines for completion of discovery and the filing of
13  dispositive motions." *McMenemy v. Colonial First Lending Grp., Inc.*, No. 2:14-CV-001482 JAM A, 2015
14  WL 1137344, at *2 (E.D. Cal. Mar. 12, 2015) (Mendez, J.).

15        Furthermore, a stay would serve "the orderly course of justice" by "simplifying" all pretrial
16  issues regarding the challenged statutes and AB 450 in particular. *CMAX, Inc.*, 300 F.2d at 268.
17  Currently, only a very narrow part of this case—challenges to discrete portions of AB 450 codified at
18  Cal. Gov't Code §§ 7285.1 & 7285.2 and Cal. Lab. Code § 1019.2(a) & (b)—remains live at the district
19  court. Meanwhile, AB 450's other provisions— Cal. Lab. Code § 90.2—are on appeal at the Ninth
20  Circuit. The Ninth Circuit appeal will therefore provide this Court with a comprehensive answer about
21  which provisions of AB 450 remain properly before it. Without a stay, there is a "substantial risk of
22  duplication of proceedings and waste of judicial resources" as the Court makes determinations on a
23  narrow portion of law before knowing whether the other provisions of that and other laws will also
24  be before it. *Id.* Additionally, if the remaining portion of this case were to continue until final judgment,
25  rendering the preliminary injunction moot, the Ninth Circuit would be required to rededicate its
26  resources to the entire case at that stage, even though it may properly determine the legal issues that
27  are before it at this time. The judicial resources dedicated to the appeal would thus become wasted.

28

Therefore, a stay is warranted to preserve judicial efficiency.

A stay will also "avoid possible inconsistent decisions." *Sims v. AT&T Mobility Servs. LLC*, No. 2:12-CV-02702-JAM-AC, 2013 WL 753496, at *8 (E.D. Cal. Feb. 27, 2013) (Mendez, J.). The Court's decisions on the remaining issues before it, including how to manage those remaining issues, may be inconsistent with the Ninth Circuit's eventual holdings. This Court may be required to amend any scheduling order to reflect the addition of new claims. Any future decisions that this Court would make will benefit from the Ninth Circuit's decisions on these issues.

*Second,* a stay will eliminate the "hardship and inequity" that the United States would otherwise suffer in "being required to go forward" without guidance from the Ninth Circuit. *CMAX, Inc.*, 300 F.2d at 268. Defendants propose extensive discovery, over the course of over seven months. It would be a burden on the United States' resources to engage in pretrial activity, particularly discovery, on a small portion of claims when it may be required to engage in more discovery on very similar issues after the Ninth Circuit rules. Further, as stated *supra*, any discovery that is undertaken now and any deadlines that may be set may be subject to modification or rendered moot in light of the Ninth Circuit's decision. The parties will need to devote time and resources to duplicative work to adhere to new case management deadlines and adjust filings accordingly. It is in the public interest of the United States to conserve resources by establishing the boundaries and timeframe for the entire scope of discovery at once after taking into consideration the Ninth Circuit's decision.

*Third,* Defendants will not suffer any harm from a stay. This Court's orders denying the United States' motion for preliminary injunction and granting Defendants' motion to dismiss left in operation all of the challenged laws but two provisions of AB 450. Defendants do not plan to appeal this Court's preliminary injunction of those discrete portions of AB 450. They thus have accepted that injunction throughout this litigation. As such, pending resolution of the appeal, the State of California will remain able to enforce all of its challenged laws, except those two provisions of the injunction of which Defendants did not appeal. A stay of the case would not upset that enforcement. And Defendants' proposed schedule—providing a seven-month discovery window and a trial date fourteen months away—demonstrates that they will not be prejudiced by a stay. Further, as the United States seeks

1  expedited review of the denial of the preliminary injunction, any stay will be of limited duration.

2  *Finally*, Defendants' proposed schedule demonstrates that the United States will be harmed without a stay while Defendants will not suffer prejudice. The United States maintains, and this Court recognized, that the issues in this case are legal, not factual, in nature. Meanwhile, Defendants propose extensive discovery that would be irrelevant to those purely legal issues. That lengthy discovery will burden the United States as it awaits decision on its appeal and may require modification after the Ninth Circuit's ruling. Furthermore, Defendants' willingness to engage in protracted discovery, and hence their willingness to postpone a decision on the merits, shows that they will not be prejudiced by a stay.

For the foregoing reasons, this Court should grant Plaintiff's motion for a stay of this case at the district court pending resolution of the appeal.

DATED: September 18, 2018                    Respectfully Submitted,

JOSEPH H. HUNT
Assistant Attorney General

CHAD A. READLER
Principal Deputy Assistant Attorney General

MCGREGOR SCOTT
United States Attorney

AUGUST FLENTJE
Special Counsel

WILLIAM C. PEACHEY
Director

EREZ REUVENI
Assistant Director

*/s/ Francesca Genova*
FRANCESCA GENOVA
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

Telephone: (202) 305-1062
Fax: (202) 305-7000
E-mail: Francesca.M.Genova@usdoj.gov

DAVID SHELLEDY
Civil Chief, Assistant United States Attorney

LAUREN C. BINGHAM
JOSEPH A. DARROW
KATHRYNE GRAY
JOSHUA S. PRESS
Trial Attorneys

*Attorneys for the United States*