XAVIER BECERRA
Attorney General of California
THOMAS S. PATTERSON
MICHAEL NEWMAN
Senior Assistant Attorneys General
SATOSHI YANAI
ANTHONY HAKL
Supervising Deputy Attorneys General
CHRISTINE CHUANG
CHEROKEE DM MELTON
MAUREEN ONYEAGBAKO
LEE I. SHERMAN
Deputy Attorneys General
State Bar No. 272271
  300 S. Spring Street
  Los Angeles, CA 90013
  Telephone: (213) 269-6404
  Fax: (213) 897-7605
  E-mail: Lee.Sherman@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **THE UNITED STATES OF AMERICA,** | Case No. 2:18-cv-00490-JAM-KJN |
| Plaintiff, | |
| v. | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR STAY PENDING APPEAL** |
| **THE STATE OF CALIFORNIA; EDMUND GERALD BROWN, JR., Governor of California, in his official capacity; and XAVIER BECERRA, Attorney General of California, in his official capacity,** | Date: October 16, 2018<br>Time: 1:30 p.m.<br>Courtroom: 6<br>Judge: The Honorable John A. Mendez<br>Trial Date: None set<br>Action Filed: March 6, 2018 |
| Defendants. | |

**INTRODUCTION**

The United States' requested stay—which will keep in place an injunction against enforcing a duly enacted law of the State of California—has no specific end-date given the uncertainty about when the United States' interlocutory appeal will ultimately reach final resolution. Accordingly, the Court should reject the United States' attempt to delay proceedings in this action. The United States has failed to meet its burden of establishing a need for a stay and thus, this action should proceed to the merits so that there is a timely determination of the remaining claims brought by the United States relating to Assembly Bill 450 (AB 450). There is no basis for a stay where there is minimal overlap in discovery between the issues on appeal and those before this Court, and where resolution of the distinct questions on appeal will not dispose of the remaining claims. Most importantly, the United States has not demonstrated any hardship or inequity in being required to move forward in a case that it initiated. California, however, is suffering irreparable harm as a result of the preliminary injunction—and will continue to do so—as long as any portion of AB 450 is subject to an injunction. A stay should be denied so that California can promptly put forth a defense and present evidence that AB 450 is neither preempted nor invalid under the doctrine of intergovernmental immunity. California therefore respectfully requests that the Court deny the United States' motion and issue a scheduling order incorporating California's previously proposed dates for discovery, dispositive motions, pre-trial conference, and trial. *See* Joint Status Report (Sept. 4, 2018), ECF No. 205.

**FACTUAL AND PROCEDURAL BACKGROUND**

The United States filed this action on March 6, 2018, seeking to invalidate three of California's duly enacted state laws: (1) Senate Bill 54 (SB 54); (2) part of Assembly Bill 103 (AB 103); and (3) AB 450, as it relates to private employers.[1] Since the filing of the complaint, the parties have engaged in limited, expedited discovery focused on irreparable harm and

---

[1] A detailed factual background of the three laws is set forth in California's Opposition to Plaintiff's Motion for Preliminary Injunction (May 4, 2018) (ECF No. 74) and Motion to Dismiss (May 4, 2018) (ECF No. 77), as well as in the Court's Order Re: The United States of America's Motion for Preliminary Injunction (July 5, 2018) (ECF No. 193) ("PI Order") and Order Re: State of California's Motion to Dismiss (July 9, 2018) (ECF No. 197) ("MTD Order").

extensive motion practice aimed at narrowing the issues in this case, including litigating a preliminary injunction motion and a motion to dismiss.

After a hearing on June 20, 2018, the Court granted in part and denied in part the United States' Motion for Preliminary Injunction, finding that the United States was not likely to prevail on the merits of its claims relating to SB 54 and AB 103, or regarding one provision of AB 450 requiring that employers notify employees within seventy-two hours of receiving a Notice of Inspection (the "Notice provision," codified at California Labor Code section 90.2). PI Order at 12-19, 26-28, 31-57. But concerning the three remaining provisions of AB 450 (set forth at California Government Code sections 7285.1 and 7285.2 and California Labor Code section 1019.2(a) and (b)), the Court determined that the United States was likely to prevail on the merits of its claims and granted the United States' request for a preliminary injunction. *Id.* at 22-26, 28-31. In doing so, though, the Court specifically noted that further development of the evidentiary record regarding one of those provisions—California Labor Code section 1019.2(a)—could impact the Court's ultimate analysis on the merits. *Id.* at 29-30.

In a subsequent order, the Court dismissed the United States' claims challenging SB 54, AB 103, and the Notice provision, without leave to amend, and denied California's motion to dismiss the remainder of the AB 450 provisions that were preliminarily enjoined. MTD Order at 7.

As a result of the Court's orders, the only remaining claims in this case relate to the three provisions of AB 450 that have been preliminarily enjoined. California Government Code section 7285.1 limits employers from providing "voluntary consent to an immigration enforcement agent to enter any nonpublic areas of a place of labor" unless the agent produces a judicial warrant (the "Access provision"). Cal. Gov't Code § 7285.1(a)(1). California Government Code section 7285.2 limits employers from providing "voluntary consent to an immigration enforcement agent to access, review, or obtain the employee's records" unless in connection with a Form I-9 inspection or if an agent produces a judicial warrant or subpoena (the "Records provision"). Cal. Gov't Code § 7285.2(a). These two subsections are operative "except as otherwise required by federal law." Cal. Gov't Code §§ 7285.1(a), 7285.2(a)(1). Lastly, section 1019.2(a) of the California Labor Code prohibits employers from re-verifying current

1  employees' employment eligibility when not required by federal law (the "Reverification
2  provision").  Cal. Lab. Code § 1019.2(a).  None of the three provisions restricts or limits
3  employers from complying with a memorandum of understanding governing the use of the
4  federal E-Verify system.  Cal. Gov't Code § 7285.3; Cal. Lab. Code § 1019.2(c).  AB 450's
5  provisions are severable.  2017 Cal. Stat., ch. 492, § 6 (AB 450).

6  On August 7, 2018, the United States filed a Notice of Appeal concerning the Court's
7  denial of the United States' preliminary injunction motion (ECF No. 201).  The United States'
8  motion for a stay followed.

## LEGAL STANDARD

10  "A district court has inherent power to control the disposition of the causes on its docket in
11  a manner which will promote economy of time and effort for itself, for counsel, and for litigants."
12  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  The factors that the Court considers in
13  determining the propriety of a stay are: (1) "the possible damage which may result from the
14  granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go
15  forward"; and (3) "the orderly course of justice measured in terms of the simplifying or
16  complicating of issues, proof, and questions of law which could be expected to result from a
17  stay."  *Id.* (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)); *see also Lockyer v. Mirant*
18  *Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

19  The United States bears the burden of establishing a need for a stay.  *See Clinton v. Jones*,
20  520 U.S. 681, 708 (1997) (burden lies with proponent of a stay).  The United States "must make
21  out a clear case of hardship or inequity in being required to go forward, if there is even a fair
22  possibility that the stay for which he prays will work damage to some[one] else."  *Landis*, 299
23  U.S. at 255.  In cases where there are related proceedings, a stay should not be granted where the
24  other proceeding is unlikely to be determinative of the factual or legal issues before the Court.
25  *Lockyer*, 398 F.3d at 1112-13 (reversing order granting stay where proceeding in other court was
26  unlikely to decide or contribute to the decision of the district court); *Perez v. Leprino Foods Co.*,
27  No. 1:17-cv-00686-AWI-BAM, 2017 WL 2628249, at *3 (E.D. Cal. June 16, 2017) (denying stay

where an appellate decision was unlikely to impact the scope of discovery and economy of time and effort).

Moreover, where the other proceedings will not be concluded within a reasonable time, a stay should be denied. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007) (district court abused discretion by granting stay where it was unclear when stay might lift). "If a stay is especially long or its term is indefinite, [the Ninth Circuit] require[s] a greater showing to justify it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).

## ARGUMENT

### I. A STAY WILL CAUSE IRREPARABLE DAMAGE TO CALIFORNIA

The indefinite stay requested by the United States will cause ongoing irreparable harm to California because the State cannot enforce portions of a duly enacted statute and will prejudice California's ability to develop evidence and present a defense. The United States asserts that any stay will be "brief," Mot. at 1, but it has provided no specific end-date for its requested stay and it is unclear when the United States' appeal will reach final resolution. *See Dependable Highway Express, Inc.*, 498 F.3d at 1066-67, 1070 (reversing stay order because there was no indication that other proceedings would conclude within a reasonable time); *Yong*, 208 F.3d at 1119, 1121 (district court abused its discretion in granting indefinite, potentially lengthy stay that terminated upon the resolution of an appeal because the stay could remain in effect for years).

In fact, California is already suffering irreparable harm because a large part of AB 450 is preliminarily enjoined and the State will continue to suffer harm as long as it is prevented from presenting a defense. *See Maryland v. King*, 133 S. Ct. 1, 3 (2012) ("Any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury."). A stay will also cause ongoing harm to employees throughout the State because they too have an interest in the protections provided by AB 450 and a prompt determination of AB 450's validity. *See Lockyer*, 398 F.3d at 1112-13 (vacating stay where there was more than a "fair possibility" of harm to the Attorney General and the interests of consumers in California if action was stayed). In addition, private employers in California have an interest in a timely resolution of this case so that they know with certainty whether AB 450's provisions

4

apply to their conduct. Although the Court enjoined portions of AB 450 at the preliminary injunction phase, the Court did not have the benefit of a developed evidentiary record. A more complete factual record will ultimately demonstrate that the remaining AB 450 provisions are neither preempted nor invalid under the doctrine of intergovernmental immunity.

Furthermore, while California did not appeal this Court's preliminary injunction of AB 450, the State did not "accept[] that injunction" for the litigation and pendency of any appeal by the United States. *See* Mot. at 3. Rather, as ordered by the Court, California set forth a reasonable proposed schedule that allows the State the opportunity to proceed towards the merits and develop an adequate factual record that the Court has already indicated would be helpful. To the extent the United States claims that the proposed schedule is lengthy, *see id*., that schedule was intended to accommodate the United States' stay motion after the parties met and conferred and to allow sufficient time to conduct discovery, and any discovery-related motion practice, so as to minimize the burden on the United States. *See* Joint Status Report (Sept. 4, 2018), ECF No. 205, at 2-3 (noting that California would like to proceed "without further delay" but proposing a schedule that would allow time for briefing and the Court's consideration of the United States' stay motion). In addition, the length of the discovery period proposed by California is in line with scheduling orders set by this Court in other matters and is meant to take into account all motion practice on any discovery disputes.

Finally, delaying California's ability to proceed with discovery will prejudice the State's ability to defend itself and test the United States' allegations. Evidence relating to the United States' workplace inspections conducted in California during the period of time that the enjoined AB 450 provisions were in effect may become stale and potential witnesses who can speak to those inspections may be difficult to locate if a stay is granted. *See Clinton*, 520 U.S. at 707-08 (abuse of discretion for district court to grant a stay where "delaying trial would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party"); *cf. CMAX, Inc.*, 300 F.2d at 269 (upholding delay of trial but noting that because all discovery proceedings had been concluded, there was no issue with preserving evidence). Such witnesses and evidence could be probative to California's

5

1  defense, since the State could demonstrate that the United States was not in fact burdened by AB
2  450 to such a degree to justify invalidation.

3      For these reasons, there is more than a "fair possibility" that California will suffer harm if
4  an indefinite stay is granted. *See Landis*, 299 U.S. at 255. The Court therefore should deny the
5  United States' motion.

6  **II.   THE UNITED STATES HAS FAILED TO DEMONSTRATE HARDSHIP OR INEQUITY**

7      A stay should also be denied because the United States has failed to demonstrate any
8  hardship or inequity if this case moves forward. *See id.* Being required to proceed towards trial
9  does not constitute a "clear case of hardship or inequity." *See Lockyer*, 398 F.3d at 1112;
10 *Dependable Highway Express, Inc.*, 498 F.3d at 1066 (movant failed to establish sufficient case
11 of hardship by being required to defend a lawsuit in absence of a stay). The United States' appeal
12 includes two entirely different statutes, SB 54 and AB 103, and only the Notice provision of AB
13 450. Discovery relating to the challenged Access, Records, and Reverification provisions of AB
14 450 will have minimal overlap with any potential discovery relating to the Notice provision and
15 no bearing on any potential discovery relating to SB 54 and AB 103. *See Perez*, 2017 WL
16 2628249, at *3 (denying stay where scope of discovery would not be impacted by questions on
17 appeal and the likelihood of waste from conducting discovery was low).

18     Each AB 450 provision places a discrete set of obligations on employers, and an analysis of
19 each section under preemption and intergovernmental immunity principles is based on a different
20 set of circumstances. Thus, the United States' reliance on *McMenemy v. Colonial First Lending*
21 *Grp., Inc.*, No. 2:14-cv-001482-JAM-AC, 2015 WL 1137344 (E.D. Cal. Mar. 12, 2015), Mot. at
22 2, is misplaced. In *McMenemy*, the appealed order related to the threshold question whether one
23 of two corporate defendants that were alleged to have common ownership[2] could be properly
24 served and a Ninth Circuit ruling would impact which parties were subject to the litigation and
25 the resulting scope of discovery. *Id.* at *1, *3. The district court found that permitting plaintiffs

---

27 [2] *See* Pls.' Mot. Cert. Ruling Under FRCP 54(b); *McMenemy v. Colonial First Lending Grp., Inc.*, No. 2:14-cv-001482-JAM-AC, 2015 WL 12681323 (E.D. Cal. Jan. 6, 2015)
28 (discussing claims that defendants had common ownership and alleging that one was operated by the other).

to proceed with discovery against one of the defendants while the appeal was pending would not promote judicial economy and would be potentially unfair to defendants. *See id*. at *3.

Here, denying a stay is unlikely to result in a waste of judicial resources or much overlapping discovery. For instance, facts relevant to the United States' purported burdens in obtaining a judicial warrant to enter a nonpublic area of a workplace for immigration enforcement purposes and how the federal verification system works would not be duplicative of any facts relating to how posting of notices by employers may impact workplace inspections. Any dispositive motions will apply preemption and intergovernmental immunity standards to a separate set of statutes and facts. Therefore, there is a low likelihood of waste resulting from conducting discovery and litigating the merits at this juncture. *See Perez*, 2017 WL 2628249, at *3.

### III. THE ORDERLY COURSE OF JUSTICE WARRANTS A DENIAL OF A STAY

Lastly, the orderly course of justice warrants a denial of a stay because the questions on appeal relating to SB 54, AB 103, and the Notice provision will not dispose of the merits of the claims before the Court. *See Lockyer*, 398 F.3d at 1112 (stay not justified because it was highly doubtful that other proceeding would provide legal resolution to Attorney General's claim); *Perez*, 2015 WL 2628249, at *3 (even though questions on appeal may impact the claims in district court, stay denied because appeal was unlikely to be determinative). During the pendency of an appeal from a denial of a preliminary injunction, this Court has jurisdiction to proceed on the merits with the claims before it. *Phelan v. Taitano*, 233 F.2d 117, 119 (9th Cir. 1956); *Plotkin v. Pac. Telephone and Telegraph Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982); *Jamul Action Comm. v. Chaudhauri*, No. 3:13-cv-01920-KJM-KJN, 2015 WL 6744531, at *2 (E.D. Cal. Nov. 4, 2015).

Although the United States challenges each of the three state laws on preemption and intergovernmental immunity grounds, any appellate rulings will be based on a review of the Court's denial of a preliminary injunction. SB 54 and AB 103 are wholly separate laws with distinct requirements. And even regarding AB 450, the appeal only encompasses the obligation of employers to post notices in the workplace. An appellate decision will not dispose of the issues remaining before this Court—whether the State can regulate an employer's discretion to

consent to an immigration enforcement agent or prohibit the reverification of eligibility for employment when not required by federal law.

Contrary to the United States' claim, a stay would not "avoid possible inconsistent decisions," Mot. at 3, since each AB 450 provision is severable and stands on its own. 2017 Cal. Stat., ch. 492, § 6 (AB 450). Indeed, this Court conducted separate analyses of the four provisions. *See* PI Order at 60. The United States' reliance on *Sims v. AT&T Mobility Servs. LLC*, No. 2:12-cv-02702-JAM-AC, 2013 WL 753496 (E.D. Cal. Feb. 27, 2013), Mot. at 3, is also misplaced. The underlying issue in that case—the validity of a waiver under the Class Action Fairness Act and impact on federal jurisdiction—was being considered by the Supreme Court and thus, the higher court's decision would be determinative of the legal issue relating to the validity of the waiver and the district court's resulting jurisdiction. *Id.* at *7-8. Unlike *Sims*, a ruling from the Ninth Circuit on SB 54, AB 103, or the Notice provision will not simplify or narrow the remaining issues in this case, nor will it provide a legal resolution concerning the Access, Records, and Reverification provisions. *See Lockyer*, 398 F.3d at 1112-13. The United States, which initiated this action, will still have to devote resources and time in seeking to show that those provisions are separately preempted by federal law and that they discriminate against the federal government. Thus, economy of time and effort would not be furthered by a stay.

## CONCLUSION

For the foregoing reasons, the United States' motion should be denied.

Dated: October 2, 2018                    Respectfully Submitted,

XAVIER BECERRA
Attorney General of California


*/s/Christine Chuang*
CHRISTINE CHUANG
Deputy Attorney General
*Attorneys for Defendants*

8

Defendants' Opposition to Plaintiff's Motion for Stay Pending Appeal                    (18-cv-00490-JAM-KJN)