UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>State of California, et al.,<br><br>Defendants. | No. 2:18-cv-00490-JAM-KJN<br><br>**ORDER GRANTING THE UNITED STATES OF AMERICA'S MOTION TO STAY PROCEEDINGS PENDING APPEAL** |

I. PROCEDURAL BACKGROUND

In October, 2017, the State of California ("Defendant" or "California") passed Assembly Bill 103 ("A.B. 103"), Assembly Bill 450 ("A.B. 450"), and Senate Bill 54 ("S.B. 54)). Compl. at ¶ 27. Soon after, the United States of America ("Plaintiff" or "United States") moved to preliminarily enjoin several of the newly-enacted provisions. ECF No. 2. The Court granted in part and denied in part Plaintiff's motion for a preliminary injunction. Preliminary Injunction Order ("PIO"), ECF No. 193.

1

The Court also granted in part and denied in part Defendant's motion to dismiss. Motion to Dismiss Order ("MDO"), ECF No. 197.

The United States appealed both orders, and now requests that the proceedings before this Court be stayed until the Ninth Circuit hands down its decision. Mot. for Stay, ECF No. 207. Plaintiff's motion contends that a stay would promote judicial efficiency, simplify important pretrial issues, prevent inconsistent decisions, and eliminate potential hardship that the it might otherwise face. Id. at 2-4. This Court agrees. For the reasons discussed below, Plaintiff's motion is granted.

## II. OPINION

### A. Legal Standard

"A district court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997). The Court must consider several factors when deciding whether to exercise that discretion to issue a stay: 1) the "possible damage which might result from granting a stay," 2) the "hardship or inequity which a party might suffer in being required to go forward," and 3) the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

The proponent of a stay bears the burden of showing that these factors, on balance, warrant a stay. Clinton, 520 U.S. at 708. The moving party "must make out a clear case of hardship

or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to some[one] else." Landis v. N. Am. Co., 299 U.S. 248, 255 (1936).

B. Analysis

1. Denying a Stay Would Result in Hardship or Inequity to the United States

The Court finds that the United States will face unnecessary hardship or inequity if a stay is denied. California "propose[s] extensive discovery, over the course of over seven months" on the provisions of AB 450 that have been enjoined and remain at issue before this Court. Mot. at 3. See also Joint Status Report at 3, ECF No. 205. As previously explained, this case "presents unique and novel constitutional issues." Order at 3. Proceeding with discovery amidst uncertainty as to whether this Court's orders will be affirmed imposes a hardship upon the United States—particularly when the Court of Appeals will soon clarify the legal landscape. Indeed, the Ninth Circuit's decision may, as the United States argues, cause the issues now before this Court to "be subject to modification or rendered moot." Mot. at 3.

California maintains that the Ninth Circuit's ruling "will have no bearing on any potential discovery" because the appeal "includes two entirely different statutes." Opp'n at 6. This argument fails to acknowledge that each of the claims—though perhaps factually distinct—involve the same constitutional issues and principles of law. The Ninth Circuit's ruling may measurably alter the posture of this case. Allowing this action

3

to move forward while that possibility looms in the background risks unnecessary expense and hardship to both parties as they may end up conducting discovery that ultimately falls outside the scope of this litigation.

          2.   <u>Granting a Stay Would Not Harm California</u>

As the United States argues, California will not be harmed if a stay is granted. Mot. 3-4. First, S.B. 54, A.B. 103, and part of A.B. 450 will remain in force while the proceedings are stayed. California argues that it is "already suffering irreparable harm" as a result of this Court's injunction on some of A.B. 450's provisions, and that this ongoing harm warrants denying the stay. Opp'n at 4. But California's claimed interest in "enforce[ing] portions of a duly enacted statute" is undermined both by the state's failure to appeal the preliminary injunction, and the lengthy timeline it proposes for proceeding to trial. See <u>Anderson v. City of Boston</u>, 244 F.3d 236, 239 (1st Cir. 2001); <u>Samayoa by Samayoa v. Chicago Bd. Of Educ.</u>, 783 F.2d 102, 104 (7th Cir. 1986); <u>Cuomo v. Barr</u>, 7 F.3d 17, 19 (2d Cir. 1993); <u>United States v. Washington</u>, No. C70-9213RSM, 2013 WL 6328825, *8 (W.D. Wash. Dec. 5, 2013). <u>See</u> <u>also</u> Joint Status Report at 3, ECF No. 205.

This Court is not persuaded by California's claim that the stay will be so "indefinite" that it will threaten the State's "ability to defend itself and test the United States' allegations." <u>See</u> Opp'n at 4. California has not given any reason why the United States' inability to provide a specific end date for its appeal will necessarily result in the type of delay seen in <u>Dependable Highway Express, Inc. v. Navigators</u>

4

Ins. Co., 498 F. 3d 1059 (9th Cir. 2007). There, the stay continued for two years while litigants awaited the results of an overseas arbitration. Id. at 1067. Indeed, as the United States notes, there is "good reason to believe that the Ninth Circuit appeal process would be brief," because the Ninth Circuit rules require preliminary-injunction appeals to "receive hearing or submission priority." Reply at 2. See also Ninth Circuit Rule 34-3.

Finally, the Court is also not persuaded by California's claim that putting discovery on hold "prevents [the state] from presenting a defense." Opp'n at 4. This argument is rooted in the Court's comment that "a more complete evidentiary record could impact the Court's analysis." Id. See also PIO at 29-30. The Court explained that "[n]either party provided the Court with much information on how the verification system currently works in practice and how the new law does or does not change those practices." Id. But clarifying the law is just as essential to this analysis as developing the facts. And California fails to explain how issuing a brief stay to resolve the legal issues would render any of its needed evidence stale.

### 3. Granting a Stay Promotes the "Orderly Course of Justice"

Finally, denying a stay not only threatens hardship to the United States, it threatens the "orderly course of justice." See CMAX, Inc., 300 F.2d at 268. As the United States contends, the Ninth Circuit "could definitively resolve some of the legal issues in this case." Mot. at 2. This Court, in dismissing some of the United States' claims, found that several of the

5

challenged statutory provisions were constitutional as a matter of law. See MDO at 3-6. The Ninth Circuit is now in a position to determine whether that decision was correct. The remaining challenges will similarly rise or fall on this determination. The "orderly course of justice" is not served by continuing down the path of litigation without knowing whether the case is on the right track.

The Court disagrees with California's framing of this factor. See Opp'n at 7-8. Awaiting a Supreme Court decision that will neatly dispose of an entire case—as this Court did in Sims v. AT&T Mobility Servs. LLC, No. 2:12-cv-02702-JAM-AC, 2013 WL 753496 (E.D. Cal. Feb. 27, 2013)—is certainly one way to promote the orderly course of justice. But it is not the only way. Similarly, the fact that Plaintiff's appeal involves different statutory provisions is not determinative. Contra Opp'n at 8. The question is whether there is sufficient overlap between the proceedings that waiting for one to be resolved would work to simplify issues in the other or preserve judicial resources. CMAX, Inc., 300 F.2d at 268. Cf. McMenemy v. Colonial First Lending Grp., Inc., No. 2:14-cv-001482 JAM A, 2015 WL 1137344, at *2 (E.D. Cal. Mar. 12, 2015) (finding "no reason for just delay" of plaintiff's appeal because proceeding to trial would have risked duplicitous proceedings).

Here, there is sufficient overlap and a stay will avoid possible inconsistent decisions. As Plaintiff points out, "without a stay there is a substantial risk of duplication of proceedings and waste of judicial resources [if] the Court makes determinations on a narrow portion of law before knowing whether

6

the other provisions of that and other laws will also be before it." Mot. At 2.  Therefore, a stay is warranted to preserve judicial efficiency.

### III.  ORDER

For the reasons set forth above, the Court GRANTS Plaintiff's Motion to Stay.  The parties shall file a joint status statement no later than ten days after the appeal to the Ninth Circuit becomes final. The statement shall include specific proposals as to how the parties wish to proceed with the case at bar in light of the Ninth Circuit's order.

IT IS SO ORDERED.

Dated: October 18, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE