ETHAN P. DAVIS
Acting Assistant Attorney General
MCGREGOR SCOTT
United States Attorney
AUGUST FLENTJE
Special Counsel
WILLIAM C. PEACHEY
Director
EREZ REUVENI
Assistant Director
DAVID SHELLEDY
Civil Chief, Assistant United States Attorney
LAUREN C. BINGHAM
Senior Litigation Counsel
FRANCESCA GENOVA
JOSHUA S. PRESS
Trial Attorneys
    United States Department of Justice
    Civil Division
    P.O. Box 868, Ben Franklin Station
    Washington, DC 20044
    Telephone: (202) 305-0106
    Facsimile: (202) 305-7000
    e-Mail: joshua.press@usdoj.gov

*Attorneys for the United States of America*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>THE STATE OF CALIFORNIA; EDMUND GERALD BROWN JR., Governor of California, in his Official Capacity; and XAVIER BECERRA, Attorney General of California, in his Official Capacity,<br><br>    Defendants. | Case No. 2:18-cv-490-JAM-KJN<br><br>**PLAINTIFF'S BRIEF PURSUANT TO THE COURT'S JUNE 23, 2020 ORDER** |

On March 6, 2018, the United States filed suit against the State of California and sought a preliminary injunction of three statutes: SB 54 (Cal. Gov't Code § 7284.6), AB 103 (Cal. Gov't Code § 12532), and AB 450 (Cal. Gov't Code § 7285.2 & Cal. Labor Code §§ 90.2 & 1019.2). Compl., ECF 1; Mot. for PI, ECF 2. SB 54 restricts localities from providing information voluntarily to the federal government. AB 103 requires the California Attorney General to inspect local and private facilities that contract with U.S. Immigration and Customs Enforcement (ICE) to determine the "conditions of confinement," the "standard of care" and the "due process provided" to detainees, and the "circumstances around their apprehension and transfer" to the facility. Cal. Gov't Code § 12532. AB 450 prohibits employers from providing "voluntary consent" to an immigration enforcement agent to enter nonpublic areas of a place of labor or inspect certain documents, requires employers to notify employees of an immigration inspection 72 hours beforehand, and prohibits employers from re-verifying employees' employment status, subjecting those who violate the laws to civil penalties. Cal. Gov't Code § 7285.2; Cal. Labor Code §§ 90.2, 1019.2. The United States contends that these laws violate the Supremacy Clause and the doctrine of intergovernmental immunity because they attempt to regulate the federal government and place burdens on the federal government; however, it no longer challenges SB 54. *See* Compl. California moved to dismiss the Complaint. *See* ECF 77.

This Court denied an injunction for SB 54, AB 103, and the notice provision of AB 450, while enjoining AB 450's other provisions. In relevant part here, it held that a *de minimis* exception applied to the doctrine of intergovernmental immunity, so the United States' challenge to AB 103 and AB 450 fails. ECF 193. It then, based on those holdings, granted California's motion to dismiss without leave to amend for all but the AB 450 notice challenge. ECF 197. The United States appealed, and the Ninth Circuit upheld this Court's ruling except for the provision of AB 103 requiring investigation into the circumstances of apprehension. In ruling on AB 103, the Ninth Circuit held that there is no "de minimis exception to the doctrine of intergovernmental immunity," that "*[a]ny* economic burden that is discriminatorily imposed on the federal government is unlawful," and that therefore "[i]n relying on a de minimis exception, the district court applied incorrect law and therefore abused its discretion." *United States v. California*, 921 F.3d 865, 883-84 (9th Cir. 2019) (emphasis in original).

The Ninth Circuit's holding that no *de minimis* exception to intergovernmental immunity applies calls for this Court to reopen and reconsider this Court's other holdings dismissing AB 103

and AB 450's notice provision.

*First,* the Ninth Circuit's reasoning on intergovernmental immunity applies equally to the rest of AB 103, Government Code § 12532(b)(1)(A)-(B). While the Ninth Circuit upheld this Court's decision not to enjoin AB 103's other provisions, that was because it accepted at the preliminary-injunction stage a concession made by the California Attorney General that the California's "Attorney General's interpretation of 'due process' is ... limited ... , and thus does not compel any additional inspection requirements beyond those applied to other state facilities." *Id.* at 884. The Ninth Circuit specifically concluded that Cal. Gov't Code § 12532(b)(1)(B), which requires "review of the standard of care and due process provided" immigration detainees, would only be legal under the intergovernmental immunity doctrine if it "duplicate[s] preexisting inspection demands imposed on state and local detention facilities." *California*, 921 F.3d at 884. Defendants have not made that concession in this Court, and even if they did, how the Attorney General in fact applies that term is a question of fact not susceptible to adjudication on a motion to dismiss.

*Second*, this same reasoning from the Ninth Circuit requires reopening the dismissal of AB 450's notice provision, that is, "intergovernmental immunity … attache[s] where a state's discrimination negatively affect[s] federal activities in some way" but "is not implicated when a state merely references or even singles out federal activities in an otherwise innocuous enactment." *Id.* at 881. In other words, just because AB 450's notice provision may not facially discriminate against the federal government enough to justify preliminary injunctive relief, the United States believes that its discriminatory *impact* creates sufficient burden to violate the intergovernmental immunity doctrine. In any event, factual development is needed to determine if this notice provision burdens the federal government under the Ninth Circuit's standard.

In the alternative, this Court should allow the United States to amend its Complaint on these claims to lay out the burden imposed by these provisions given the new legal principles set out by the Ninth Circuit.

**A.  Background and Procedural History**

On March 6, 2018, the United States filed a Complaint arguing that the State of California's statutory provisions limiting localities' sharing of information with the federal government, SB 54;

creating a novel inspection and review scheme for state and private facilities that contract with U.S. Immigration and Customs Enforcement, AB 103; and placing limitations on businesses' ability to voluntarily cooperate with the federal government and requiring them to provide a notice to each employee of any immigration-agency inspection within 72 hours after receiving notice of that inspection, AB 450; violated the Supremacy Clause and the doctrine of intergovernmental immunity. Compl., ECF 1; Mot. for PI, ECF 2.

As relevant here, AB 103, California Government Code § 12532(b)(1)(A)-(B), requires the California Attorney General to review the "conditions of confinement" and the "standard of care" of federal immigration detainees, as well as the "due process provided to" them. It also requires the California Attorney General to review "the circumstances around [aliens'] apprehension and transfer to the facility." Cal. Gov't Code § 12532. And it requires the Attorney General to submit a "report" on his findings. *Id.*

AB 450, titled the "Immigrant Worker Protection Act," prohibits employers from consenting to immigration agents "enter[ing] any nonpublic areas of a place of labor," or "access, review, or obtain … employee records" unless "the immigration enforcement agent provides a judicial warrant," Cal. Gov't Code § 7285.1(a), (e). It also limited employers' ability to "reverify the employment eligibility of a current employee at a time or in a manner not required by" the Immigration Reform and Control Act (IRCA). Cal. Lab. Code § 1019.2(a). It further revised California Labor Code § 90.2 to require employers to "provide a notice to each current employee, by posting in the language the employer normally uses to communicate employment-related information to the employee, of any inspections of I-9 Employment Eligibility Verification forms or other employment records conducted by an immigration agency within 72 hours of receiving notice of the inspection." *Id.* § 90.2(a)(1). If an employer receives "the written immigration agency notice that provides the results of the inspection," then he must provide a copy to each "employee identified by the immigration agency inspection results to be an employee who may lack work authorization" and each "employee whose work authorization documents have been identified by the immigration agency inspection to have deficiencies." *Id.* § 90.2(b)(1)-(2).

The United States moved for a preliminary injunction against SB 54, AB 103, and AB 450

under the Supremacy Clause, arguing that those provisions were obstacle-preempted and violated the doctrine of intergovernmental immunity. ECF 2. In relevant part, the United States argued that AB 103's review scheme violated the intergovernmental immunity doctrine because it singled out federal-government contractors for a separate review scheme. *See* ECF 2 at 11-23. Similarly, the United States argued that AB 450's restrictions on employer consent and reverification and its notice requirement were obstacle-preempted and also violated the intergovernmental immunity doctrine by imposing penalties on those who cooperate with federal law enforcement. *See id.* This Court denied the United States' motion for preliminary injunction with respect to all of its claims concerning for SB 54, AB 103, as well as AB 450's notice provision. ECF 193. But this Court enjoined two other provisions of AB 450, namely its restriction on employers' ability to voluntarily consent to immigration inspections and employee-reverification provision. ECF 193. This was because these provisions imposed monetary penalties on persons who voluntarily consented to cooperating with the federal government.

Subsequently, this Court granted California's motion to dismiss all claims but those enjoined by this Court's injunction order, without leave to amend, issuing an order consistent with its conclusions as to the preliminary injunction. ECF 197. This Court therefore dismissed the United States' challenge to the entirety of AB 103, determining that the "minimal burden the reviews place on the facilities does not violate the intergovernmental immunity doctrine." 2018 WL 3361055, at *1. It also dismissed the United States' challenge to AB 450's notice provision because it viewed "[t]he law do[ing] no more than extend[ing] the notice afforded employers—the primary targets of IRCA enforcement actions—to employees" and did not, on its face, affect how employers would choose "to 'deal with' immigration enforcement." *Id.*

The United States appealed, and the Ninth Circuit upheld the injunction as to SB 54, AB 450, and the "due process," "conditions of confinement," and "standard of care" provisions of AB 103. *United States v. California*, 921 F.3d 865 (9th Cir. 2019). The Ninth Circuit rejected this Court's legal analysis of AB 103, holding that "the district court applied incorrect law" in "relying on a de minimis exception" because "*[a]ny* economic burden that is discriminatorily imposed on the federal government is unlawful." *Id.* at 884. It thus reversed this Court's ruling on AB 103's review of the circumstances of aliens' apprehension and transfer. *Id.* However, it upheld the injunction of AB 103's

other provisions. Importantly, it did so because California averred before that Court in the preliminary-injunction posture that the review schemes were duplicative of those that apply to local facilities. 921 F.3d at 884-85. At the Ninth Circuit, California "maintained that its Attorney General's interpretation of 'due process' is indeed as limited as its brief suggests, and thus does not compel any additional inspection requirements beyond those applied to other state facilities." *Id.* at 884. The Ninth Circuit "accept[ed] California's limited construction" "[i]n the context of this appeal" but "note[d], however, that a broader reading" may include review of items "well outside the purview of a state attorney general, and not duplicative of the inspection requirements otherwise imposed on California's state and local detention facilities." *Id.* at 884-85. The Ninth Circuit also upheld the denial of a preliminary injunction because "California maintains that all of AB 103's requirements duplicate preexisting inspection demands imposed on state and local detention facilities." *Id.* at 884. Because that appeal centered only on the preliminary injunction, and this Court did not certify the motion to dismiss for interlocutory appeal, the Ninth Circuit's ruling did not directly impact this Court's order dismissing most of the United States' claims.

The Ninth Circuit affirmed this Court's denial of a preliminary injunction on AB 450's notice provision. Its analysis relied upon the distinction between the "federal government [being] incidentally *targeted* by AB 450" as opposed to whether the United States is "incidentally *burdened*." 921 F.3d at 880. This Court's dismissal was affirmed because of the difference between a facial reference to the federal government, which it held to be nondiscriminatory, whereas that may not be so for discrimination against the federal government *in fact*: "[W]hile the latter scenario might implicate intergovernmental immunity, the former does not." *Id.* As the Ninth Circuit explained in distinguishing between the intergovernmental immunity doctrine and obstacle preemption: "intergovernmental immunity attaches only to state laws that discriminate against the federal government and burden it in some way." *Id.* In other words, the Ninth Circuit's affirmance hinged on its ruling that the doctrine "is not implicated when a state merely references or even singles out federal activities in an otherwise innocuous enactment." *Id.* at 881.

The Ninth Circuit thus reversed this Court's denial of the United States' motion for preliminary injunction of California Government Code § 12532(b)(1)(C) because it "both

discriminates against and impermissibly burdens the federal government" and remanded "for further proceedings consistent with this opinion." 921 F.3d at 895. The United States sought certiorari, and the Supreme Court denied it over the dissent of two justices. – S. Ct. – , 2020 WL 3146844 (mem.) (June 15, 2020).

**B. Argument**

Because the Ninth Circuit's preliminary-injunction ruling on the intergovernmental immunity doctrine has called into question this Court's *de minimis* rulings, this Court should revisit its prior holdings on both AB 103 and AB 450 because the Court relied on this principle in dismissing those claims. First, the United States sufficiently alleged in its Complaint that AB 103 impermissibly imposes burdens on the federal government, and that is a question of fact entitled to discovery. Second, the United States sufficiently alleged that AB 450's notice provision impermissibly burdens the federal government in its operation, and this is equally a question of fact that the United States is entitled to a chance to prove by taking discovery.

    *a. Government Code § 12532(b)(1)(A)-(B)*

The Ninth Circuit's rejection of this Court's determination that a *de minimis* burden to the intergovernmental immunity doctrine exists requires concluding that this Court's ruling dismissing the United States' challenges to Government Code § 12532(b)(1)(A)-(B) was incorrect. As explained above, the Ninth Circuit's affirmance of this Court's refusal to enjoin those provisions was not based on this Court's *de minimis* ruling. Instead, it was based on California's concession limiting the scope of California Government Code § 12532(b) that its "interpretation of 'due process' is indeed as limited as its brief suggests, and thus does not compel any additional inspection requirements beyond those applied to other state facilities." 932 F.3d at 884-85. The Ninth Circuit "accept[ed] California's limited construction" "[i]n the context of this appeal" but "note[d], however, that a broader reading" may violate the intergovernmental immunity doctrine. *Id.* at 884-85. The Ninth Circuit also upheld the denial of a preliminary injunction based on California's assertions that "all of AB 103's requirements duplicate preexisting inspection demands imposed on state and local detention facilities." *Id.* at 884. But the United States alleged in its Complaint that these provisions do not "subject facilities housing civil immigration detainees to the inspection scheme deemed sufficient for other detention facilities,"

but rather "impose[] a new set of requirements specific to facilities housing immigration detainees." Compl. ¶ 38. Those allegations must be "accepted as true" at the motion-to-dismiss stage, and reliance on evidence or admissions provided on appeal at the preliminary-injunction stage would be improper in ruling on a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, because the Ninth Circuit held that any broader reading of the statute than California's concession may run afoul of the intergovernmental-immunity doctrine, if this Court were to reconsider the Complaint anew applying those principles, it would not dismiss the United States' challenge on the basis of a *de minimis* exception. Instead, this Court would need to accept the United States' factual allegations as true—that the statutory scheme places a distinct burden on facilities contracting with the federal government. Alternatively, if California's concession on appeal is made before this Court, the United States should be able to amend the Complaint in light of the Ninth Circuit's holdings.

Thus, because the United States' assertions in the Complaint, accepted as true, would state a claim upon which relief may be granted, this Court should reconsider its dismissal of the United States' challenge to AB 103. Factual issues remain as to whether the AB 103 review scheme is indeed duplicative of other review schemes and whether the Attorney General has in fact interpreted "due process" in conformity with those other schemes. There is nothing on the face of AB 103's "conditions of confinement," "due process," or "standard of care" provisions that tethers them to the review scheme that applies to localities' criminal detainees. Cal. Gov't Code § 12532. And that statute states that the review includes, but is not "limited to," those areas. *Id.* Moreover, there is a factual issue as to whether this review scheme is done to cooperating localities *in addition* to the review that applies to them as a criminal detention facility, as any additional review burden would violate the intergovernmental-immunity doctrine. In fact, because AB 103 was not enjoined, California has already engaged in review under those provisions and released reports on them. *See, e.g.*, *Attorney General Becerra Releases First Report on Immigration Detention Facilities in California*, CAL. DEP'T OF JUSTICE (Feb. 16, 2019), https://oag.ca.gov/news/press-releases/attorney-general-becerra-releases-first-report-immigration-detention-facilities. Discovery into those reviews, their content, and whether they require multiple reviews above and beyond what is normally required for those facilities, is necessary to determine whether they impose "*[a]ny* economic burden discriminatorily" on the federal government

in violation of the intergovernmental immunity doctrine. *Id.* at 883-84. Because the United States alleges that they do, because California has not made any concessions in this Court about the AB 103 review scheme like it did on appeal, and because California's assertions that the scheme is duplicative are not questions of law but rather questions of fact, this Court should reconsider its dismissal of AB 103 in full.

    b. *California Labor Code § 90.2*

The Ninth Circuit's decision also requires reconsidering this Court's conclusions concerning California Labor Code ¶ 90.2.

As discussed above, this Court dismissed the United States' challenge to AB 450's notice provision because it viewed "[t]he law [as] do[ing] no more than extend[ing] the notice afforded employers—the primary targets of IRCA enforcement actions—to employees" and facially did not affect how employers would choose "to 'deal with' immigration enforcement." 2018 WL 3361055, at *1. But the United States should be allowed to prove the notice provision's real-world impact on employers' cooperation with federal immigration authorities as compared to other law-enforcement entities. This is especially so where the United States' theory of intergovernmental discrimination is contingent upon better treatment being provided to other (non-federal immigration) law enforcement agencies. *See* Compl. ¶ 33 (alleging that "California … does not … compel employers to provide notice to their employees of other efforts to collect information"). Simply put, the United States has alleged that AB 450's notice provision adversely impacts federal immigration enforcement by singling them out and will operate to make such enforcement more difficult than for other law-enforcement agencies. *Cf. Atonio v. Wards Cove Packing Co., Inc.*, 810 F.2d 1477, 1480 (9th Cir. 1987) (en banc) ("[I]mpact analysis is designed to implement [a] concern with 'the *consequences* of [discriminatory] practices, not simply the motivation.'" (quoting *Griggs v. Duke Power Co.*, 401 U.S. 424, 432 (1971) (emphasis in original)).

This is borne out by the Ninth Circuit's decision regarding the notice provision. Although the Ninth Circuit affirmed this Court's denial of a preliminary injunction, its analysis relied upon the distinction between the "federal government [being] incidentally *targeted* by AB 450" as opposed to whether the United States is "incidentally *burdened*." 921 F.3d at 880. The Ninth Circuit affirmed this

Court because of this difference: "[W]hile the latter scenario might implicate intergovernmental immunity, the former does not." *Id.* The Ninth Circuit explained in distinguishing between the intergovernmental immunity doctrine and obstacle preemption: "intergovernmental immunity attaches only to state laws that discriminate against the federal government and burden it in some way." *Id.* With this standard now clarified by the Ninth Circuit, the United States should be allowed to pursue discovery to satisfy both necessary elements—discrimination *and* burden as caused by AB 450's notice provision.

In this case, United States has consistently maintained that AB 450's notice provision does not merely facially treat federal immigration agencies worse than other law enforcement entities. *See, e.g.*, Compl. ¶ 35 (alleging that the notice provision has "the purpose and effect of interfering with the enforcement of the INA and IRCA's prohibition on working without authorization" and "as applied to private employers, violate the Supremacy Clause by … discriminating against federal immigration enforcement"); *cf. Bostock v. Clayton Cty.*, 140 S. Ct. 1731, 1740 (2020) ("To 'discriminate against' a person … would seem to mean treating that individual worse than others who are similarly situated."). Again, because the United States' assertions in its Complaint must be accepted as true at this stage of litigation, *Iqbal*, 556 U.S. at 678, it has stated a claim upon which relief may be granted given that the United States cannot prove discriminatory impact on federal law-enforcement efforts without discovery into the notice provision's actual impact. This Court should therefore reconsider its dismissal of the United States' challenge to AB 450's notice provision. And just like discovery into AB 103's review scheme is warranted, so too is discovery into whether the operation of California Labor Code § 90.2 burdens federal immigration enforcement so as to violate the Ninth Circuit's articulation of the intergovernmental immunity doctrine. 921 F.3d at 880. Because the United States alleges that it does, and because this is a question of fact, this Court should reconsider its dismissal of AB 450's notice provision.

   *c. Dismissal Without Leave to Amend*

Even assuming the court believes its conclusions in its two orders remain correct notwithstanding the Ninth Circuit's decision reversing the preliminary injunction order in part, the United States respectfully submits that it should be granted the opportunity to amend the Complaint

with respect to its claims concerning AB 103 and AB 450 in light of the Ninth Circuit's decision clarifying the law governing intergovernmental immunity on which this Court's prior decisions rely.

As noted, this Court dismissed the aforementioned claims in this case without leave to amend, holding that amendment would be "futile" given its legal holdings because "new allegations will not cure the deficiencies in Plaintiff's Complaint." ECF 97 at 6. However, as described above, the Ninth Circuit's ruling makes clear that a Complaint that alleges *any* "additional economic burden exclusively on the federal government" would survive a motion to dismiss. 921 F.3d at 884. And a complaint that alleges such incremental burdens must be taken as true on a motion to dismiss. *Iqbal*, 556 U.S. at 678. Accordingly, the Court's prior conclusion that amendment would be futile is no longer correct, and so, to the extent that this Court determines that the Complaint still may not state with particularity the factual allegations in that Complaint, it should grant the United States leave to amend given the clarified legal standards that apply in this case. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *see, e.g.*, *Equal Employment Opportunity Comm'n v. Glob. Horizons, Inc.*, No. 2:11-CV-3045-RMP, 2020 WL 1318792, at *12 (E.D. Wash. Mar. 20, 2020) (noting that the Ninth Circuit required court to allow government to amend complaint after remand of dismissal order); *Coles v. Eagle*, No. CIV. 09-00167 LEK, 2014 WL 2214046, at *2 (D. Haw. May 27, 2014) (noting amendment after Ninth Circuit remand of summary-judgment order "for further proceedings consistent with its opinion").

DATED: August 4, 2020

Respectfully Submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

MCGREGOR SCOTT
United States Attorney

AUGUST FLENTJE
Special Counsel

WILLIAM C. PEACHEY
Director

EREZ REUVENI
Assistant Director

DAVID SHELLEDY
Civil Chief, Assistant United States Attorney

LAUREN C. BINGHAM
Senior Litigation Counsel

*/s/ Francesca Genova*
FRANCESCA GENOVA
Trial Attorney

*/s/ Joshua S. Press*
JOSHUA S. PRESS
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 305-0106
e-Mail: joshua.press@usdoj.gov

*Attorneys for the United States of America*

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 4, 2020, I electronically transmitted the foregoing document to the Clerk's Office using the U.S. District Court for the Eastern District of California's Electronic Document Filing System (ECF), which will serve a copy of this document upon all attorneys of record.