# DECLARATION OF JAMES SPERO

# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF CALIFORNIA

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**STATE OF CALIFORNIA, et al.,**

Defendants.

Case No. 2:18–CV–00490-JAM-KJN

**DECLARATION OF JAMES SPERO IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISSOLVE**

Judge: Hon. John A. Mendez

1. I, James Spero, hereby declare that the following statements are true and correct to the best of my knowledge, information, and belief:

2. I am an Acting Assistant Director, Homeland Security Investigations (HSI), U.S. Immigration and Customs Enforcement (ICE), Department of Homeland Security, a position I have held since January 2020. I began my law enforcement career as a Special Agent with the Immigration and Naturalization Service in 1993.[1] I have been a Group Supervisor, a Deputy Assistant Director and a Special Agent in Charge with ICE and/or HSI. In my current position, I oversee the HSI worksite enforcement unit.

3. The statements contained in this declaration are based upon my personal knowledge or upon information provided to me in my official capacity.

4. I am familiar with California Assembly Bill No. 450 (AB 450), which became effective on

---

[1] The INS was abolished by the Homeland Security Act of 2002, and ICE was created to perform many of its former enforcement functions, along with the investigative functions of the former U.S. Customs Service. *See* 6 U.S.C. § 252(c); *see also* Reorganization Plan Modification for the Department of Homeland Security, H.R. Doc. No. 108-32, at 3-4 (2003) (set forth as a note to 6 U.S.C.A. § 542 (West 2018)).

January 1, 2018. I understand that, as enacted, AB 450 prohibits public and private employers from providing voluntary consent for ICE to enter any nonpublic area of a place of work without a judicial warrant except where otherwise provided by federal law or to access records other than Employment Eligibility Verification Form I-9 (Form I-9) documents. AB 450 also imposes requirements on employers to notify employees of information pertaining to a notice of inspection. AB 450 also limited the ability of employers to "reverify" the employment eligibility of any current employee. I understand that, on September 27, 2019, California amended Section 1019.2 of the California Labor Code to better align the reverification provision of AB 450 with the federal immigration laws. Specifically, California claims AB 450 no longer alters employer obligations under the Immigration Reform and Control Act to verify or reverify employee work authorization, and as stated in Defendants' Motion to Dissolve Preliminary Injunction, "that state law does not protect employers who fail to reverify an employee's work authorization under the circumstances prescribed by Congress in IRCA." Def. Motion to Dissolve Preliminary Injunction of Labor Code Section 1019.2 at 1, *United States v. California*, No. 18-cv-00490-JAM-KJN (E.D. Cal. Aug. 25, 2020), ECF. No. 233.

5. Section 274A(b) of the INA, 8 U.S.C. § 1324a(b), requires employers to verify the identity and employment eligibility of all individuals hired in the United States after November 6, 1986. An implementing regulation, 8 C.F.R. § 274a.2, designates the Form I-9 as the primary means of documenting this verification. Employers are required by law to maintain for inspection original Forms I-9 for all current employees. In the case of former employees, retention of Forms I-9 is required for a period of at least three years from the date of hire or for one year after the employee is no longer employed, whichever is longer.

6. ICE's worksite enforcement efforts are not only related to unlawful employment and document fraud.  Employment violations are often linked to numerous other areas of criminal activity including those that could pose a risk to the public safety of American communities.  Unlawful employment can increase the risk to, and vulnerabilities of worksites critical to infrastructure such as chemical facilities, communications, certain types of manufacturing, dams, emergency services, government facilities, information technology, nuclear reactors and materials and waste and transportation systems.  As such, HSI focuses our criminal investigations on the most egregious violators and concentrates its worksite enforcement efforts on employers conducting business in these critical infrastructure and national security interest industries and sectors   Further, HSI prioritizes employers who abuse and exploit their workers, aid in the smuggling or trafficking of their alien workforce into the United States, create false identity documents or facilitate document fraud, or create an entire business model using an unauthorized workforce.  HSI also investigates employers who use force, threats, or coercion – such as threatening to have employees deported – to keep unauthorized alien workers from reporting substandard wages or unsafe working conditions.

7. The Form I-9 inspection process is an essential component of HSI's overall worksite enforcement efforts.  The Notice of Inspection initiates the Form I-9 administrative inspection process.  Employers are provided with at least three business days to produce the Forms I-9.  ICE conducted over 6,200 I-9 inspections in FY 2019 across the country, including approximately 812 in California.  If conditions are appropriate, any one of those Notices of Inspection could lead to a worksite inspection with the consent of the employer, and  employers may be willing to provide consent to non-public areas of the business to

alleviate and address concerns that arise during the inspection process. AB 450 may directly interfere with this cooperative process.

8. While service of the Notice of Inspection may not be impacted, the law may create confusion on behalf of an employer when HSI agents or auditors return to the place of business to retrieve the Forms I-9 and other supporting documentation. This documentation may be located in a non-public area of a business. An employer will be in violation of AB 450 if he or she permits HSI agents to enter into the private areas of the business to retrieve these documents. Preventing HSI special agents or auditors from entering a non-public area to have discussions with employers may have negative consequences. The ability to communicate freely in private benefits both ICE and the employer, including when the PII of employees or other sensitive information is being discussed. Even employers complying with all laws and regulations related to the Forms I-9 may not want the public, including their customers, clients, or employees, to see special agents or auditors reviewing their records.

9. During a Form I-9 audit, HSI often has cause to serve additional notices upon an employer, to include a Notice of Technical/Procedural Failures, Notice of Discrepancies, Notice of Suspect Documents (NOSD), Warning Notices and Notices of Intent to Fine. Service of these documents usually occurs in person at the place of business, in an office or private area to allow the employer some discretion and to permit HSI to answer any questions that the employer may have. AB 450 would prohibit HSI from entering these private areas for the service of these additional documents. HSI agents and auditors routinely conduct in-depth interviews with business owners, managers and human resource personnel in connection with a Form I-9 audit either during service of the Notice of Inspection or during a follow-up

4

interview at a previously arranged time. These interviews often involve sensitive discussions regarding employees and hiring practices. AB 450 would prohibit an employer from admitting HSI agents or auditors into non-public areas of a business to conduct this interview in a private setting. This prohibition could impede HSI from obtaining valuable evidence (i.e., statements from business owners, employees and/or human resource managers) to be used in the prosecution of an employer found to be committing egregious employment violations. This prohibition may also prevent HSI from obtaining sufficient information to determine the existence of aggravating or mitigating factors used in the process of determining any civil monetary sanctions contemplated against an employer in connection with a Form I-9 audit, as an employer may be hesitant to cooperate with HSI agents for fear of being prosecuted under AB 450.

10. AB 450 requires an employer to provide a notice to each current employee, by posting in the language the employer normally uses to communicate employment-related information to the employee, of any inspections of I-9 Employment Eligibility Verification forms or other employment records conducted by an immigration agency within 72 hours of receiving notice of the inspection. The posted notice must include: the name of the agency conducting the inspection, the date the employer received the Notice of Inspection, the nature of the inspection to the extent known, and a posting of a copy of the Notice of Inspection. While in some cases, employees resign their position after the service of a NOSD, AB 450's notice provision could accelerate these resignations by notifying employees earlier in the process of a worksite enforcement investigation. For example, on July 18, 2019, ICE served a Notice of Inspection upon a place of business located in El Cajon, CA. The employer, in compliance with AB 450, communicated the issuance of the Notice of Inspection with its

5

employees. As a result, the employer reported that 21 employees, constituting 19 percent of its workforce, resigned over the three-day period following the issuance of the Notice of Inspection. A subsequent phone conversation with the employer's counsel indicated that immediately following the notification of the Notice of Inspection, all 21 of the employees that resigned did so voluntarily without any encouragement from the employer. Providing employees advanced notification of a pending worksite audit could allow dangerous criminals an opportunity to abscond.

11. AB 450 also has the potential to impact the safety of HSI personnel. The Notice of Inspection as well as other documents provided to the employer, contains the names of sworn HSI law enforcement personnel as well as civilian employees. The potential exists for these documents to be observed by a variety of outside contractors, vendors, etc., that may have access to the businesses premises as part of daily operations. Additionally, posting Notices of Inspection in public areas could have negative business impacts for California employers. If not for the provisions of AB 450, the names of HSI personnel would not normally be known or made visible to the public. The posting of HSI personnel names and contact information creates the potential for widespread dissemination that could lead to the doxing of HSI law enforcement officers and civilian employees.

12. While California amended Section 1019.2 of the California Labor Code to better align the reverification provision of AB 450 with the federal immigration laws, the amended version still conflicts with federal law. First, AB 450 requires that an employer have actual or constructive knowledge before conducting an internal Form I-9 reverification. Under federal law, an employer is permitted to conduct an internal Form I-9 audit based on neutral and non-discriminatory criteria. There is no requirement that an audit be based on actual or

constructive knowledge that an employee is, or has become, unauthorized to be employed in the United States, as stated in Section 1019.2 of the California Labor Code. The actual or constructive knowledge requirement frustrates the purpose of IRCA as employers are encouraged to periodically reverify their workforces to remain in compliance with federal law. Second, AB 450's amended provisions place employers in an untenable situation as they must choose between complying with California law – which requires knowledge – or exercising due diligence to remain in compliance with federal law.

13. AB 450 could also cause the workforce, authorized and unauthorized, undue panic and adversely affect HSI's worksite enforcement investigations. Employees who ICE would identify for potential interview may now think when ICE comes to interview them that they are going to be arrested. This potential new process under AB 450 could lead to widespread media attention and/or possible civil unrest.

14. AB 450's prohibition on ICE entering non-public areas and its notice provision could have a negative effect on ICE beyond worksite enforcement and has the potential to compromise national security operations, investigations into other violations of federal law, and the safety of workers and the public at large.

I declare, under penalty of perjury under 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed in Washington, D.C. on this  22  day of   September  , 2020.

_____
James Spero
Acting Assistant Director
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security